Jack Baughman, Esq. (*pro hac vice* forthcoming)
jbaughman@bkbfirm.com
Nathaniel Marmon, Esq. (*pro hac vice* forthcoming)
nmarmon@bkbfirm.com
BAUGHMAN KROUP BOSSE PLLC
One Liberty Plaza, 4th Floor
New York, NY 10006
Telephone: 212-548-3212

Alexander E. Potente (State Bar No. 208240)
alex.potente@clydeco.com
John-Mark Brenda (State Bar No. 365612)
john-mark.brenda@clydeco.com
CLYDE & CO US LLP
150 California Street, 15th Floor
San Francisco, California 94111
Telephone: 415-365-9800
Facsimile: 415-365-9801

Attorneys for Plaintiff
ACE PROPERTY & CASUALTY INSURANCE COMPANY

CLYDE & CO US LLP
150 California Street, 15th Floor
San Francisco, California 94111
Telephone: (415) 365-9800

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ACE PROPERTY & CASUALTY INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>eBAY, INC., DEVIN WENIG, STEVE WYMER, and WENDY JONES,<br><br>Defendants. | CASE NO.<br><br>**COMPLAINT FOR DECLARATORY JUDGMENT** |

COMES NOW Plaintiff ACE Property & Casualty Insurance Company ("ACE"), by and through its counsel, Baughman Kroup Bosse and Clyde & Co, by way of this complaint for declaratory judgment against defendants, eBay, Inc. ("eBay"), Devin Wenig ("Wenig"), Steve Wymer ("Wymer"), and Wendy Jones ("Jones") (collectively, the "Defendants"), and alleges[1] as follows:

## INTRODUCTION

1. In 2019, eBay employees harassed and intimidated Ina and David Steiner. Among other things, they bombarded the Steiners with vulgar, threatening messages, delivered menacing items such as live spiders, a bloody pig mask, and a funeral wreath to the Steiners' home, and physically stalked the Steiners for two weeks. The Steiners sued, and the parties settled the Steiners' lawsuit in June 2026. eBay seeks excess insurance coverage from ACE for the settlement. But because eBay and its senior executives intended to harm the Steiners, ACE seeks a declaration that its policy does not cover the Defendants' settlement payments.

2. Ina and David Steiner ran an online trade publication that posted negative content about eBay and its management team. Senior eBay executives—including the former CEO and CCO—believed that the Steiners posed an existential threat to the company. After concluding that eBay's legal and communications teams could not handle the Steiner problem, eBay executives asked the company's security chief, Jim Baugh, to deal with the Steiners "off the radar." Among other things, they told Baugh that Ina Steiner needed to be "BURNED DOWN" and that eBay would "embrace managing any bad fall out." Mr. Baugh—a former CIA operative—implemented those instructions by conducting a clandestine campaign to intimidate the Steiners.

3. In ordering Mr. Baugh—rather than eBay's legal or communications teams—to deal with the Steiner problem, eBay and its senior executives expected and intended for eBay's agents and employees to use wrongful means to harm the Steiners. And that is precisely what happened. Seven members of eBay's security team harassed the Steiners over the course of two weeks in August 2019. All seven eventually pled guilty to federal crimes related to the harassment. eBay

[1] The allegations in this complaint are based on ACE's personal knowledge as to itself and the relevant insurance policies and, as to all other matters, on information and belief based on the investigation of counsel, including review of publicly available information and court filings.

CLYDE & CO US LLP
150 California Street, 15th Floor
San Francisco, California 94111
Telephone: (415) 365-9800

CLYDE & CO US LLP
150 California Street, 15th Floor
San Francisco, California 94111
Telephone: (415) 365-9800

itself entered into a deferred prosecution agreement with the U.S. Attorney's Office, admitting and acknowledging "that it is responsible under United States law for the acts of its officers, directors, employees, and agents as charged" and agreeing to pay a $3,000,000 criminal penalty.

4. For these and other reasons, including settlement without ACE's consent, ACE seeks a declaration as to its coverage obligations to the Defendants in connection with the settlement of the Steiners' claims.

**JURISDICTION AND VENUE**

5. This Court has subject matter jurisdiction over this action for declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202.

6. An actual justiciable controversy between ACE and the Defendants exists within the meaning of 28 U.S.C. § 2201 regarding whether ACE has a duty to indemnify any of the Defendants with respect to the claims asserted against the Defendants by Ina and David Steiner, and their company Steiner Associates, LLC (collectively, the "Steiners"), in the United States District Court for the District of Massachusetts, captioned *Steiner, et al. v. eBay, Inc., et al.*, Case No. 1:21-cv-11181 (the "Civil Action").

7. This Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)(1) because this suit is between citizens of different states and the amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because the subject insurance policy was issued in this judicial district, because eBay (the named insured on the policy at issue) maintains its principal place of business in this judicial district, and because all of the Defendants are, upon information and belief, residents of California. Jurisdiction and venue in this Court are also proper pursuant to a written agreement between the parties.

8. Plaintiff ACE is an insurance company organized as a business corporation under the laws of the state of Pennsylvania with its principal place of business in Philadelphia, Pennsylvania.

9. Defendant eBay is a corporation organized under the laws of the state of Delaware with its principal place of business in San Jose, California.

10. Defendant Devin Wenig is eBay's former Chief Executive Officer. Mr. Wenig resides in California.

11. Defendant Steve Wymer is eBay's former Senior Vice President and Chief Communications Officer. Mr. Wymer resides in California.

12. Defendant Wendy Jones is eBay's former Senior Vice President of Global Operations. Ms. Jones resides in California.

## FACTUAL ALLEGATIONS

**The ACE Policy**

13. ACE issued commercial umbrella liability policy number G27907349 004 to eBay for the period October 1, 2018, to October 1, 2019 (the "ACE Policy"). The ACE Policy provides limits of $50,000,000 each occurrence and $50,000,000 general aggregate. The ACE Policy is an excess policy that covers sums that the insured becomes legally obligated to pay in excess of the "retained limit," which the policy defines as "[t]he total applicable limits of 'underlying insurance' and any applicable limit of 'other insurance' providing coverage to the 'insured.'" Exhibit A is the ACE Policy.

14. Under the ACE Policy, eBay's executive officers and directors are insureds with respect to their duties as officers or directors, and eBay's employees are insureds for acts within the scope of their employment or while performing duties related to the conduct of eBay's business, provided that such coverage is also afforded under the underlying Zurich Policy.

15. The ACE Policy covers bodily injury or property damage "cause[d] by an occurrence" during the policy period. The policy also covers "personal injury," which includes false imprisonment and defamation.

16. Among other things, the ACE Policy excludes coverage for "'Bodily injury' or 'property damage' expected or intended from the standpoint of the 'insured'" and for "'[p]ersonal and advertising injury' caused by or at the direction of the insured with the knowledge that the act would violate the rights of another and would inflict 'personal and advertising injury'" or "arising out of a criminal act committed by or at the direction of the insured."

CLYDE & CO US LLP
150 California Street, 15th Floor
San Francisco, California 94111
Telephone: (415) 365-9800

CLYDE & CO US LLP
150 California Street, 15th Floor
San Francisco, California 94111
Telephone: (415) 365-9800

17. The "underlying insurance" includes Policy No. GLO 4281314 10 issued by Zurich American Insurance Company ("Zurich") to eBay for the policy period October 1, 2018, to October 1, 2019 (the "Zurich Policy"). The Zurich Policy's Commercial General Liability Coverage Part has limits of $1,000,000 each occurrence, $1,000,000 personal and advertising injury, and $2,000,000 general aggregate. Exhibit B is the Zurich Policy.

18. eBay also purchased "other insurance" that impacts the attachment point of the ACE Policy.

**eBay's Illegal Harassment Campaign Against Ina and David Steiner**

19. Ina Steiner and David Steiner live in Natick, Massachusetts. They own and operate Steiner Associates, LLC, through which they published EcommerceBytes, an online trade publication they started in 1999 and discontinued in September 2026. The publication reported on e-commerce platforms, including eBay. Ina Steiner was the editor and reporter for EcommerceBytes. David Steiner served as its publisher.

20. eBay is an e-commerce company that operates online marketplaces. In 2019, Devin Wenig was eBay's Chief Executive Officer, Steve Wymer was eBay's Chief Communications Officer, and Wendy Jones was eBay's Senior Vice President of Global Operations. Wymer and Jones reported directly to Wenig. All three were part of eBay's Executive Leadership Team.

21. In 2019, James Baugh was eBay's Senior Director of Safety & Security—an eBay division responsible for, in general terms, ensuring the physical security of eBay's employees and facilities worldwide. Baugh reported to Jones. He joined eBay in 2016 and managed over 300 employees in 95 locations globally. Before working at eBay, Baugh worked for the National Clandestine Service of the Central Intelligence Agency and later served as a private security contractor providing assistance to the FBI and CIA on covert operations. These operations included conducting physical and electronic surveillance, using false pretenses and fake identities, and gaining unauthorized access to private computer systems—tactics he would later deploy against the Steiners.

22. By the spring of 2019, Wenig, Wymer, and Jones had become increasingly concerned about EcommerceBytes' coverage of eBay. On April 10, 2019, Wymer sent a text to

CLYDE & CO US LLP
150 California Street, 15th Floor
San Francisco, California 94111
Telephone: (415) 365-9800

Wenig with a link to an article written by Ina Steiner reporting that Wenig was compensated 152 times that of an average eBay employee. Along with the link, Wymer texted, "We are going to crush this lady." On April 20, 2019, in reference to negative coverage about eBay by the Wall Street Journal, Wenig texted Wymer, "Fuck them. The [J]ournal is next on the list after [Ina Steiner]."

23. On May 23, 2019, Jones and Baugh met to discuss the Steiners. Jones asked Baugh, "Where are you at on this issue?" Baugh told her that his team was "still working on things." In response, Jones asked Baugh to deal with it "off the radar." In addition, she asked him to let her know if he "need[ed] any help with it . . . but [she] d[id]n't want to know the details."

24. In a different meeting with Jones, Baugh played a recorded call between a member of eBay's security team (using a false identity) and someone associated with an anonymous EcommerceBytes user known as "FidoMaster," who frequently posted criticism about eBay. The eBay security team believed that FidoMaster was connected to the Steiners. After hearing the recording, Jones fist bumped Baugh, encouraging him to continue his activities.

25. On May 31, 2019, Wenig texted Wymer about an EcommerceBytes article written by Ina Steiner. Wenig wrote, "I couldn't care less what she says" and "[t]ake her down."

26. That same day, Wymer shared Wenig's text with Jones. Jones referred to Steiner as a "cow," and Wymer replied, "Her day is coming." Jones then texted, "I can't wait." She also wrote, "Jim Baugh came to me with some thoughts and I told him to stand down and leave it alone." Wymer responded, "You are being too kind . . . tell him to be my advisor on this issue // Some times [sic] you just need to make an example out of someone. Justice // We are too nice. She needs to be crushed." Jones responded that she "would let [Baugh] know if you want him to proceed." Wymer replied to this final message with a thumbs up emoji, indicating that he would work with Baugh on handling the Steiners' criticism of eBay.

27. A week later, on June 7, 2019, an eBay employee and retired police captain named Brian Gilbert traveled to Boston at Baugh's direction to surveil the Steiners. Once in Boston, Gilbert went to the Steiners' home and graffitied the word "FidoMaster" on their fence. The same day, Baugh called the Steiners in the middle of the night and hung up without speaking to them.

28. After Gilbert vandalized the Steiners' property, Baugh told Wymer that his team had given the Steiners a "tap on the shoulder." Baugh was intentionally vague because Wymer had previously instructed Baugh to let him know if Baugh required assistance but to not share the details of any plans.

29. On June 25, 2019, Wymer emailed two eBay communications employees about an EcommerceBytes article. He wrote, "Love it when a secret, we can't speak it out loud plan comes together . . . ◎" and added, "We always reserve the right to go 0-60 and get crazy on her ass . . . ."

30. eBay's harassment of the Steiners escalated dramatically in August 2019, when Ina Steiner published an article about a lawsuit between eBay and Amazon.

31. On August 1, 2019, Wenig texted Wymer about Ms. Steiner's article, writing, "Ina is out with a hot piece on the litigation. If we are ever going to take her down . . . now is the time." Wymer responded: "On it."

32. Wymer immediately texted Baugh, forwarding Wenig's suggestion that "[i]f we are ever going to take her down . . . now is the time." Wymer also texted: "Hatred is a sin. I am very sinful" and "I want her DONE." Baugh then asked for clarification: "[CEO Wenig] said to burn her to the ground correct?" Wymer replied: "She is a biased troll who needs to get BURNED DOWN." Baugh responded: "Copy that // I have a plan B // I will put it in motion // will take two weeks." Wymer then assured Baugh that he would "embrace managing any bad fall out" and reiterated that "[w]e need to STOP her." After additional messages, Baugh concluded the exchange by confirming that he would "handle" the situation: "Confidential obviously // Rest assured, I will handle Ina."

33. On August 6, 2019, an eBay seller contacted Wenig to complain about a Twitter account used by FidoMaster. The complaint resulted in an email exchange between Wymer, Jones, Baugh, and eBay's general counsel about eBay's unsuccessful efforts to shut down the Twitter account. Referring to the Steiners, Wymer wrote that they "have seemingly dedicated their lives to erroneously trashing us as a way to build their own brand—or even build a business." He continued, "This issue gives me ulcers, harms employee moral [sic], and trickles into everything about our brand. I genuinely believe these people are acting out of malice and ANYTHING we can do to solve it should be explored. Somewhere, at some point, someone chose to let this slide. It has

CLYDE & CO US LLP
150 California Street, 15th Floor
San Francisco, California 94111
Telephone: (415) 365-9800

grown to a point that is absolutely unacceptable. It's the 'blind eye toward graffiti that turns into mayhem' syndrome and I'm sick about it. Whatever. It. Takes."

34. On August 7, 2019, Baugh met with Wymer in his office. During the meeting, Wymer appeared agitated. Wymer made statements to Baugh suggesting that Baugh should take any steps necessary to neutralize the Steiners and identify the person behind the FidoMaster account. Baugh remembers Wymer stating that "[t]he only thing that matters is that it stops." Wymer also assured Baugh that his team would have support from the "top" if they ran into any legal problems.

35. That same day, Baugh sent a message to Wymer: "If I can neutralize Ina's website in two weeks or less, does that work for you?" Within minutes, Wymer responded: "I want to see ashes. As long as it takes. Whatever it takes."

36. Both Wenig and Wymer deleted text messages that were exchanged during this period.

37. This bears emphasis: all of the conduct described above involves eBay's most senior management—including the CEO. These were not the acts of a few "rogue" managers. These were the acts of the people running and controlling eBay's operations—the people, as Wymer described it, at the "top."

38. Starting on August 6, 2019, a group of eBay employees worked in concert to harass and intimidate the Steiners through repeated and hostile Twitter direct messages, deliveries of unwanted—and in some instances disturbing—items to the Steiners' home, and travel to Massachusetts to conduct physical surveillance. The eBay employees were paid by eBay for the actions described in the Steiners' complaint.

39. eBay has admitted that its employees' conduct "caused, attempted to cause, and would reasonably have been expected to cause substantial emotional distress to the Steiners." eBay has also admitted that "[t]he purposes of the harassment campaign were, among other things, to distract the Steiners from publishing EcommerceBytes, to alter the website's coverage of eBay, and to gather information that the [eBay employees] could use to discredit the Steiners and EcommerceBytes."

CLYDE & CO US LLP
150 California Street, 15th Floor
San Francisco, California 94111
Telephone: (415) 365-9800

CLYDE & CO US LLP
150 California Street, 15th Floor
San Francisco, California 94111
Telephone: (415) 365-9800

40. For example:

a. eBay employees sent multiple threatening and harassing direct messages to Ina Steiner's Twitter account.

b. eBay employees publicly posted the Steiners' home address on Twitter (colloquially known as "doxxing"), while suggesting in threatening messages that eBay sellers who were angry about EcommerceBytes' coverage were going to visit the Steiners' home.

c. eBay employees surveilled the Steiners, even after the Steiners detected the surveillance, to intimidate them.

d. On August 9, 2019, an eBay employee used an anonymous email account to order live spiders and fly larvae for delivery to the Steiners' home.

e. On or about August 9, 2019, one or more of the eBay employees ordered a subscription for pornographic magazines in the name of David Steiner to be sent to the Steiners' neighbors.

f. On or about August 9, 2019, one or more of the eBay employees attempted to order a pig fetus for delivery to the Steiners' home.

g. On or about August 10, 2019, one or more of the eBay employees ordered a Halloween Pig Mask for delivery to the Steiners' home.

h. On or about August 12, 2019, one or more of the eBay employees sent a book titled, "Grief Diaries: Surviving Loss of a Spouse" to the Steiners' home. The package was addressed to David Steiner.

i. On or about August 13, 2019, one or more of the eBay employees used a prepaid debit card to order a funeral wreath for delivery to the Steiners' home.

j. On or about August 14, 2019, one or more of the eBay employees ordered live cockroaches for delivery to the Steiners' home.

k. On or about August 15, 2019, Baugh and other eBay employees drove to the Steiners' home in Natick and attempted unsuccessfully to install a GPS

tracking device on the Steiners' car, which was locked in the Steiners' garage.

l. On or about August 18, 2019, one or more of the eBay employees posted an advertisement on Craigslist claiming to be a married couple seeking a sexual partner or partners, and providing the Steiners' home address.

41. During the harassment campaign, Baugh acknowledged that his "bosses" ordered him to "find and destroy" the Steiners but did not want to know the details, writing to one of his team members that "I won't send the bosses texts, but I've been ordered to find and destroy." Baugh's team member responded, "Copy. Totally black[.] I'm deleting now."

42. The Steiners reported the harassment to the Natick Police Department, which began an investigation on August 16, 2019. eBay began an internal investigation on August 22, 2019, after being contacted by the Natick Police Department.

43. Baugh and his security team obstructed the Natick Police Department and eBay investigations.

44. After the Natick Police Department began its investigation, Wymer called Baugh to indicate that he and Jones were aware of the criminal investigation. He equated the harassment of the Steiners to "TP'ing" a house and told Baugh to "stick to [his] guns."

45. On August 23, 2019, Baugh texted Wymer: "We will continue to cooperate [with eBay's internal investigation], but not sure how much longer we can keep this up. If there is any way to get some top cover that would be great."

46. According to interview notes dated August 23, 2019, Baugh made key admissions during the investigation. He told investigators that eBay's executive leadership team had been "concerned because [the] legal route was not working" and "[c]ease and desist letters were not working." He further explained that the executive leadership team "wants [EcommerceBytes] taken down—the legal channels are not working. They told me to get it done and said we don't need to know how. It's plausible deniability."

47. Notwithstanding Baugh's inculpatory admissions in the August 23, 2019 interview, Baugh continued to attempt to protect eBay. As part of his assignment to preserve "deniability" he

CLYDE & CO US LLP
150 California Street, 15th Floor
San Francisco, California 94111
Telephone: (415) 365-9800

CLYDE & CO US LLP
150 California Street, 15th Floor
San Francisco, California 94111
Telephone: (415) 365-9800

lied to investigators about some details. eBay management expected and intended that Baugh would lie. Indeed, they had instructed him to do so.

48. From August 20 to 26, 2019, eBay employees took numerous steps to obstruct both investigations, including lying to both law enforcement and eBay investigators and deleting records from their phones.

49. The government subsequently brought federal criminal charges against seven members of eBay's security team who were involved in the harassment campaign, including Baugh. All seven pled guilty to criminal conduct.

50. On or about January 11, 2024, eBay entered into a deferred prosecution agreement with the U.S. Attorney's Office for the District of Massachusetts concerning eBay's conduct against the Steiners. As part of the deferred prosecution agreement, eBay "admit[ted], accept[ed], and acknowledge[ed] that it is responsible under United States law for the acts of its officers, directors, employees, and agents as charged in [an accompanying criminal] Information, and as set forth in the attached Statement of Facts, and that the allegations described in the Information and the facts described in the attached Statement of Facts are true and accurate." eBay also agreed to pay a criminal penalty of $3,000,000. Exhibit C is a copy of the deferred prosecution agreement, together with its attachments.

**The Civil Litigation**

51. On July 21, 2021, the Steiners sued eBay, Wenig, Wymer, and other defendants in the United States District Court for the District of Massachusetts in an action captioned *Ina Steiner, et al. v. eBay, Inc., et al.*, case number 1:21-cv-11181 (the "Civil Action"). On March 1, 2023, the Steiners amended their complaint, adding Jones as a defendant, among other things. Exhibit D is a copy of the amended, operative complaint at the time of settlement.

52. The Steiners alleged that "eBay, through its Chief Executive leadership, Defendants Wenig, Wymer and Jones, sent a directive and enlisted at least seven members of the eBay security staff: Defendants James Baugh, David Harville, Brian Gilbert, Stephanie Popp, Stephanie Stockwell, Philip Cooke, and Veronica Zea . . . to deal with the Steiners" and that "Wenig, Wymer, and Jones

CLYDE & CO US LLP
150 California Street, 15th Floor
San Francisco, California 94111
Telephone: (415) 365-9800

provided the other Defendants with carte blanche authority . . . to terminate the reporting of the Steiners by whatever means necessary."

53. The Steiners alleged that "[t]he events that followed shock the conscience, and demonstrate the utter depths eBay . . . would stoop in order to take the Steiners down and end their reporting on eBay."

54. eBay gave notice of the Civil Action to ACE under the ACE Policy. ACE sent multiple letters to the Defendants advising that ACE was investigating and evaluating the Steiners' claims under a full and complete reservation of any and all rights under the ACE Policy and applicable law. Further, over the course of the Civil Action, ACE made repeated requests for documents and information necessary to evaluate the claim, and one or more of the Defendants failed to provide, or timely provide, documents and information that ACE requested.

55. Throughout the Civil Action, Defendants engaged in settlement negotiations with the Steiners and offered money in settlement without informing ACE. They did not provide notice or obtain ACE's consent to participate in settlement conferences in which sums in excess of the underlying insurance, and potentially within ACE's policy, were offered.

56. In January 2024, eBay answered the Civil Action and "accepted responsibility for the acts of its officers, directors, employees, and agents, not only with respect to the criminal actions of certain of the co-Defendants in this matter, but also with regard to the inappropriate conduct of other co-Defendants in this matter who were not criminally charged, but who nevertheless engaged in multiple intemperate and inappropriate communications that set an unacceptable tone from the top." Exhibit E is a copy of the answer. eBay did not obtain ACE's consent to make these admissions.

57. In their joint pretrial memorandum, dated November 26, 2025, the parties represented that "[w]ith respect to damages, Plaintiffs seek recovery for the emotional injuries they suffered as a result of the conduct at issue. Plaintiffs contend that the actions directed toward them caused severe emotional distress, fear, anxiety, and a sustained sense of insecurity in and around their home." The Steiners sought compensatory and punitive damages for these emotional injuries.

58. In February 2026, the Defendants requested consent or a waiver of consent from ACE to allow eBay to settle. The Defendants did not provide ACE sufficient notice of the request to

CLYDE & CO US LLP
150 California Street, 15th Floor
San Francisco, California 94111
Telephone: (415) 365-9800

settle, and did not provide ACE sufficient information with which to evaluate the merits of the remaining claims or the settlement value of the case. Without having received ACE's consent or waiver of consent, on or about February 24, 2026, the Steiners reached a settlement in principle with eBay, Wenig, Wymer, and Jones. On February 25, 2026, the court dismissed the Civil Action without prejudice pending consummation of the settlement.

59. On June 12, 2026, the Steiners filed a motion to reopen the Civil Action and return it to the court's trial docket, stating that the parties had been "unable to consummate the contemplated settlement."

60. On July 15, 2026, eBay's counsel informed ACE that the parties had finalized the settlement.

61. At no point before executing the settlement did the Defendants share the proposed settlement agreement with ACE or provide ACE with information sufficient to evaluate the reasonableness of the proposed settlement terms. ACE did not consent to, or waive its right to consent to, the settlement. The Defendants settled without ACE's consent.

62. On July 27, 2026, the parties filed a stipulation of dismissal with prejudice in the Civil Action.

63. On July 28, 2026, eBay issued a press release about its settlement with the Steiners. In the press release, eBay admitted that "what the Steiners were subjected to by former eBay employees in 2019 was wrong, reprehensible and should never have happened" and condemned, "in the strongest terms possible, the employees who perpetrated and pled guilty to criminal charges for the misconduct against Ina and David Steiner."

64. A dispute presently exists between Plaintiff and Defendants regarding the existence and scope of coverage under the ACE Policy for some or all of the amounts paid by Defendants to settle the Civil Action.

## FIRST CAUSE OF ACTION

**(Declaratory Judgment)**

65. Plaintiff incorporates by reference its allegations in the preceding paragraphs.

66. Under 28 U.S.C. §§ 2201 and 2202, Plaintiff seeks a declaration as to its coverage obligations, if any, for the Civil Action.

67. The ACE Policy covers bodily injury and property damage caused by an occurrence. At the time of settlement, the Steiners sought damages for emotional distress and did not seek damages for bodily injury or property damage. ACE seeks a declaration as to the amount of the settlement properly allocated to bodily injury or property damage, if any.

68. To the extent that any of the settlement amount is allocated to bodily injury or property damage, ACE seeks a declaration that it has no obligation to indemnify any of the Defendants for that amount because those injuries did not arise out of an occurrence and because those injuries were expected or intended from the standpoint of the insured.

69. Under California law, the ACE Policy does not cover punitive damages. ACE seeks a declaration as to the amount of the settlement properly allocated to punitive damages.

70. The ACE Policy excludes "'[p]ersonal and advertising injury' caused by or at the direction of the insured with the knowledge that the act would violate the rights of another and would inflict 'personal and advertising injury'" and excludes "'[p]ersonal and advertising injury' arising out of a criminal act committed by or at the direction of the insured." ACE seeks a declaration that it has no obligation to indemnify any of the Defendants because any potentially covered personal injury was caused by or at the direction of the Defendants with the knowledge that the act would violate the rights of another and would inflict personal and advertising injury or arises out of a criminal act committed by or at the direction of the insured.

71. Section 533 of the California Insurance Code provides that "[a]n insurer is not liable for a loss caused by the wilful act of the insured." ACE seeks a declaration that it has no obligation to indemnify any of the Defendants because all covered losses, if any, were caused by the willful acts of the Defendants.

72. The ACE Policy covers sums that the insured becomes legally obligated to pay in excess of the "retained limit," which the policy defines as "[t]he total applicable limits of 'underlying insurance' and any applicable limit of 'other insurance' providing coverage to the 'insured.'" ACE seeks a declaration of the "retained limit" applicable to each Defendant.

CLYDE & CO US LLP
150 California Street, 15th Floor
San Francisco, California 94111
Telephone: (415) 365-9800

CLYDE & CO US LLP
150 California Street, 15th Floor
San Francisco, California 94111
Telephone: (415) 365-9800

73. ACE also seeks a declaration as to the scope of coverage, if any:

a. to the extent that any individual Defendant does not qualify as an insured under the ACE Policy;

b. to the extent that any Defendant agreed to make any charitable donations in connection with settlement of the Civil Action;

c. to the extent that the Defendants have voluntarily made payments, assumed obligations, or incurred expenses without ACE's written consent;

d. to the extent that the Defendants have breached their duty to cooperate with ACE in the investigation or settlement of the Civil Action;

e. to the extent that the remaining terms, limits of liability, conditions, exclusions, or endorsements of the ACE Policy or the Zurich Policy, to which the ACE Policy follows form, operate to bar or limit coverage.

74. An actual justiciable controversy exists between Plaintiff and Defendants within the meaning of 28 U.S.C. § 2201 with respect to these issues, and this Court has the authority to issue a judgment for declaratory relief concerning the parties' respective rights and duties. The requested judicial determination is appropriate and necessary to resolve this controversy, and no other adequate remedy exists.

75. For these reasons, Plaintiff seeks a declaration as to the scope of its duty, if any, to indemnify the Defendants for the settlement of the Civil Action under the ACE Policy.

**<u>SECOND CAUSE OF ACTION</u>**

**(Breach of Insurance Contract)**

76. Plaintiff incorporates by reference its allegations in the preceding paragraphs.

77. As a condition for any coverage under the ACE Policy, Defendants had a duty to fully comply with the conditions contained in the Policy.

78. Under the terms of the Policy, Defendants had a duty to cooperate with ACE with regard to all aspects of any defense afforded under the alleged Policy.

CLYDE & CO US LLP
150 California Street, 15th Floor
San Francisco, California 94111
Telephone: (415) 365-9800

79. Under the terms of the Policy, Defendants had a duty to not, except at their own cost, "voluntarily make a payment, assume any obligation, or incur any expense" without ACE's written consent.

80. Under the terms of the Policy, Defendants have no action against ACE unless the policy terms have been fully complied with and the amount sought has been determined "by settlement with our consent or by final judgment" against an insured.

81. Under the terms of the Policy, Defendants must "[i]mmediately send [ACE] copies of any demands, notices, summonses or legal papers received in connection with" a claim or suit; must "[a]uthorize [ACE] to obtain records and other information"; and must "[c]ooperate with [ACE] in the investigation or settlement" of the claim or suit.

82. Defendants have not complied with these provisions and breached the Policy by violating their duties pursuant to these terms of the Policy, damaging ACE.

83. Defendants, by refusing to provide information to ACE sufficient to enable ACE to meaningfully evaluate the settlement of the Steiners' lawsuit, violated Defendants' duties under the Policy and damaged ACE.

84. Defendants, by agreeing to a settlement of the Steiners' lawsuit without ACE's consent, violated Defendants' duties under the Policy and damaged ACE.

85. Defendants, by agreeing to a settlement of the Steiners' lawsuit that does not allocate among the Steiners' several claims, and does not allocate between compensatory and punitive damages, violated Defendants' duties under the Policy and damaged ACE.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment granting Plaintiff the following relief:

(1) A declaration as to the scope of ACE's duty, if any, to indemnify the Defendants for the settlement of the Civil Action under the ACE Policy;

(2) For breach of contract and all resulting nominal and actual damages, including but not limited to the amount of the unconsented-to settlement, in an amount to be determined at trial;

(3) For costs of suit; and

(4) For such other and further relief as this Court deems just and proper.

**JURY TRIAL DEMAND**

ACE demands a trial by jury on any issue presented in this matter that is properly so triable.

Dated: November 12, 2026

CLYDE & CO US LLP

By: */s/ Alexander E. Potente*

ALEXANDER E. POTENTE
JOHN-MARK BRENDA

Attorneys for Plaintiff
ACE PROPERTY & CASUALTY INSURANCE COMPANY

BAUGHMAN KROUP BOSSE PLLC
Jack Baughman, Esq. (*pro hac vice* forthcoming)
Nathaniel Marmon, Esq. (*pro hac vice* forthcoming)
One Liberty Plaza, 4th Floor
New York, NY 10006
Telephone: 212-548-3212
jbaughman@bkbfirm.com
nmarmon@bkbfirm.com

CLYDE & CO US LLP
150 California Street, 15th Floor
San Francisco, California 94111
Telephone: (415) 365-9800