# EXHIBIT E

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| INA STEINER, DAVID STEINER, and STEINER ASSOCIATES, LLC,<br><br>Plaintiffs,<br><br>v.<br><br>EBAY INC., et al.,<br><br>Defendants. | Civil Action No. 21-CV-11181-PBS<br><br>JURY TRIAL DEMANDED |

**DEFENDANT EBAY'S ANSWER TO FIRST AMENDED COMPLAINT**

As eBay has consistently said from the outset of this matter, what happened to Ina and David Steiner was wrong and eBay remains committed to compensating the Steiners appropriately and in accordance with the law. In fact, on January 11, 2024, eBay entered into a Deferred Prosecution Agreement ("DPA")[1] with the US Attorney's Office for the District of Massachusetts pursuant to which it accepted responsibility for the acts of its officers, directors, employees, and agents, not only with respect to the criminal actions of certain of the co-Defendants in this matter, but also with regard to the inappropriate conduct of other co-Defendants in this matter who were not criminally charged, but who nevertheless engaged in multiple intemperate and inappropriate communications that set an unacceptable tone from the top. As part of eBay's acceptance of responsibility, it has admitted to an extensive and detailed statement of facts made part of the DPA as well as to allegations set forth in an Information accompanying the DPA. Accordingly, in this Answer, eBay has endeavored to make clear that, to the extent the Amended Complaint alleges facts and legal conclusions to which eBay has admitted and accepted responsibility pursuant to the

[1] As used herein, the term "DPA" also encompasses the Information filed against eBay in *United States v. eBay, Inc.*, No. 24-cr-10003-PBS (D. Mass.).

DPA and Information, those facts and legal conclusions are admitted. Any response in this Answer that contradicts either the statement of facts in the DPA or the Information is inadvertent and should not be construed as an attempt by eBay to retreat from its acceptance of responsibility.

The Amended Complaint, however, includes over 570 separate paragraphs and contains allegations, legal conclusions, and characterizations of facts that fall outside the already extensive facts to which eBay has admitted in the DPA and Information. Many of those factual allegations, legal conclusions, and characterizations of facts are either unsupported, inaccurate, or not known to eBay. As stated above, whatever damages the Steiners are seeking from eBay should be in accordance with the law, including with respect to the specific legal theory of liability applicable to eBay and the calculation of damages. In denying certain allegations in the Amended Complaint or in asserting defenses, eBay is seeking to ensure that the appropriate legal principles guide the outcome of this case. It is in no way seeking to avoid responsibility.

eBay provides its responses to the Plaintiffs' Amended Complaint in numbered paragraphs below, which correspond to the numbered paragraphs in the Amended Complaint. In the responses below, eBay replicates the headings from the Amended Complaint. eBay's duplication of these headings does not constitute an admission or response regarding any allegation contained in the headings.

## INTRODUCTION

1. eBay admits that it is a multinational *Fortune 500* Company. eBay further admits that the Criminal Defendants engaged in the course of conduct admitted to in the DPA, that the course of conduct included acts that can be characterized as threats, harassment, and stalking, and that eBay is responsible for the acts of its employees to the extent those acts are within the scope of the DPA. As to allegations and characterizations of events in this paragraph not within the scope of the DPA, eBay either denies the allegations or is without sufficient knowledge or information to

admit or deny them.

2. Regarding the allegations in the first sentence of this paragraph, eBay admits that Ina and David Steiner, a married couple living in Natick, Massachusetts, operated EcommerceBytes, a website that reports on ecommerce companies, including eBay. eBay is without knowledge or information sufficient to admit or deny the remaining allegations in the first sentence of this paragraph. eBay is without knowledge or information sufficient to admit or deny the allegations in the second sentence of this paragraph.

3. eBay admits that Devin Wenig was President and Chief Executive Officer of eBay, Steven Wymer was Senior Vice President and Chief Communications Officer of eBay, and Wendy Jones was Senior Vice President of Global Operations and her formal title was SVP, Global Customer Exp. & Ops. eBay further admits that at least by the spring of 2019, EcommerceBytes' reporting was a source of frustration at eBay. eBay is without knowledge or information sufficient to admit or deny the remaining allegations in this paragraph due to the vagueness of Plaintiffs' characterizations.

4. eBay denies the allegations in the first and second sentences of this paragraph, except that eBay admits that certain communications from Wenig, Wymer and Jones were inappropriate. The allegations in the third and fourth sentences of this paragraph purport to characterize text messages sent by Wymer to Baugh, which eBay admits exist and which are the best evidence of their content. eBay denies any characterization of the messages that is not supported by the messages themselves, and eBay denies the remaining allegations in the third and fourth sentences of this paragraph. eBay is without knowledge or information sufficient to admit or deny the allegations in the fifth sentence of this paragraph. The allegations in the sixth sentence of this paragraph constitute legal conclusions, to which no response is required. To the extent a response is necessary, eBay admits that the conduct of the Criminal Defendants was appalling and

that eBay is responsible for the acts of its employees to the extent those acts are within the scope of the DPA. As to allegations not within the scope of the DPA, eBay denies the allegations as vague or is without sufficient knowledge or information to admit or deny the allegations.

5. eBay acknowledges that the conduct of the Criminal Defendants was appalling and denies the remaining allegations in the first sentence of this paragraph. Regarding the allegations in the second sentence of this paragraph, eBay admits that Stephanie Popp used a Twitter account in a false name to send threatening messages to Ina Steiner. The allegations in the second sentence of this paragraph also purport to characterize Twitter messages sent by Popp, which are the best evidence of their content. eBay denies any characterization of the messages that is not supported by messages themselves. The remaining allegations in the second sentence of this paragraph regarding Defendants other than Popp are vague, and eBay denies them on that basis. Regarding the allegations in the third sentence of this paragraph, eBay admits that Baugh, Harville, Gilbert, Cooke, Popp, Stockwell, and Zea (collectively "the Criminal Defendants") worked together to order unwanted—and in some instances disturbing—items for delivery to the Steiners' home including live spiders, cockroaches, a Halloween Pig Mask, a funeral wreath, and a book titled "Grief Diaries: Surviving Loss of a Spouse." eBay otherwise denies Plaintiffs' characterization of the facts in the third sentence of this paragraph. Regarding the allegations in the fourth sentence of this paragraph, eBay admits that one or more of the Criminal Defendants ordered a subscription for pornographic magazines in the name of David Steiner to be sent to the Steiners' neighbors, which were intended to embarrass the Steiners. The allegations in the fourth sentence of this paragraph also purport to characterize Twitter direct messages sent by the account @Tui_Elei, which are the best evidence of their content. eBay denies any characterization of the messages that is not supported by the messages themselves. The remaining allegations in the fourth sentence of this paragraph constitute legal conclusions, to which no response is required. To the extent a response is

necessary, eBay denies Plaintiffs' characterization of the facts in the fourth sentence of this paragraph.

6. eBay admits that the Criminal Defendants sent repeated and hostile Twitter messages to the Steiners and deliveries of unwanted—and in some instances disturbing—items to the Steiners' home, and that Baugh, Harville, Zea, and Popp traveled from California to Natick in August 2019 as part of the Criminal Defendants' harassment and intimidation campaign. eBay further admits that the course of conduct engaged in by the Criminal Defendants and admitted to in the DPA included acts that can be characterized as threats, harassment, and stalking. The remaining allegations in this paragraph constitute legal conclusions, to which no response is required. To the extent a response is necessary, eBay denies the allegations in this paragraph.[2]

7. Regarding the allegations in the first sentence of this paragraph, eBay admits that Baugh, Harville, and Zea used a rented vehicle to surveil the Steiners, drive past the Steiners' home repeatedly, and follow David Steiner as he drove around Natick on at least one occasion, and eBay denies that the Criminal Defendants were "carrying out the orders of eBay senior executives." The remaining allegations in the first sentence of this paragraph constitute legal conclusions, to which no response is required. Regarding the allegations in the second sentence of this paragraph, eBay admits that Baugh, Harville, and Zea attempted unsuccessfully to install a GPS tracking device on the Steiners' car, which was locked in the Steiners' garage. eBay otherwise is without knowledge or information sufficient to admit or deny the remaining allegations in the second sentence of this paragraph. eBay is without knowledge or information sufficient to admit or deny the allegations in the third sentence of this paragraph.

---

[2] While eBay admits that the Criminal Defendants worked together to harass and intimidate the Steiners and to place them under surveillance, in the civil context, as a matter of law under the intra-corporate conspiracy doctrine, a corporation cannot conspire with its agents nor can agents of the same corporation conspire with one another. Accordingly, throughout this answer, eBay denies allegations of conspiracy.

8. Regarding the allegations in the first sentence of this paragraph, eBay admits that Popp used the @Tui_Elei account to post the Steiners' address. eBay is without knowledge or information sufficient to admit or deny the allegations that Popp, Stockwell, Cooke, and Gilbert "remained in California." The allegations in the first sentence of this paragraph also purport to characterize Twitter posts by Popp using the @Tui_Elei account, which are the best evidence of their content. eBay denies any characterization of the posts that are not supported by the posts themselves. The remaining allegations in the first sentence of this paragraph also constitute legal conclusions, to which no response is required. Regarding the allegations in the second sentence of this paragraph, eBay admits that one or more of the Criminal Defendants posted an advertisement on Craigslist claiming to be a married couple seeking a sexual partner or partners, and provided the Steiners' home address. eBay is without knowledge or information sufficient to admit or deny the remaining allegations in the second sentence of this paragraph.

9. eBay is without knowledge or information sufficient to admit or deny the allegations in the first and second sentences of this paragraph. The allegations in the third sentence of this paragraph constitute legal conclusions, to which no response is required. To the extent a response is necessary, eBay denies the allegations in the third sentence of this paragraph.

10. eBay admits that the Criminal Defendants' conduct caused substantial emotional distress to the Steiners and is without knowledge or information sufficient to admit or deny the remaining allegations in the first sentence of this paragraph. The allegations in the second sentence of this paragraph constitute legal conclusions, to which no response is required. To the extent a response is necessary, eBay admits that Ina Steiner was the target of the threatening private direct messages and is without knowledge sufficient to admit or deny the remaining allegations in the second sentence of this paragraph. Regarding the allegations in the third sentence of this paragraph, eBay admits that the Criminal Defendants monitored law enforcement communications to avoid

detection. eBay is otherwise without knowledge or information sufficient to admit or deny the remaining allegations in the third sentence of this paragraph. Regarding the allegations in the fourth sentence of this paragraph, eBay denies that Defendants were "carrying out Defendants Wenig, Wymer, and Jones's plan" and is without sufficient knowledge or information to admit or deny the remaining factual allegations. The remaining allegations in the fourth sentence of this paragraph constitute legal conclusions, to which no response is required. To the extent a response is necessary, eBay admits that it is responsible for the acts of its employees that can be characterized as stalking to the extent those acts are within the scope of the DPA. As to allegations not within the scope of the DPA, eBay is without knowledge or information sufficient to admit or deny the remaining allegations in the fourth sentence of this paragraph. The allegations in the fifth sentence of this paragraph purport to describe WhatsApp messages sent between some of the Criminal Defendants on August 21, 2019, which eBay admits exist and which are the best evidence of their content. eBay denies any characterization of the messages not supported by the messages themselves. The allegations in the sixth sentence of this paragraph constitute legal conclusions, to which no response is required. To the extent a response is necessary, eBay denies the allegation of a "conspiracy" and admits that the course of conduct engaged in by the Criminal Defendants and admitted to in the DPA included acts that can be characterized as threats, harassment, and stalking and that eBay is responsible for the acts of its employees to the extent those acts are within the scope of the DPA. As to allegations not within the scope of the DPA, eBay is without knowledge or information sufficient to admit or deny the allegations in the sixth sentence of this paragraph.

11. Regarding the allegations in the first and second sentences of this paragraph, eBay admits that the Criminal Defendants took steps to conceal their harassment campaign by, among other things, forging records, lying to investigators, and destroying evidence. The remaining allegations in the first sentence of this paragraph purport to characterize a text message from Baugh

to Wymer, which eBay admits exists and which is the best evidence of its content. eBay denies any characterization of the message not supported by the message itself. The remaining allegations in the first sentence of this paragraph constitute legal conclusions, to which no response is required. To the extent a response is necessary, eBay denies the allegations in the first sentence of this paragraph. eBay is without knowledge or information sufficient to admit or deny the remaining allegations in the second sentence of this paragraph. Regarding the allegations in the third sentence of this paragraph, eBay admits that the Criminal Defendants created a dossier and a "Persons of Interest" list to deflect attention from Zea and make it appear that Zea and Harville were in Massachusetts investigating the harassment of the Steiners. The remaining allegations in the third sentence of this paragraph purport to characterize an August 21, 2019 text message from Gilbert to other Criminal Defendants, which eBay admits exists and which is the best evidence of its content. eBay denies any characterization of the message not supported by the message itself.

12. eBay admits that Philip Cooke, Brian Gilbert, Stephanie Popp, Stephanie Stockwell, and Veronica Zea each pled guilty to an Information in U.S. District Court for the District of Massachusetts, and that Jim Baugh and David Harville were indicted. The allegations in this paragraph purport to characterize the filings in the Defendants' criminal cases, which are the best evidence of their content. eBay denies any characterization of the filings not supported by the filings themselves. The remaining allegations in this paragraph constitute legal conclusions, to which no response is required. To the extent a response is necessary, eBay denies the allegation of a "conspiracy" and admits that the course of conduct engaged in by the Criminal Defendants and admitted to in the DPA included acts that can be characterized as threats, harassment, stalking, and obstruction and that eBay is responsible for the acts of its employees to the extent those acts are within the scope of the DPA. As to allegations not within the scope of the DPA, eBay denies the allegations.

13. eBay admits the allegations in the first sentence of this paragraph. Regarding the allegations in the second sentence of this paragraph, eBay admits that Steve Wymer was hired as Senior Vice President and Chief Communications Officer of eBay. The remaining allegations in the second sentence and the allegations in the third sentences of this paragraph purport to describe the PowerPoint presentation eBay used in its presentation to the U.S. Attorney's Office for the District of Massachusetts ("USAO") on March 16, 2021, which eBay admits exists and which is the best evidence of its content. eBay denies any characterization of the presentation that is not supported by the presentation itself. The remaining allegations in the third sentence of this paragraph constitute legal conclusions, to which no response is required. To the extent a response is necessary, eBay denies the remaining allegations in the third sentence of this paragraph.

14. eBay admits that Wenig departed eBay with a severance package and denies the remaining allegations in the first sentence of this paragraph. eBay admits the allegations in the second sentence of this paragraph.

15. The allegations in this paragraph constitute legal conclusions, to which no response is required. To the extent a response is necessary, eBay admits that it is responsible for the acts of its employees to the extent those acts are within the scope of the DPA. As to allegations not within the scope of the DPA, eBay denies the allegations against eBay and is without knowledge or information sufficient to admit or deny the allegations against PFC.

16. The allegations in the first, fourth, and sixth sentences of this paragraph constitute legal conclusions, to which no response is required. To the extent a response is necessary, eBay denies the allegation of a "conspiracy" and admits that the course of conduct engaged in by the Criminal Defendants and admitted to in the DPA included acts that can be characterized as threats, harassment, and stalking and that eBay is responsible for the acts of its employees to the extent those acts are within the scope of the DPA. As to allegations not within the scope of the DPA, eBay

is without knowledge or information sufficient to admit or deny the allegations in the first, second, fourth, and sixth sentences of this paragraph. Regarding the allegations in the second and third sentences of this paragraph, eBay admits that the Criminal Defendants' conduct caused substantial emotional distress to the Steiners, and eBay is without knowledge or information sufficient to admit or deny the remaining allegations in the second and third sentences of this paragraph. eBay is without knowledge or information sufficient to admit or deny the allegations in the fifth sentence of this paragraph.

17. The allegations in the first and second sentences of this paragraph constitute legal conclusions, to which no response is required. To the extent a response is necessary, eBay denies the allegations of a "conspiracy" and is otherwise without knowledge or information sufficient to admit or deny the allegations in the first and second sentences of this paragraph. eBay is without knowledge or information sufficient to admit or deny the allegations in the third, fourth, and fifth sentences of this paragraph.

18. The allegations in this paragraph constitute legal conclusions and Plaintiffs' characterization of their Amended Complaint, to which no response is required. To the extent a response is necessary, eBay denies the allegations in this paragraph.

**JURISDICTION AND VENUE**

19. The allegations in the first sentence of this paragraph constitute legal conclusions, to which no response is required. To the extent a response is necessary, eBay is without knowledge or information sufficient to admit or deny the allegations in the first sentence of this paragraph. eBay is without knowledge or information sufficient to admit or deny the allegations in the second, third, fourth, fifth, and seventh sentences of this paragraph. eBay admits the allegations in the sixth sentence of this paragraph.

20. The allegations in this paragraph constitute legal conclusions, to which no response

is required.

21. The allegations in this paragraph constitute legal conclusions, to which no response is required.

22. The allegations in this paragraph constitute legal conclusions, to which no response is required.

**THE PARTIES**

23. eBay admits that Ina and David Steiner reside in Natick, Massachusetts. eBay is otherwise without knowledge or information sufficient to admit or deny the remaining allegations in this paragraph.

24. eBay is without knowledge or information sufficient to admit or deny the allegations in this paragraph.

25. eBay admits the allegations in this paragraph.

26. eBay admits the allegations in the first sentence of this paragraph. eBay denies the allegations in the second sentence of this paragraph.

27. eBay is without knowledge or information sufficient to admit or deny the allegations in the first and second sentences of this paragraph. Regarding the allegations in the third sentence of this paragraph, eBay admits that it entered into a master services agreement with PFC Safeguards LLC effective January 2019. Regarding the allegations in the fourth sentence of this paragraph, eBay admits that as part of the master services agreement, PFC Safeguards LLC provided analysts to eBay, including Zea, and paid their salaries. The remaining allegations in the fourth sentence of this paragraph are vague, and eBay denies them on that basis.

28. Regarding the allegations in the first sentence of this paragraph, eBay admits that Wenig was eBay's former President and Chief Executive Officer and that he holds a Juris Doctor from Columbia Law School. eBay is without knowledge or information sufficient to admit or deny

the remaining allegations in the first sentence of this paragraph. The allegations in the second sentence of this paragraph purport to describe public records on admittance and membership to the New York state bar, which are the best evidence of their content. eBay denies any description of the records that is not supported by the records themselves.

29. Regarding the allegations in the first sentence of this paragraph, eBay admits that Wymer is a former Senior Vice President and Chief Communications Officer of eBay. eBay is without knowledge or information sufficient to admit or deny the remaining allegations in the first sentence of this paragraph. Regarding the allegations in the second sentence of this paragraph, eBay admits that a January 16, 2019 press release announcing Wymer's joining eBay states that "Wymer will oversee company reputation."

30. Regarding the allegations in the first sentence of this paragraph, eBay admits that Jones was eBay's former Senior Vice President of Global Operations and that her formal title was SVP, Global Customer Exp. & Ops, and that she had supervisory responsibility over Global Security and Resiliency. Regarding the allegations in the second sentence of this paragraph, eBay admits that from July 2017 to September 2019, Baugh reported directly to Jones. eBay is without knowledge or information sufficient to admit or deny the allegations in the third sentence of this paragraph. eBay admits the allegations in the fourth sentence of this paragraph.

31. Regarding the allegations in the first sentence of this paragraph, eBay admits that Steve Krystek was the CEO of PFC Safeguards LLC for the duration of eBay's master services agreement with PFC Safeguards LLC. eBay is without knowledge or information sufficient to admit or deny the remaining allegations in the first sentence of this paragraph. eBay is without knowledge or information sufficient to admit or deny the allegations in the second sentence of this paragraph.

32. Regarding the allegations in the first sentence of this paragraph, eBay admits that

Case 1:21-cv-11181-DBS Document 320 Filed 11/12/24 Page 13 of 127

Baugh pled guilty to a criminal indictment for conspiracy to commit stalking through interstate travel and through facilities of interstate commerce, stalking through interstate travel, stalking through facilities of interstate commerce, tampering with a witness, and destruction, alteration, and fabrication of records in a federal investigation. eBay is without knowledge or information sufficient to admit or deny the remaining allegations in the first sentence of this paragraph. eBay admits the allegations in the second and fifth sentences of this paragraph. Regarding the allegations in the third sentence of this paragraph, eBay admits that Baugh was eBay's Senior Director of Global Security and that his formal title was Sr. Director, Safety & Security. The remaining allegations in the third sentence of this paragraph are vague, and eBay denies them on that basis. Regarding the allegations in the fourth sentence of this paragraph, eBay admits that it paid Baugh a bonus in December 2018, and it otherwise denies the remaining allegations in the fourth sentence of this paragraph.

33. Regarding the allegations in the first sentence of this paragraph, eBay admits that Gilbert was eBay's Senior Manager of Special Operations and that his formal title was Manager, Safety/Security 3. eBay is without knowledge or information sufficient to admit or deny the remaining allegations in the first sentence of this paragraph. Regarding the allegations in the second sentence of this paragraph, eBay admits that Gilbert pled guilty to conspiracy to commit cyberstalking and conspiracy to tamper with a witness and is awaiting sentencing. Regarding the allegations in the third sentence of this paragraph, eBay admits that Gilbert was responsible for special events security and supported executive protection. eBay otherwise denies the remaining allegations in the third sentence of this paragraph. eBay admits the allegations in the fourth sentences of this paragraph.

34. Regarding the allegations in the first sentence of this paragraph, eBay admits that Popp pled guilty to conspiracy to commit cyberstalking and conspiracy to obstruct justice. eBay is

without knowledge or information sufficient to admit or deny the remaining allegations in the first sentence of this paragraph. Regarding the allegations in the second sentence of this paragraph, eBay admits that Popp was sentenced to a term of imprisonment of one year and one day. Regarding the allegations in the third sentence of this paragraph, eBay admits that Popp was eBay's Senior Manager of Global Intelligence and that her formal title was Sr. Manager, Global Intelligence, and that the GIC is a group within GSR that supported eBay's security operations. The remaining allegations in the third sentence of this paragraph are vague, and eBay denies them on that basis.

35. eBay is without knowledge or information sufficient to admit or deny the allegations in the first sentence of this paragraph. Regarding the allegations in the second sentence of this paragraph, eBay admits that Stockwell pled guilty to conspiracy to commit cyberstalking and conspiracy to obstruct justice, and that she was sentenced to 24 months of probation, with the first year to be served on home confinement. Regarding the allegations in the third sentence of this paragraph, eBay admits that Stockwell was a PFC employee until May of 2019, when she was hired by eBay as Manager, Safety/Security 1.

36. Regarding the allegations in the first sentence of this paragraph, eBay admits that Harville pled guilty to conspiracy to stalk by interstate travel and facilities of interstate commerce, stalking by interstate travel, and stalking by facilities of interstate commerce. eBay is without knowledge or information sufficient to admit or deny the remaining allegations in the first sentence of this paragraph. eBay admits the allegations in the second sentence of this paragraph. Regarding the allegations in the third sentence of this paragraph, eBay admits that Harville was eBay's Director of Global Resiliency and that his formal title was Director, Global Resiliency.

37. eBay is without knowledge or information sufficient to admit or deny the allegations in the first sentence of this paragraph. Regarding the allegations in the second sentence of this

paragraph, eBay admits that Cooke pled guilty to conspiracy to commit cyberstalking and conspiracy to commit witness tampering, and that he was sentenced to 18 months in custody. eBay is without knowledge or information sufficient to admit or deny the remaining allegations in the second sentence of this paragraph. eBay admits the allegations in the third and fifth sentences of this paragraph. Regarding the allegations in the fourth sentence of this paragraph, eBay admits that Cooke worked for PFC from May 2018 to October 2018. Regarding the allegations in the sixth sentence of this paragraph, eBay admits that Cooke was promoted by eBay in October 2019 to Director, Safety/Security 1.

38. eBay is without knowledge or information sufficient to admit or deny the allegations in the first sentence of this paragraph. Regarding the allegations in the second sentence of this paragraph, eBay admits that Zea pled guilty to conspiracy to commit cyberstalking and conspiracy to obstruct justice, and was sentenced to two years' probation, with the first 12 months to be served on home confinement. eBay admits the allegations in the third sentence of this paragraph. Regarding the allegations in the fourth sentence of this paragraph, eBay admits that it entered into a master services agreement with PFC Safeguards LLC effective January 2019. eBay otherwise denies the remaining allegations in the fourth sentence of this paragraph.

39. The allegations in this paragraph are vague, and eBay denies them on that basis.

40. Regarding the allegations in the first sentence of this paragraph, eBay admits that Defendants Baugh, Gilbert, Popp, Stockwell, Harville, Zea, and Cooke were members of eBay's safety and security team, that Baugh was a direct report to Jones, that Jones was the Senior Vice President of Global Operations, and that Jones reported to Wenig. eBay denies the remaining allegations in the first sentence of this paragraph. eBay admits the allegations in the second sentence of this paragraph. The allegations in the third sentence of this paragraph constitute legal conclusions, to which no response is required. To the extent a response is necessary, eBay admits

that the course of conduct engaged in by the Criminal Defendants and admitted to in the DPA included acts that can be characterized as threats, harassment, and stalking and that eBay is responsible for the acts of its employees to the extent those acts are within the scope of the DPA. As to allegations not within the scope of the DPA, eBay denies the allegations. eBay denies the allegations in the fourth sentence of this paragraph.

41. The allegations in this paragraph constitute legal conclusions, to which no response is required. To the extent a response is necessary, the allegations in this paragraph are vague, and eBay denies them on that basis.

**THE FACTS**

42. eBay is without knowledge or information sufficient to admit or deny the allegations in the first and second sentences of this paragraph. eBay admits the allegations in the third sentence of this paragraph. Regarding the allegations in the fourth sentence of this paragraph, eBay admits that David Steiner served as EcommerceBytes's publisher. eBay is without knowledge or information sufficient to admit or deny the remaining allegations in the fourth sentence of this paragraph.

43. Regarding the allegations in the first sentence of this paragraph, eBay admits that it has been a topic of reporting by EcommerceBytes but denies the allegation that such reporting was "always . . . frequent" due to the vagueness of such characterizations. eBay is without knowledge or information sufficient to admit or deny the allegations in the second and third sentences of this paragraph.

44. eBay is without knowledge or information sufficient to admit or deny the allegations in this paragraph.

45. eBay is without knowledge or information sufficient to admit or deny the allegations in this paragraph.

46. eBay is without knowledge or information sufficient to admit or deny the allegations in this paragraph.

47. Regarding the allegations in the first sentence of this paragraph, eBay admits that the @EcommerceBytes Twitter account handle and the ina@EcommerceBytes.com email address exist and purport to be Ina Steiner's Twitter account and email address. eBay is without knowledge or information sufficient to admit or deny the allegations in the second sentence of this paragraph.

48. Regarding the allegations in the first sentence of this paragraph, eBay admits that certain eBay executives at times took issue with EcommerceBytes's reporting. eBay is without knowledge or information sufficient to admit or deny the remaining allegations in the first sentence of this paragraph. Regarding the allegations in the second sentence of this paragraph, eBay admits that in May 2012, eBay sent an email to EcommerceBytes's web hosting company mistakenly stating that EcommerceBytes appeared to be a phishing site. eBay otherwise denies the remaining allegations in the second sentence of this paragraph. Regarding the allegations in the third sentence of this paragraph, eBay admits that it later sent a second email to the web hosting company acknowledging that its phishing report regarding EcommerceBytes was made in error.

49. eBay is without knowledge or information sufficient to admit or deny the allegations in this paragraph.

50. Regarding the allegations in the first sentence of this paragraph, eBay admits that Elliott Management bought eBay stock in January 2019 and proposed certain changes at eBay. eBay is without knowledge or information sufficient to admit or deny the remaining allegations in the first sentence of this paragraph. The allegations in the second sentence of this paragraph are vague, and eBay denies them on that basis. In the alternative, eBay is without knowledge or information sufficient to admit or deny the allegations in the second sentence of this paragraph.

**eBay's Focus on EcommerceBytes & the Steiners & Intimidation Tactics to Stop Their Reporting**

51. eBay admits that certain executives and public relations personnel at eBay followed EcommerceBytes's reporting. eBay is without knowledge or information sufficient to admit or deny the remaining allegations in this paragraph.

52. Regarding the allegations in the first sentence of this paragraph, eBay admits that at least by the spring of 2019, EcommerceBytes' reporting was a source of frustration at eBay. eBay is without knowledge or information sufficient to admit or deny the allegations in the second or third sentences of this paragraph.

53. eBay is without knowledge or information sufficient to admit or deny the allegations in the first, third, and fourth sentences of this paragraph. Regarding the allegations in the second sentence of this paragraph, eBay admits that on at least one occasion, Zea sent a summary of Ina Steiner's EcommerceBytes or social media posts regarding eBay to Baugh. eBay is otherwise without knowledge or information sufficient to admit or deny the remaining allegations in the second sentence of this paragraph.

54. Regarding the allegations in the first sentence of this paragraph, eBay admits that there were several calendar entries in 2019 for one-on-one meetings between Jones and Baugh. eBay is without knowledge or information sufficient to admit or deny the remaining allegations in the first sentence of this paragraph. eBay is without knowledge or information sufficient to admit or deny the allegations in the second sentence of this paragraph.

55. eBay admits the allegations in the first sentence of this paragraph. Regarding the allegations in the second sentence of this paragraph, eBay admits that in some articles relating to eBay, some anonymous comments were critical of eBay in general, and of its executive leadership in particular, but denies the allegation that such articles relating to eBay "oftentimes" had such

comments due to the vagueness of such characterizations.

56. eBay admits that an EcommerceBytes commenter with the handle “Fidomaster” or “UnsuckeBay” expressed negative opinions regarding eBay. The remaining allegations in this paragraph are vague, and eBay denies them on that basis. In the alternative, eBay is without knowledge or information sufficient to admit or deny the remaining allegations in this paragraph.

57. eBay admits that certain Criminal Defendants concluded there was a relationship between the Steiners and the individual who used the Fidomaster handle. eBay is otherwise without knowledge or information sufficient to admit or deny the remaining allegations in this paragraph.

58. The allegations in this paragraph purport to describe a March 21, 2019 email exchange among eBay employees, which eBay admits exists and which is the best evidence of its content. eBay denies any description of the email exchange not supported by the email exchange itself.

59. The allegations in this paragraph purport to characterize a March 21, 2019 email exchange between eBay employees, which eBay admits exists and which is the best evidence of its content. eBay denies any characterization of the email exchange not supported by the email exchange itself.

60. eBay admits that in approximately April or May 2019, Baugh met with GIC employees and told them the GIC would be writing an anonymous, handwritten, and threatening letter to Ina Steiner, to get her to stop publishing articles critical of eBay. eBay is otherwise without knowledge or information sufficient to admit or deny the remaining allegations in this paragraph.

61. The allegations in the first sentence of this paragraph purport to describe an April 10, 2019 article written by Ina Steiner, which is the best evidence of its content. eBay denies any description of the article not supported by the article itself. eBay denies that Wenig sent Wymer the text message described in the first sentence of this paragraph. eBay admits that on April 10, 2019,

Wymer sent Wenig the text message described in the first sentence of this paragraph. The allegations in the second sentence of this paragraph purport to describe a text message sent from Wymer to Wenig on April 10, 2019, which eBay admits exists and which is the best evidence of its content. eBay denies any description of the text message not supported by the text message itself, but admits text messages such as this one were inappropriate.

62. The allegations in this paragraph purport to describe a text message sent by Wenig to Wymer on April 20, 2019, which eBay admits exists and which is the best evidence of its content. eBay denies any description of the text message not supported by the text message itself, but admits text messages such as this one were inappropriate.

63. The allegations in the first sentence of this paragraph purport to describe a May 21, 2019 article written by Ina Steiner, which is the best evidence of its content. eBay denies any description of the article not supported by the article itself. The allegations in the second sentence of this paragraph purport to characterize posts by the Twitter account @FidoMaster1, which are the best evidence of their content. eBay denies any characterization of the posts not supported by the posts themselves.

64. The allegations in this paragraph purport to describe a May 23, 2019 email exchange among eBay employees, which eBay admits exists and which is the best evidence of its content. eBay denies any description of the email exchange that is not supported by the email exchange itself.

65. eBay is without knowledge or information sufficient to admit or deny the allegations in this paragraph.

66. The allegations in this paragraph purport to describe a May 31, 2019 text exchange between Wenig and Wymer and a May 31, 2019 article written by Ina Steiner, which eBay admits exist and which are the best evidence of their content. eBay denies any description of the texts that

are not supported by the texts themselves, but admits that text messages such as this one were inappropriate. eBay denies any characterization of the article that is not supported by the article itself.

67. eBay admits that there was an email sent to Veronica Zea confirming her registration for the "Reid Technique of Investigative Interviewing And Advanced Interrogation Techniques" course, and an invoice showing payment for that course and Veronica Zea and Michelle Alford as attendees. eBay is without knowledge or information sufficient to admit or deny the remaining allegations in this paragraph.

68. eBay is without knowledge or information sufficient to admit or deny the allegations in this paragraph.

69. eBay admits that it retained a consulting firm before June of 2019. eBay otherwise denies the remaining allegations in this paragraph.

70. The allegations in this paragraph purport to characterize a report prepared by Sloane & Company entitled "Next Steps: Alternative Digital Methods for Reducing Impact of Ina & David Steiner and EcommerceBytes.com," which is the best evidence of its content. eBay denies any characterization of the report that is not supported by the report itself.

71. eBay admits that certain Criminal Defendants concluded the Steiners and the individual who used the Fidomaster handle were working together. eBay is otherwise without knowledge or information sufficient to admit or deny the remaining allegations in this paragraph.

72. eBay admits that on or about June 8, 2019, Baugh called the Steiners' home in the middle of the night and hung up without speaking to them. eBay is otherwise without knowledge or information sufficient to admit or deny the allegations in this paragraph.

73. Regarding the allegations in the first sentence of this paragraph, eBay admits that on or about June 8, 2019, Gilbert went to the Steiners' home in Natick and scrawled the name

"Fidomaster" on their fence. eBay denies the allegations in the first sentence of this paragraph that Gilbert acted "in an effort to carry out eBay's directive and goal" or that he acted with "Jones' knowledge," and eBay is without knowledge or information sufficient to admit or deny the allegation in the first sentence of this paragraph that Gilbert acted "at Defendant Baugh's direction." The remaining allegations in the first sentence of this paragraph constitute legal conclusions, to which no response is required. To the extent a response is required, eBay admits that the course of conduct engaged in by the Criminal Defendants and admitted to in the DPA included acts that can be characterized as threats, harassment, and stalking and that eBay is responsible for the acts of its employees to the extent those acts are within the scope of the DPA. The allegations in the second and third sentences of this paragraph constitute legal conclusions, to which no response is required. To the extent a response is necessary, eBay is without knowledge or information sufficient to admit or deny the allegations in the second and third sentences of this paragraph. With respect to the fourth sentence of this paragraph, eBay admits that the Criminal Defendants defaced and vandalized the Steiners' property by scrawling "Fidomaster" on their fence.

74. The allegations in this paragraph constitute legal conclusions, to which no response is required. To the extent a response is necessary, eBay denies the allegation of a "conspiracy" and admits that the course of conduct engaged in by the Criminal Defendants and admitted to in the DPA included acts that can be characterized as threats, harassment, and stalking and that eBay is responsible for the acts of its employees to the extent those acts are within the scope of the DPA. As to allegations not within the scope of the DPA, eBay is without knowledge or information sufficient to admit or deny the allegations in this paragraph.

75. eBay is without knowledge or information sufficient to admit or deny the allegations in this paragraph.

76. eBay admits that on or about June 6, 2019, Baugh tasked the GIC with tracking all of Ina Steiner's and EcommerceBytes' articles and social media posts concerning eBay. eBay is without knowledge or information sufficient to admit or deny the remaining allegations in this paragraph.

77. The allegations in this paragraph purport to characterize a post by the account @laclips on July 9, 2019, which eBay admits exists and which is the best evidence of its content. eBay denies any characterization of the post that is not supported by the post itself.

78. The allegations in this paragraph purport to characterize a July 10, 2019 email exchange among eBay employees, which eBay admits exists and which is the best evidence of its content. eBay denies any characterization of the email exchange that is not supported by the email exchange itself.

79. The allegations in this paragraph purport to describe a July 15, 2019 email from Wymer to Baugh, which eBay admits exists and which is the best evidence of its content. eBay denies any description of the email that is not supported by the email exchange itself.

80. The allegations in this paragraph purport to describe a text message from cindywenig@yahoo.com to Baugh, which eBay admits exists and which is the best evidence of its content. eBay denies any description of the text message that is not supported by the text message itself.

81. eBay is without knowledge or information sufficient to admit or deny the allegations in this paragraph.

**August 2019 & the Plan to Take Down EcommerceBytes & the Steiners to Stop Their Reporting**

82. The allegations in the first and second sentence of this paragraph purport to characterize an August 1, 2019 article by Ina Steiner, which is the best evidence of its content.

eBay denies any characterization of the article that is not supported by the article itself. The allegations in the third and fourth sentence of this paragraph purport to describe text messages sent between Wymer and Wenig on August 1, 2019, which eBay admits exist and which are the best evidence of their content. eBay denies any description of the text messages not supported by the text messages themselves, except that eBay admits that text messages such as these were inappropriate. eBay denies the allegations in the fifth sentence of this paragraph that Wenig's text message was a "directive to take the Steiners' down" that "travel[ed] down the chain of command at eBay," insofar as this allegation is meant to imply that Wenig directed the Criminal Defendants to engage in any unlawful conduct, and is without knowledge or information sufficient to admit or deny the allegation that the harassment campaign was "financed by Defendant PFC." The remaining allegations in the fifth sentence of this paragraph constitute legal conclusions, to which no response is required. To the extent a response is necessary, eBay denies the remaining allegations in the fifth sentence of this paragraph.

83. Regarding the allegations in the first and second sentences of this paragraph, eBay admits that Wenig was on sabbatical from July 29, 2019 to August 26, 2019 and that Jones was on sabbatical from July 25, 2019 to August 26, 2019. eBay otherwise denies the allegations in the first and second sentences of this paragraph. The allegations in the third sentence of this paragraph constitute legal conclusions, to which no response is required. To the extent a response is necessary, eBay denies the allegation of a "conspiracy" and is otherwise without knowledge or information sufficient to admit or deny the allegations in the third sentence of this paragraph.

84. The allegations in the first sentence of this paragraph purport to characterize an August 1, 2019 article by Ina Steiner, which is the best evidence of its content. eBay denies any characterization of the article that is not supported by the article itself. The remaining allegations in the first sentence of this paragraph constitute legal conclusions, to which no response is required.

To the extent a response is necessary, eBay denies the remaining allegations in the first sentence of this paragraph. The allegations in the second sentence of this paragraph purport to describe the Criminal Defendants' plea hearings, the transcripts of which are the best evidence of the content of the plea hearings. eBay denies any description of the plea hearings not supported by the plea hearing transcripts themselves.

85. The allegations in this paragraph purport to characterize text messages sent between Wymer and Baugh, which eBay admits exist and which are the best evidence of their content. eBay denies any characterization of the text messages not supported by the text messages themselves, except that eBay admits that text messages such as these were inappropriate. eBay denies the remaining allegations in this paragraph.

86. The allegations in this paragraph purport to characterize text messages sent between Wymer and Baugh, which eBay admits exist and which are the best evidence of their content. eBay denies any characterization of the text messages not supported by the text messages themselves, except that eBay admits that text messages such as these are inappropriate. The remaining allegations in this paragraph constitute legal conclusions, to which no response is required. To the extent a response is necessary, eBay denies the remaining allegations in this paragraph.

87. The allegations in this paragraph constitute legal conclusions, to which no response is required. To the extent a response is necessary, eBay admits that it is responsible for the acts of its employees that can be characterized as stalking to the extent those acts are within the scope of the DPA. As to allegations not within the scope of the DPA, eBay is without knowledge or information sufficient to admit or deny the allegations in this paragraph.

88. eBay is without knowledge or information sufficient to admit or deny the allegations in this paragraph.

89. eBay admits that there is a charge for a round trip flight to Long Beach, California

departing on August 16, 2019 purchased for Gilbert on Zea's PFC corporate card, and eBay is without knowledge or information sufficient to admit or deny the remaining allegations in this paragraph.

90. The allegations in this paragraph constitute legal conclusions, to which no response is required. To the extent a response is necessary, eBay denies the allegation of a "conspiracy" and is otherwise without knowledge or information sufficient to admit or deny the allegations in this paragraph.

91. The allegations in this paragraph purport to describe an August 6, 2019 email exchange among eBay employees, which eBay admits exists and which is the best evidence of its content. eBay denies any description of the email exchange that is not supported by the email exchange itself.

92. The allegations in this paragraph purport to describe an August 6, 2019 email exchange among eBay employees, which eBay admits exists and which is the best evidence of its content. eBay denies any description of the email exchange that is not supported by the email exchange itself.

93. eBay admits that on or about August 6, 2019, Baugh, Popp, Stockwell, Zea, and other members of the GIC met at eBay headquarters to plan the delivery to the Steiners' home of unwanted and disturbing items to distract the Steiners from publishing the Newsletter. The remaining allegations in this paragraph constitute legal conclusions, to which no response is required. To the extent a response is necessary, eBay denies the allegations.

94. eBay is without knowledge or information sufficient to admit or deny the allegations in the first and third sentences of this paragraph. The allegations in the second sentence of this paragraph constitute legal conclusions, to which no response is required. To the extent a response is necessary, eBay denies the allegation of a "conspiracy" and admits that the course of conduct

engaged in by the Criminal Defendants and admitted to in the DPA included acts that can be characterized as threats, harassment, and stalking and that eBay is responsible for the acts of its employees to the extent those acts are within the scope of the DPA. eBay is otherwise without knowledge or information sufficient to admit or deny the allegations in the second sentence of this paragraph.

95. eBay is without knowledge or information sufficient to admit or deny the allegations in this paragraph.

96. eBay admits that after Baugh received Wymer's text messages and emails about the Steiners, EcommerceBytes, and Fidomaster, Baugh shared them with, among others, Harville, Gilbert, Cooke, Popp, Stockwell, and Zea. eBay denies that "eBay, through Defendants Wenig, Wymer, and Jones, sanctioned" the harassment campaign and is without knowledge or information sufficient to admit or deny the allegation that these messages were shared "[d]uring the same meeting." The remaining allegations of this paragraph constitute legal conclusions, to which no response is required. To the extent a response is necessary, denies the allegations.

97. eBay denies the allegation of a "conspiracy" and is otherwise without knowledge or information sufficient to admit or deny the allegations in the first sentence of this paragraph. eBay denies the allegations in the second sentence of this paragraph.

98. eBay admits that on or about August 6, 2019, Baugh, Gilbert, Cooke, and Popp met at eBay headquarters to plan the White Knight Strategy, which involved offering the Steiners assistance with the very harassment they were committing, to earn the Steiners' good will. eBay is otherwise without knowledge or information sufficient to admit or deny the remaining allegations in this paragraph.

99. eBay admits that Popp created a Twitter account in the name of @Tui_Elei and used it as part of the harassment campaign. eBay is without knowledge or information sufficient to

admit or deny the remaining allegations in this paragraph.

100. Regarding the allegations in the first sentence of this paragraph, eBay denies the allegation of a "conspiracy" and admits that the course of conduct engaged in by the Criminal Defendants and admitted to in the DPA included acts that can be characterized as threats, harassment, and stalking and that eBay is responsible for the acts of its employees to the extent those acts are within the scope of the DPA. The remaining allegations in the first sentence of this paragraph constitute legal conclusions, to which no response is required. To the extent a response is necessary, eBay denies the allegations in the first sentence of this paragraph. The allegations in the second sentence of this paragraph purport to describe the Criminal Defendants' plea hearings, the transcripts of which are the best evidence of the content of the plea hearings. eBay denies any description of the plea hearings not supported by the plea hearing transcripts themselves. The remaining allegations in the second sentence of this paragraph constitute legal conclusions, to which no response is required. To the extent a response is necessary, eBay denies the allegations in the remaining allegations in the second sentence of this paragraph.

101. eBay admits that on or about August 6, 2019, Stockwell purchased a laptop computer at a Best Buy store in San Jose, California for use in the harassment and intimidation campaign. eBay is otherwise without knowledge or information sufficient to admit or deny the remaining allegations in this paragraph.

102. eBay admits that the Criminal Defendants used VPN services to disguise their roles in the harassment and intimidation campaign. eBay is otherwise without knowledge or information sufficient to admit or deny the remaining allegations in this paragraph.

103. eBay admits that on or about August 6, 2019, Popp created a Twitter account in the name of "@Tui_Elei" that used a picture of a skeleton mask as a profile picture. eBay is without knowledge or information sufficient to admit or deny the allegation that "Baugh approved the

image . . . to further intimidate the Steiners." The remaining allegations in this paragraph constitute legal conclusions, to which no response is required. To the extent a response is required, eBay admits that it is responsible for the acts of its employees admitted to in the DPA.

104. Regarding the allegations in the first sentence of this paragraph, eBay admits that the Criminal Defendants sent threatening Twitter posts and direct messages to the Steiners and created an impression that eBay sellers disapproved of EcommerceBytes's coverage. eBay is otherwise without knowledge or information sufficient to admit or deny the remaining allegations in the first sentence of this paragraph. Regarding the allegations in the second and third sentences of this paragraph, eBay admits that the Criminal Defendants communicated by WhatsApp regarding how to harass the Steiners in an attempt to conceal their harassment campaign. The remaining allegations in the second and third sentences of this paragraph constitute legal conclusions, to which no response is required. To the extent a response is necessary, eBay denies the allegations of a "conspiracy" and is without knowledge or information sufficient to admit or deny the remaining allegations in the second and third sentences of this paragraph.

105. The allegations in this paragraph purport to characterize August 6, 2019 emails exchanged among eBay employees, which eBay admits exist and which are the best evidence of their content. eBay denies any characterization of the emails that is not supported by the emails themselves. The remaining allegations in this paragraph are vague, and eBay denies them on that basis.

106. The allegations in this paragraph purport to describe a Twitter direct message sent by the account @Tui_Elei on or about August 7, 2019, which eBay admits exist and which is the best evidence of its content. eBay denies any description of the Twitter direct message that is not supported by the Twitter direct message itself.

107. The allegations in this paragraph purport to describe a Twitter direct message sent

by the account @Tui_Elei on August 7, 2019, which eBay admits exist and which is the best evidence of its content. eBay denies any description of the Twitter direct message that is not supported by the Twitter direct message itself.

108. eBay admits that Huber, Wymer, and Baugh emailed that day and denies the remaining allegations in this paragraph as vague.

109. The allegations in this paragraph purport to describe an August 7, 2019 email exchange among eBay employees, which eBay admits exist and which is the best evidence of its content. eBay denies any description of the email exchange that is not supported by the email exchange itself.

110. The allegations in this paragraph purport to describe an August 7, 2019 email exchange among eBay employees, which eBay admits exist and which is the best evidence of its content. eBay denies any description of the email exchange that is not supported by the email exchange itself, except that eBay admits that emails such as this one were inappropriate.

111. eBay is without knowledge or information sufficient to admit or deny the allegations in the first, second, third, fourth, and fifth sentences of this paragraph. The allegations in the sixth sentence of this paragraph constitute legal conclusions, to which no response is required. To the extent a response is necessary, eBay denies the allegation of a "conspiracy" and is without knowledge or information sufficient to admit or deny the allegations in the sixth sentence of this paragraph.

112. The allegations in this paragraph purport to describe an August 11, 2019 text message from Baugh to Harville, which eBay admits exist and which is the best evidence of its content. eBay denies any description of the message that is not supported by the message itself. eBay is without knowledge or information sufficient to admit or deny the remaining allegations in this paragraph.

113. Regarding the allegations in the first sentence of this paragraph, eBay admits that the Criminal Defendants used prepaid cell phones and laptops to disguise their roles in the harassment and intimidation campaign. eBay is otherwise without knowledge or information sufficient to admit or deny the remaining allegations in the first sentence of this paragraph. Regarding the allegations in the second sentence of this paragraph, eBay admits that on or about August 8, 2019, Zea and a GIC analyst purchased prepaid debit cards with cash at a Santa Clara, California supermarket. eBay is otherwise without knowledge or information sufficient to admit or deny the remaining allegations in the second sentence of this paragraph.

114. eBay is without knowledge or information sufficient to admit or deny the allegations in this paragraph.

115. eBay is without knowledge or information sufficient to admit or deny the allegations in this paragraph.

116. eBay admits the allegations in this paragraph.

117. The allegations in this paragraph purport to describe a Twitter direct message sent by the account @Tui_Elei on August 9, 2019, which eBay admits exists and which is the best evidence of its content. eBay denies any description of the Twitter direct message that is not supported by the Twitter direct message itself. eBay is without knowledge or information sufficient to admit or deny the remaining allegations in this paragraph.

118. The allegations in this paragraph purport to describe a Twitter direct message sent by the account @Tui_Elei on August 9, 2019, which eBay admits exists and which is the best evidence of its content. eBay denies any description of the Twitter direct message that is not supported by the Twitter direct message itself.

119. eBay is without knowledge or information sufficient to admit or deny the allegations in this paragraph.

120. The allegations in this paragraph purport to describe a Twitter direct message sent by the account @Tui_Elei on August 9, 2019, which eBay admits exists and which is the best evidence of its content. eBay denies any description of the Twitter direct message that is not supported by the Twitter direct message itself.

121. eBay admits that on or about August 9, 2019, one or more of the Criminal Defendants attempted to order a pig fetus for delivery to the Steiners' home. eBay is without knowledge or information sufficient to admit or deny the allegation that this attempted delivery was "paid for by PFC." The remaining allegations in this paragraph constitute legal conclusions, to which no response is required. To the extent a response is required, eBay admits that it is responsible for the acts of its employees to the extent those acts are within the scope of the DPA. As to allegations not within the scope of the DPA, eBay denies the allegations in this paragraph.

122. eBay is without knowledge or information sufficient to admit or deny the allegations in this paragraph.

123. Regarding the allegations in the first sentence of this paragraph, eBay admits that on or about August 10, 2019, one or more of the Criminal Defendants ordered a Halloween Pig Mask for delivery to the Steiners' home. eBay is otherwise without knowledge or information sufficient to admit or deny the remaining allegations in the first sentence of this paragraph. eBay is without knowledge or information sufficient to admit or deny the allegations in the second sentence of this paragraph.

124. The allegations in this paragraph purport to describe a Twitter direct message sent by the account @Tui_Elei on August 10, 2019, which eBay admits exists and which is the best evidence of its content. eBay denies any description of the Twitter direct message that is not supported by the Twitter direct message itself. eBay is without knowledge or information sufficient to admit or deny the remaining allegations in this paragraph.

125. The allegations in this paragraph purport to describe Twitter direct messages sent by the account @Tui_Elei, which eBay admits exist and which are the best evidence of their content. eBay denies any description of the Twitter direct messages that is not supported by the Twitter direct messages themselves.

126. eBay admits that the Criminal Defendants engaged in the course of conduct admitted to in the DPA, that the course of conduct included acts that can be characterized as threats, harassment, and stalking, and that eBay is responsible for the acts of its employees admitted to in the DPA. The remaining allegations in the first sentences of this paragraph purport to describe text messages sent between Wymer and Baugh, which eBay admits exist and which are the best evidence of their content. eBay denies any description of the text messages not supported by the text messages themselves, except that eBay admits text messages such as these were inappropriate. The remaining allegations in the first sentence of this paragraph are vague and eBay denies them on that basis. The allegations in the second sentence of this paragraph constitute legal conclusions, to which no response is required. To the extent a response is necessary, eBay admits that it is responsible for the acts of its employees to the extent those acts are within the scope of the DPA and further admits that certain communications from Wenig, Wymer, and Jones were inappropriate. As to allegations not within the scope of the DPA, eBay denies the allegations against eBay and is without knowledge or information sufficient to admit or deny the allegations against PFC. eBay is without knowledge or information sufficient to admit or deny the allegations in the third sentence of this paragraph.

127. eBay admits that on or about August 11, 2019, Baugh directed Harville to travel with him to Boston for an "op" targeting Ina Steiner and her website, and that the purposes of the harassment campaign were, among other things, to alter EcommerceBytes's coverage of eBay. eBay is otherwise without knowledge or information sufficient to admit or deny the remaining

allegations in this paragraph.

128. eBay admits that the Criminal Defendants engaged in the course of conduct admitted to in the DPA and that the course of conduct included acts that can be characterized as threats, harassment, and stalking. The allegations in the second sentence of this paragraph purport to describe a Twitter direct message sent by the account @Tui_Elei on August 11, 2019, which eBay admits exists and which is the best evidence of its content. eBay denies any description of the Twitter direct message that is not supported by the Twitter direct message itself.

129. The allegations in the first sentence of this paragraph purport to describe a WhatsApp message sent by Baugh to Popp, Stockwell, Zea, and other GIC analysts on or about August 12, 2019, which eBay admits exists and which is the best evidence of its content. eBay denies any description of the message that is not supported by the message itself. eBay is without knowledge or information sufficient to admit or deny the remaining allegations in the first sentence of this paragraph, except that eBay admits that certain communications from Wenig, Wymer, and Jones were inappropriate. eBay is without knowledge or information sufficient to admit or deny the allegations in the second sentence of this paragraph.

130. eBay admits that the Criminal Defendants engaged in a course of conduct admitted to in the DPA and that the course of conduct included acts that can be characterized as threats, harassment, and stalking. The remaining allegations in the first sentence of this paragraph are vague, and eBay denies them on that basis. Regarding the allegations in the second sentence of this paragraph, eBay admits that on or about August 12, 2019, one or more of the Criminal Defendants sent a book title "Grief Diaries: Surviving Loss of a Spouse" to the Steiners' home. eBay is without knowledge or information sufficient to admit or deny the allegation in the second sentence of this paragraph that the book was "paid for by Defendant PFC." The remaining allegations in the second sentence of this paragraph constitute legal conclusions, to which no response is required. To the

extent a response is required, eBay admits that it is responsible for the acts of its employees to the extent those acts are within the scope of the DPA. As to allegations not within the scope of the DPA, eBay is without knowledge or information sufficient to admit or deny the remaining allegations in the second sentence of this paragraph.

131. eBay admits that the @Tui_Elei account posted publicly on Ina Steiner's Twitter account.

132. eBay is without knowledge or information sufficient to admit or deny the allegations in this paragraph.

133. eBay admits that on or about August 9, 2019, Stockwell used an anonymous email account to order live spiders and fly larvae for delivery to the Steiners' home, and that on or about August 14, 2019, one or more of the Criminal Defendants ordered live cockroaches for delivery to the Steiners' home. eBay is without knowledge or information sufficient to admit or deny the allegations in this paragraph that the live spiders and fly larvae delivery was from "Carolina Biological Supply in Burlington, North Carolina," that the live cockroaches were from "Dubai Roaches in Wichita, Kansas," that orders were "paid for by PFC," and that Stockwell used a "Protonmail account that was specifically created for the" harassment campaign. The remaining allegations constitute legal conclusions, to which no response is required. To the extent a response is necessary, eBay denies the allegation of a "conspiracy" and admits that it is responsible for the acts of its employees to the extent those acts are within the scope of the DPA.

134. eBay admits that the Criminal Defendants' conduct caused substantial emotional distress to the Steiners. eBay is without knowledge or information sufficient to admit or deny the remaining allegations in this paragraph.

135. eBay admits that the Criminal Defendants engaged in the course of conduct admitted to in the DPA, that such conduct was extreme and outrageous, and that eBay is

responsible for the acts of the Criminal Defendants admitted to in the DPA. eBay otherwise denies the allegations in this paragraph as to eBay and is without knowledge or information sufficient to admit or deny the allegations as to the remaining Defendants.

136. eBay is without knowledge or information sufficient to admit or deny the allegation in the first sentence of this paragraph that "the Steiners took steps to protect their personal safety and their home." The remaining allegations in the first sentence of this paragraph constitute legal conclusions, to which no response is required. To the extent a response is necessary, eBay denies the allegation of a "conspiracy" and admits that the course of conduct engaged in by the Criminal Defendants and admitted to in the DPA included acts that can be characterized as threats, harassment, and stalking and that eBay is responsible for the acts of its employees to the extent those acts are within the scope of the DPA. As to allegations not within the scope of the DPA, eBay denies the remaining allegations in the first sentence of this paragraph. eBay is without knowledge or information sufficient to admit or deny the allegations in the second sentence of this paragraph. Regarding the allegations in the third sentence of this paragraph, eBay admits that the Criminal Defendants engaged in the course of conduct admitted to in the DPA and that the course of conduct included acts that can be characterized as threats, harassment, and stalking. The remaining allegations in the third sentence of this paragraph constitute legal conclusions, to which no response is required. To the extent a response is necessary, eBay denies the allegations in the third sentence of this paragraph.

137. Regarding the allegations in the first and second sentences of this paragraph, eBay admits that on or about August 14, 2019, Baugh, Harville, Zea, Gilbert, and Popp met to discuss a trip to Natick, Massachusetts to install a GPS tracking device on the Steiners' car and to surveil the Steiners. eBay is without knowledge or information sufficient to admit or deny the remaining allegations in the first sentence of this paragraph. In the alternative, the remaining allegations in the

first sentence of this paragraph are vague, and eBay denies them on that basis. eBay is without knowledge or information sufficient to admit or deny the allegations in the third and fourth sentences of this paragraph.

138. eBay admits that on or about August 14, 2019, Zea attempted to register herself and Harville for a software development conference in Boston as false cover for the surveillance trip. eBay is without knowledge or information sufficient to admit or deny the remaining allegations in this paragraph.

139. eBay admits that on or about August 15, 2019, Harville used his eBay-issued phone to visit a website that could be used to monitor the "Natick Police and Fire Live Audio Feed." eBay is without knowledge or information sufficient to admit or deny the remaining allegations in this paragraph.

140. eBay admits that Harville and Zea were admitted off the waitlist for the conference and that neither of them ever attended the event. eBay is without knowledge or information sufficient to admit or deny the remaining allegations in this paragraph.

141. The allegations in the first sentence of this paragraph constitute legal conclusions, to which no response is required. To the extent a response is required, eBay admits that it is responsible for the acts of its employees to the extent those acts are within the scope of the DPA. As to allegations not within the scope of the DPA, eBay is without knowledge or information sufficient to admit or deny the allegations in the first sentence of this paragraph. eBay is without knowledge or information sufficient to admit or deny the allegations in the second sentence of this paragraph. The allegations in the third sentence of this paragraph constitute legal conclusions, to which no response is required. To the extent a response is required, eBay denies the allegation of a "conspiracy" and admits that the course of conduct engaged in by the Criminal Defendants and admitted to in the DPA included acts that can be characterized as threats, harassment, and stalking

and that eBay is responsible for the acts of its employees to the extent those acts are within the scope of the DPA. As to allegations not within the scope of the DPA, eBay is without knowledge or information sufficient to admit or deny the allegations in the third sentence of this paragraph.

142. The allegations in this paragraph constitute legal conclusions, to which no response is required. To the extent a response is necessary, eBay denies the allegations in this paragraph.

143. Regarding the allegations in the first sentence of this paragraph, eBay admits that on or about August 15, 2019, Baugh, Harville, and Zea flew from California to Boston, Massachusetts. The remaining allegations in the first sentence of this paragraph constitute legal conclusions, to which no response is required. To the extent a response is required, eBay admits that it is responsible for the acts of its employees to the extent those acts are within the scope of the DPA. As to allegations not within the scope of the DPA, eBay denies the allegations against eBay and is without knowledge or information sufficient to admit or deny the allegations against PFC in the first sentence of this paragraph. Regarding the allegations in the second, third, and fourth sentences of this paragraph, eBay admits that there is a charge for Alamo Rent A Car on Zea's PFC corporate card with an August 16 transaction date and a charge for Enterprise Rent-A-Car on Harville's corporate card with an August 23, 2019 transaction date. eBay denies that Baugh, Harville and Zea were "acting at the direction of eBay to silence the Steiners," that "these were events sanctioned by eBay," and that Harville "had no concerns about concealing his activities from the company." eBay is otherwise without knowledge or information sufficient to admit or deny the remaining allegations in the second, third, and fourth sentences of this paragraph. Regarding the allegations in the fifth sentence of this paragraph, eBay admits that there are charges for hotel rooms for Baugh, Harville, and Zea at the Ritz Carlton in Boston on Zea's PFC corporate card with August 2019 transaction dates. eBay is otherwise without knowledge or information sufficient to admit or deny the remaining allegations in the fifth sentence of this paragraph. eBay is

without knowledge or information sufficient to admit or deny the allegations in the sixth sentence of this paragraph.

144. eBay admits that on or about August 15, 2019, Baugh, Harville, and Zea flew from California to Boston, Massachusetts. eBay further admits that the Criminal Defendants engaged in the course of conduct admitted to in the DPA and that the course of conduct included acts that can be characterized as threats, harassment, and stalking. eBay is without knowledge or information sufficient to admit or deny the allegations relating to PFC and Krystek.

145. eBay admits that on or about August 13, 2019, one or more of the Criminal Defendants ordered a funeral wreath for delivery to the Steiners' home. eBay is otherwise without knowledge or information sufficient to admit or deny the remaining allegations in this paragraph.

146. eBay admits that one or more of the Criminal Defendants ordered a subscription for pornographic magazines in the name of David Steiner to be sent to the Steiners' neighbors in order to embarrass the Steiners. The remaining allegations in this paragraph constitute legal conclusions, to which no response is required. To the extent a response is necessary, eBay is without knowledge or information sufficient to admit or deny the remaining allegations in this paragraph.

147. Regarding the allegations in the first sentence of this paragraph, eBay admits that on or about August 15, 2019, Baugh, Harville, and Zea drove to the Steiners' home in Natick. eBay further admits that the Criminal Defendants engaged in the course of conduct admitted to in the DPA and that the course of conduct included acts that can be characterized as threats, harassment, and stalking. eBay is without knowledge or information sufficient to admit or deny the allegations in the first sentence of this paragraph regarding the time at which Baugh, Harville, and Zea drove to the Steiners' home. The remaining allegations in the first sentence of this paragraph constitute legal conclusions, to which no response is required. To the extent a response is necessary, eBay denies the allegation of a "conspiracy" and admits that the course of conduct engaged in by the

Criminal Defendants and admitted to in the DPA included acts that can be characterized as threats, harassment, and stalking and that eBay is responsible for the acts of its employees to the extent those acts are within the scope of the DPA. As to allegations not within the scope of the DPA, eBay denies the remaining allegations in the first sentence of this paragraph. Regarding the allegations in the second sentence of this paragraph, eBay admits that the Criminal Defendants' conduct caused substantial emotional distress to the Steiners. eBay is otherwise without knowledge or information sufficient to admit or deny the remaining allegations in the second sentence of this paragraph.

148. Regarding the allegations in the first and second sentences of this paragraph, eBay admits that Baugh, Harville, and Zea attempted unsuccessfully to install a GPS tracking device on the Steiners' car, which was locked in the Steiners' garage. eBay is otherwise without knowledge or information sufficient to admit or deny the remaining allegations in the first and second sentences of this paragraph. The allegations in the third sentence of this paragraph constitute legal conclusions, to which no response is required. To the extent a response is necessary, eBay is without knowledge or information sufficient to admit or deny the allegations in the third sentence of this paragraph.

149. eBay admits that on or about August 15, 2019, Baugh, Harville, Popp, and Zea dialed in to a conference line to communicate during the surveillance operation and to monitor the NPD dispatch and that Stockwell sent a text message to Harville providing the license plate numbers for the Steiners' cars. eBay is otherwise without knowledge or information sufficient to admit or deny the remaining allegations in this paragraph.

150. eBay is without knowledge or information sufficient to admit or deny the allegations in this paragraph.

151. Regarding the allegations in the first sentence of this paragraph, eBay admits that on or about August 16, 2019, Harville purchased tools at a Boston hardware store for the purpose of

breaking into the Steiners' locked garage. eBay is without knowledge or information sufficient to admit or deny the allegations in the first sentence of this paragraph regarding what items Harville purchased from the Boston hardware store. The remaining allegations in the first sentence of this paragraph constitute legal conclusions, to which no response is required. To the extent a response is required, eBay admits that it is responsible for the acts of its employees to the extent those acts are within the scope of the DPA. Regarding the allegations in the second sentence of this paragraph, eBay admits that there is a charge for a Boston hardware store on Harville's eBay corporate card with an August 16, 2019 transaction date. eBay denies the allegations that "this was an eBay sanctioned operation" or that Harville "did not have concerns about concealing his activities from the company."

152. eBay admits that on or about August 16, 2019, Baugh, Harville, and Zea returned to Natick in a rented Dodge Caravan to surveil the Steiners, and drove past their home repeatedly. The remaining allegations in this paragraph constitute legal conclusions, to which no response is required. To the extent a response is required, eBay admits that it is responsible for the acts of its employees that can be characterized as stalking to the extent those acts are within the scope of the DPA. As to allegations not within the scope of the DPA, eBay is without knowledge or information sufficient to admit or deny the allegations in this paragraph.

153. eBay is without knowledge or information sufficient to admit or deny the allegations in the first, third, and fourth sentences of this paragraph. Regarding the allegations in the second sentence of this paragraph, eBay admits that the Criminal Defendants' conduct caused substantial emotional distress to the Steiners. eBay is otherwise without knowledge or information sufficient to admit or deny the remaining allegations in the second sentence of this paragraph.

154. eBay admits that on or about August 16, 2019, Baugh, Harville, and Zea returned to Natick in a rented Dodge Caravan and drove past the Steiners' home repeatedly. eBay is otherwise

without knowledge or information sufficient to admit or deny the remaining allegations in this paragraph.

155. Regarding the allegations in the first sentence of this paragraph, eBay admits that on or about August 16, 2019, Baugh, Harville, and Zea returned to Natick in a rented Dodge Caravan and drove past the Steiners' home repeatedly. eBay is without knowledge or information sufficient to admit or deny the allegations that the Criminal Defendants "d[rove] around the block repeatedly" and "parked at the end of the street to watch the Steiner residence." The remaining allegations in the first sentence of this paragraph constitute legal conclusions, to which no response is required. To the extent a response is required, eBay admits that it is responsible for the acts of its employees to the extent those acts are within the scope of the DPA. Regarding the allegations in the second sentence of this paragraph, eBay admits that on at least two separate occasions, some of the Criminal Defendants followed David Steiner as he drove around Natick. eBay is otherwise without knowledge or information sufficient to admit or deny the remaining allegations in the second sentence of this paragraph. The allegations in the third sentence of this paragraph constitute legal conclusions, to which no response is required. To the extent a response is necessary, eBay is without knowledge or information sufficient to admit or deny the allegations in the third sentence of this paragraph.

156. The allegations in the first, second, sixth, seventh, and eighth sentences of this paragraph constitute legal conclusions, to which no response is required. To the extent a response is necessary, eBay is without knowledge or information sufficient to admit or deny the allegations in the first, second, sixth, and seventh sentences of this paragraph. Regarding the allegations in the eighth sentence of this paragraph, eBay admits that it is responsible for the acts of its employees to the extent those acts are within the scope of the DPA and is otherwise without knowledge or information sufficient to admit or deny the allegations. Regarding the allegations in the third

sentence of this paragraph, eBay admits that one or more of the Criminal Defendants ordered a book titled "Grief Diaries: Surviving Loss of a Spouse," a funeral wreath, and a Halloween Pig Mask for delivery to the Steiners' home. The remaining allegations in the third sentence of this paragraph constitute legal conclusions, to which no response is required. To the extent a response is necessary, eBay is without knowledge or information sufficient to admit or deny the allegations in the third sentence of this paragraph. eBay is without knowledge or information sufficient to admit or deny the allegations in the fourth sentence of this paragraph. Regarding the allegations in the fifth sentence of this paragraph, eBay admits that on at least two separate occasions, some of the Criminal Defendants followed David Steiner as he drove around Natick. The remaining allegations in the fifth sentence of this paragraph constitute legal conclusions, to which no response is required. To the extent a response is necessary, eBay is without knowledge or information sufficient to admit or deny the allegations in the fifth sentence of this paragraph. Regarding the allegations in the ninth sentence of this paragraph, eBay admits that the Criminal Defendants' conduct caused substantial emotional distress to the Steiners. The remaining allegations in the ninth sentence of this paragraph constitute legal conclusions, to which no response is required. To the extent a response is necessary, eBay is without knowledge or information sufficient to admit or deny the allegations in the ninth sentence of this paragraph.

157. eBay is without knowledge or information sufficient to admit or deny the allegations in this paragraph.

158. Regarding the allegations in the first sentence of this paragraph, eBay admits that the Criminal Defendants' conduct caused substantial emotional distress to the Steiners. eBay is without knowledge or information sufficient to admit or deny the remaining allegations in the first sentence of this paragraph. eBay is without knowledge or information sufficient to admit or deny the allegations in the second sentence of this paragraph. The allegations in the third sentence of this

paragraph constitute legal conclusions, to which no response is required. To the extent a response is necessary, eBay is without knowledge or information sufficient to admit or deny the allegations in the third sentence of this paragraph.

159. Regarding the allegations in the first sentence of this paragraph, eBay admits that on or about August 16, 2019, Baugh directed that harassing deliveries to the Steiners resume. eBay is without knowledge or information sufficient to admit or deny the allegations that Popp, Stockwell, Gilbert, and Cooke “remained in California” and that the deliveries were “paid for by Defendant PFC with the approval of Defendant Krystek.” The remaining allegations in the first sentence of this paragraph constitute legal conclusions, to which no response is required. To the extent a response is necessary, eBay denies the allegation of a “conspiracy” and admits that the course of conduct engaged in by the Criminal Defendants and admitted to in the DPA included acts that can be characterized as threats, harassment, and stalking and that eBay is responsible for the acts of its employees to the extent those acts are within the scope of the DPA. The allegations in the second sentence of this paragraph constitute legal conclusions, to which no response is required. To the extent a response is necessary, eBay denies the allegation of a “conspiracy” and is without knowledge or information sufficient to admit or deny the allegations in the second sentence of this paragraph.

160. eBay admits that the course of conduct engaged in by the Criminal Defendants and admitted to in the DPA included acts that can be characterized as threats, harassment, and stalking and that eBay is responsible for the acts of its employees to the extent those acts are within the scope of the DPA. The allegations in the second, third, and fourth sentences of this paragraph constitute legal conclusions, to which no response is required. To the extent a response is necessary, eBay admits that it is responsible for the acts of its employees that can be characterized as stalking to the extent those acts are within the scope of the DPA. As to allegations not within the

scope of the DPA, eBay admits that the conduct of the Criminal Defendants caused substantial emotional distress and is otherwise without knowledge or information sufficient to admit or deny the allegations in the second, third, and fourth sentences of this paragraph.

161. Regarding the allegations in the first and second sentences of this paragraph, eBay admits that the Criminal Defendants' conduct caused and would reasonably have been expected to cause substantial emotional distress to the Steiners. eBay is otherwise without knowledge or information sufficient to admit or deny the remaining allegations in the first and second sentences of this paragraph. The allegations in the third and fourth sentences of this paragraph constitute legal conclusions, to which no response is required. To the extent a response is necessary, eBay is without knowledge or information sufficient to admit or deny the allegations in the third and fourth sentences of this paragraph.

162. The allegations in the first sentence of this paragraph purport to describe messages on August 20-21, 2019, sent among the Criminal Defendants, which eBay admits exist and which are the best evidence of their content. eBay denies any description of the messages not supported by the messages themselves. Regarding the allegations in the second sentence of this paragraph, eBay admits that the Criminal Defendants continued their surveillance even after the Steiners had detected it and that the conduct of the Criminal Defendants caused substantial emotional distress to the Steiners. The remaining allegations in the second sentence of this paragraph constitute legal conclusions, to which no response is required. To the extent a response is necessary, eBay admits that it is responsible for the acts of its employees that can be characterized as stalking to the extent those acts are within the scope of the DPA. As to allegations not within the scope of the DPA, eBay denies the remaining allegations in the second sentence of this paragraph. The allegations in the third, fourth, and sixth sentences of this paragraph constitute legal conclusions, to which no response is required. To the extent a response is necessary, eBay admits that it is responsible for the

acts of its employees that can be characterized as stalking to the extent those acts are within the scope of the DPA. As to allegations not within the scope of the DPA, eBay is without knowledge or information sufficient to admit or deny the allegations in the third, fourth, and sixth sentences of this paragraph. Regarding the allegations in the fifth sentence of this paragraph, eBay admits that the Criminal Defendants' conduct caused substantial emotional distress to the Steiners. The remaining allegations in the fifth sentence of this paragraph constitute legal conclusions, to which no response is required. To the extent a response is necessary, eBay is without knowledge or information sufficient to admit or deny the remaining allegations in the fifth sentence of this paragraph.

163. Regarding the allegations in the first sentence of this paragraph, eBay admits that on or about August 17, 2019, Stockwell researched Boston-area 24-hour drain repair services on the internet for the purpose of sending a repairman to the Steiners' home in the middle of the night. eBay is otherwise without knowledge or information sufficient to admit or deny the remaining allegations in the first sentence of this paragraph. eBay admits that on or about August 17, 2019, Stockwell used an eBay issued cell phone to research an adult exotic dancer website. eBay is without knowledge or information sufficient to admit or deny the remaining allegations in the second sentence of this paragraph.

164. Regarding the allegations in the first sentence of this paragraph, eBay admits that on or about August 17, 2019, one or more of the Criminal Defendants ordered pizza to be delivered to the Steiners' home at 4:30 a.m. eBay is otherwise without knowledge or information sufficient to admit or deny the remaining allegations in the first sentence of this paragraph. eBay is without knowledge or information sufficient to admit or deny the allegations in the second, third, and fourth sentences of this paragraph.

165. eBay is without knowledge or information sufficient to admit or deny the allegations

in this paragraph.

166. eBay admits that David Steiner had a verbal exchange with the person described in this paragraph and is without knowledge or information sufficient to admit or deny the remaining allegations in this paragraph.

167. Regarding the allegations in the first sentence of this paragraph, eBay admits that on or about August 17, 2019, one or more of the Criminal Defendants ordered pizza to be delivered to the Steiners' home at 4:30 a.m. eBay is otherwise without knowledge or information sufficient to admit or deny the allegations in the first sentence of this paragraph. eBay admits that the conduct of the Criminal Defendants caused substantial emotional distress to the Steiners and is without knowledge or information sufficient to admit or deny the remaining allegations in the second sentence of this paragraph.

168. Regarding the allegations in the first sentence of this paragraph, eBay admits that on or about August 17, 2019, one or more of the Criminal Defendants ordered pizza to be delivered to the Steiners' home at 4:30 a.m. eBay further admits that the course of conduct engaged in by the Criminal Defendants and admitted to in the DPA included acts that can be characterized as threats, harassment, and stalking and that the conduct of the Criminal Defendants caused substantial emotional distress to the Steiners. The allegations in the second sentence of this paragraph constitute legal conclusions, to which no response is required. To the extent a response is necessary, eBay is without knowledge or information sufficient to admit or deny the allegations in the second sentence of this paragraph.

169. eBay is without knowledge or information sufficient to admit or deny the allegations in this paragraph.

170. eBay denies the allegation of a "conspiracy" and admits that the course of conduct engaged in by the Criminal Defendants and admitted to in the DPA included acts that can be

characterized as threats, harassment, and stalking and that eBay is responsible for the acts of its employees to the extent those acts are within the scope of the DPA.

171. eBay is without knowledge or information sufficient to admit or deny the allegations in this paragraph.

172. Regarding the allegations in the first sentence of this paragraph, eBay admits that on or about August 18, 2019, Baugh, Popp, and Zea followed David Steiner as he drove in Natick. eBay is otherwise without knowledge or information sufficient to admit or deny the remaining allegations in the first sentence of this paragraph. eBay admits that the conduct of the Criminal Defendants caused substantial emotional distress to the Steiners and is otherwise without knowledge or information sufficient to admit or deny the remaining allegations in the second sentence of this paragraph.

173. eBay is without knowledge or information sufficient to admit or deny the allegations in this paragraph.

174. eBay admits the allegations in this paragraph to the extent they are within the scope of the DPA and is without knowledge or information sufficient to admit or deny the remaining allegations in this paragraph.

175. eBay is without knowledge or information sufficient to admit or deny the allegations in this paragraph.

176. eBay is without knowledge or information sufficient to admit or deny the allegations in this paragraph.

177. The allegations in this paragraph constitute legal conclusions, to which no response is required. To the extent a response is necessary, eBay admits that it is responsible for the acts of its employees to the extent those acts are within the scope of the DPA. As to allegations not within the scope of the DPA, eBay is without knowledge or information sufficient to admit or deny the

allegations in this paragraph.

178. Regarding the allegations in the first and third sentences of this paragraph, eBay admits that on or about August 18, 2019, one or more of the Criminal Defendants posted an advertisement on Craigslist claiming to be a married couple seeking a sexual partner or partners and providing the Steiners' home address. eBay is without knowledge or information sufficient to admit or deny the allegation in the first sentence of this paragraph that the advertisement was "paid for by Defendant PFC with the approval of Defendant Krystek" and the allegation regarding the time the advertisement was posted. The remaining allegations in the first sentence of this paragraph constitute legal conclusions, to which no response is required. To the extent a response is required, eBay admits that it is responsible for the acts of its employees admitted to in the DPA. The allegations in the second and fourth sentences of this paragraph constitute legal conclusions, to which no response is required. To the extent a response is necessary, eBay is without knowledge or information sufficient to admit or deny the allegations in the second and fourth sentences of this paragraph.

179. eBay admits the allegations in this paragraph.

180. eBay is without knowledge or information sufficient to admit or deny the allegations in the first sentence of this paragraph. The allegations in the second sentence of this paragraph constitute legal conclusions, to which no response is required. To the extent a response is necessary, eBay is without knowledge or information sufficient to admit or deny the allegations in the second sentence of this paragraph.

181. eBay is without knowledge or information sufficient to admit or deny the allegations in this paragraph.

182. eBay admits the allegations in this paragraph.

183. eBay admits the allegations in this paragraph.

184. eBay admits that on or about August 18, 2019, one or more of the Criminal Defendants posted an advertisement on Craigslist and provided the Steiners' home address. eBay further admits that the conduct of the Criminal Defendants caused substantial emotional distress to the Steiners. The remaining allegations in this paragraph with regard to "reasonably foreseeable" constitute legal conclusions, to which no response is required. To the extent a response is necessary, eBay is without knowledge or information sufficient to admit or deny the allegations in this paragraph.

185. eBay admits that the conduct of the Criminal Defendants caused and could reasonably be expected to cause substantial emotional distress to the Steiners.

186. eBay is without knowledge or information sufficient to admit or deny the allegations in this paragraph.

187. The allegations in the first and second sentences of this paragraph purport to characterize a post on Ina Steiner's Twitter page by the account @Tui_Elei on August 18, 2019 and a Twitter direct message sent by the account @Tui_Elei on August 18, 2019, which are the best evidence of their content. eBay denies any characterization of the Twitter direct message or post that is not supported by the Twitter direct message or post itself. eBay is without knowledge or information sufficient to admit or deny the allegations in the third sentence of this paragraph. With regard to the fourth and fifth sentences of this paragraph, eBay admits that the conduct of the Criminal Defendants caused substantial emotional distress to the Steiners and is without sufficient knowledge or information to admit or deny the remaining allegations in these sentences.

188. The allegations in this paragraph constitute legal conclusions, to which no response is required. To the extent a response is necessary, eBay admits that it is responsible for the acts of its employees that can be characterized as stalking to the extent those acts are within the scope of the DPA. As to allegations not within the scope of the DPA, eBay is without knowledge or

information sufficient to admit or deny the allegations in this paragraph.

189. The allegations in this paragraph constitute legal conclusions, to which no response is required. To the extent a response is necessary, eBay admits that it is responsible for the acts of its employees that can be characterized as stalking to the extent those acts are within the scope of the DPA. As to allegations not within the scope of the DPA, eBay is without knowledge or information sufficient to admit or deny the allegations in this paragraph.

190. The allegations in the first sentence of this paragraph purport to describe a message from Baugh to Popp, Gilbert, and Cooke on August 20, 2019, which eBay admits exists and which is the best evidence of its content. eBay denies any description of the message not supported by the message itself. eBay is without sufficient knowledge or information to admit or deny the allegations in the second and third sentences of this paragraph. Regarding the allegations in the fourth sentence of this paragraph, eBay admits that on or about August 17, 2019, Harville returned to California and Popp traveled to Boston to replace him on the surveillance team. The remaining allegations in the fourth sentence of this paragraph constitute legal conclusions, to which no response is required.

191. The allegations in this paragraph constitute legal conclusions, to which no response is required. To the extent a response is necessary, eBay admits that it is responsible for the acts of its employees to the extent those acts are within the scope of the DPA. As to allegations not within the scope of the DPA, eBay is without knowledge or information sufficient to admit or deny the allegations in this paragraph.

192. eBay is without knowledge or information sufficient to admit or deny the allegations in this paragraph.

193. The allegations in the first sentence of this paragraph constitute legal conclusions, to which no response is required. To the extent a response is necessary, eBay admits that it is

responsible for the acts of its employees to the extent those acts are within the scope of the DPA. As to allegations not within the scope of the DPA, eBay is without knowledge or information sufficient to admit or deny the allegations in the first sentence of this paragraph. The allegations in the second sentence of this paragraph purport to characterize Gilbert's plea hearing, the transcript of which is the best evidence of the content of his plea hearing. eBay denies any characterization of Gilbert's plea hearing not supported by the plea hearing transcript itself.

194. eBay is without knowledge or information sufficient to admit or deny the allegations in the first and second sentences of this paragraph. Regarding the allegations in the third sentence of this paragraph, eBay admits that on or about August 20, 2019, Popp created two new Twitter accounts, including one that used the name of a prominent eBay seller. eBay is otherwise without knowledge or information sufficient to admit or deny the remaining allegations in the third sentence of this paragraph.

195. eBay admits that on or about August 20, 2019, Popp created two new Twitter accounts, including one that used the name of a prominent eBay seller. eBay is otherwise without knowledge or information sufficient to admit or deny the remaining allegations in this paragraph.

196. Regarding the allegations in the first sentence of this paragraph, eBay admits that on or about August 20, 2019, after Twitter suspended the @Tui_Elei account for posting the Steiners' home address, Popp created a new Twitter account, @Elei_Tui. The remaining allegations in the first sentence of this paragraph constitute legal conclusions, to which no response is required. The allegations in the second sentence of this paragraph purport to characterize a post on Ina Steiner's Twitter page by the account @Elei_Tui on August 21, 2019, which is the best evidence of its content. eBay denies any characterization of the Twitter post that is not supported by the post itself. eBay is without knowledge or information sufficient to admit or deny the allegations in the third and fourth sentences of this paragraph.

197. The allegations in the first and second sentences of this paragraph purport to characterize posts on Ina Steiner's Twitter page by the accounts @TopSeller13 and @Jason_JT_Smith on August 21, 2019, which eBay admits exist and which are the best evidence of their content. eBay denies any characterization of the Twitter posts that is not supported by the posts themselves. eBay is without knowledge or information sufficient to admit or deny the remaining allegations in the first and second sentences of this paragraph. eBay is without knowledge or information sufficient to admit or deny the allegations in the third sentence of this paragraph.

198. The allegations in this paragraph purport to characterize a post on Ina Steiner's Twitter page by the account @Jason_JT_Smith on August 21, 2019, which eBay admits exist and which is the best evidence of its content. eBay denies any characterization of the Twitter post that is not supported by the post itself. eBay is without knowledge or information sufficient to admit or deny the remaining allegations in this paragraph.

199. eBay admits that on or about August 20, 2019, Popp created the @Elei_Tui account as well as two new Twitter accounts, that Popp used these three Twitter accounts to send threatening tweets to and about Ina Steiner and EcommerceBytes, and that Popp falsely attributed these threatening tweets to angry Twitter users. eBay further admits that it is responsible for the acts of its employees admitted to in the DPA. eBay also admits that the Criminal Defendants took steps to conceal their harassment campaign. eBay is without knowledge or information sufficient to admit or deny any allegations related to the motivations for the tweets referred to in this paragraph. The remaining allegations in this paragraph constitute legal conclusions, to which no response is required. To the extent a response is necessary eBay denies the remaining allegations in this paragraph.

200. The allegations in the first sentence of this paragraph purport to characterize an

August 21, 2019 email between eBay employees, which eBay admits exists and which is the best evidence of its content. eBay denies any characterization of the email that is not supported by the email itself. The allegations in the second sentence this paragraph constitute legal conclusions, to which no response is required. To the extent a response is necessary, eBay admits that it is responsible for the acts of its employees that can be characterized as stalking to the extent those acts are within the scope of the DPA. As to allegations not within the scope of the DPA, eBay denies the allegations in the second sentence of this paragraph.

201. Regarding the allegations in the first sentence of this paragraph, eBay admits that Popp wrote the fake Twitter exchange herself and did not discover them. eBay is otherwise without knowledge or information sufficient to admit or deny the remaining allegations in the first sentence of this paragraph. Regarding the allegations in the second sentence of this paragraph, eBay admits that the email referenced by this paragraph was sent from an eBay email address to other eBay email addresses. eBay is without knowledge or information sufficient to admit or deny the remaining allegations in the second sentence of this paragraph.

202. The allegations in this paragraph constitute legal conclusions, to which no response is required. To the extent a response is necessary, eBay denies the allegation of "conspiracy" and admits that it is responsible for the acts of its employees that can be characterized as obstruction to the extent those acts are within the scope of the DPA. As to allegations not within the scope of the DPA, eBay denies the allegations in this paragraph.

203. The allegations in this paragraph constitute legal conclusions, to which no response is required. To the extent a response is necessary, eBay admits that the conduct of the Criminal Defendants caused substantial emotional distress to the Steiners and is without knowledge or information sufficient to admit or deny the remaining allegations in this paragraph.

204. eBay denies the allegation of a "conspiracy" and admits that the Criminal

Defendants engaged in the course of conduct admitted to in the DPA and that the course of conduct included acts that can be characterized as threats, harassment, and stalking, that the conduct of the Criminal Defendants would reasonably have been expected to cause substantial emotional distress to the Steiners.

205. eBay admits that one or more of the Criminal Defendants ordered a book titled "Grief Diaries: Surviving Loss of a Spouse," a funeral wreath, and a Halloween Pig Mask for delivery to the Steiners' home. eBay otherwise denies that the Criminal Defendants were "carry[ing] out the directives of Defendants Wenig, Wymer and Jones," and eBay is without knowledge or information sufficient to admit or deny the remaining allegations in this paragraph.

206. The allegations in this paragraph constitute legal conclusions, to which no response is required. To the extent a response is necessary, eBay is without knowledge or information sufficient to admit or deny the allegations in this paragraph.

207. eBay is without knowledge or information sufficient to admit or deny the allegations in this paragraph.

208. Regarding the allegations in the first sentence of this paragraph, eBay admits that the Criminal Defendants hid their identities and made known to the Steiners that they were aware of the Steiners' address and denies that the Criminal Defendants acted "at Defendants Wenig, Wymer, and Jones' direction." The remaining allegations in the first sentence of this paragraph constitute legal conclusions, to which no response is required. To the extent a response is necessary, eBay denies the allegation of a "conspiracy" and is otherwise without knowledge or information sufficient to admit or deny the remaining allegations in the first sentence of this paragraph. The allegations in the second sentence of this paragraph constitute legal conclusions, to which no response is required. To the extent a response is necessary, eBay admits that it is responsible for the acts of its employees that can be characterized as stalking to the extent those

acts are within the scope of the DPA and admits that the conduct of the Criminal Defendants caused and would reasonably have been expected to cause substantial emotional distress to the Steiners. As to allegations not within the scope of the DPA, eBay is without knowledge or information sufficient to admit or deny the allegations in the second sentence of this paragraph. Regarding the allegations in the third sentence of this paragraph, eBay denies that the harassment campaign occurred "at the direction of its senior management and others, including Defendants Wenig, Wymer and Jones" and is without knowledge or information sufficient to admit or deny the allegations that "[t]he Steiners were, in fact, on high alert and installed several surveillance cameras outside the residence, manning the footage at all hours of the day and night to defend themselves." The remaining allegations in the third sentence of this paragraph constitute legal conclusions, to which no response is required. To the extent a response is necessary, eBay denies the remaining allegations in the third sentence of this paragraph. The allegations in the fourth sentence of this paragraph constitute legal conclusions, to which no response is required. To the extent a response is necessary, eBay denies the allegations in the fourth sentence of this paragraph.

209. eBay is without knowledge or information sufficient to admit or deny the allegations in this paragraph.

210. Regarding the allegations in the first sentence of this paragraph, eBay admits that the conduct of the Criminal Defendants would reasonably have been expected to cause substantial emotional distress to the Steiners, denies the allegation that the Criminal Defendants acted "at the direction of Defendants Wenig, Wymer and Jones," and admits that the course of conduct engaged in by the Criminal Defendants and admitted to in the DPA included acts that can be characterized as threats, harassment, and stalking. The remaining allegations in the first sentence of this paragraph constitute legal conclusions, to which no response is required. To the extent a response is necessary, eBay is without knowledge or information sufficient to admit or deny the remaining

allegations in the first sentence of this paragraph. The allegations in the second sentence of this paragraph constitute legal conclusions, to which no response is required. To the extent a response is necessary, eBay denies the allegation of a "conspiracy" and is without knowledge or information sufficient to admit or deny the allegations in the second sentence of this paragraph. eBay is without knowledge or information sufficient to admit or deny the allegations in the third and fourth sentences of this paragraph. The allegations in the fifth sentence of this paragraph constitute legal conclusions, to which no response is required. To the extent a response is necessary, eBay admits that the conduct of the Criminal Defendants would reasonably have been expected to cause substantial emotional distress to the Steiners and is without knowledge or information sufficient to admit or deny the remaining allegations in the fifth sentence of this paragraph.

211. The allegations in the first sentence of this paragraph constitute legal conclusions, to which no response is required. To the extent a response is necessary, eBay is without knowledge or information sufficient to admit or deny the allegations in the first sentence of this paragraph. eBay is without knowledge or information sufficient to admit or deny the allegations in the second sentence of this paragraph.

212. Regarding the allegations in the first and second sentences of this paragraph, eBay denies the allegation of a "conspiracy" and admits that the course of conduct engaged in by the Criminal Defendants and admitted to in the DPA included acts that can be characterized as threats, harassment, and stalking and that eBay is responsible for the acts of its employees to the extent those acts are within the scope of the DPA. eBay further admits that on or about August 15, 2019, Baugh directed Stockwell by WhatsApp message to prepare an eBay "Person of Interest" report ("POI Report") that listed the Steiners as eBay's top POIs, and that Baugh wrote, "In the narrative I need you to write that they have made direct threats to ebay, [eBay's CEO], and our employees (make it up)." eBay also admits that the Criminal Defendants took steps to conceal their

harassment campaign by, among other things, forging records and lying to investigators. eBay is without knowledge or information sufficient to admit or deny the allegations in the first sentence of this paragraph that Baugh also ordered Zea to prepare the POI Report. The remaining allegations in the first and second sentences of this paragraph constitute legal conclusions, to which no response is required. To the extent a response is necessary, eBay denies the allegation of a "conspiracy." Regarding the allegations in the third sentence of this paragraph, eBay admits that on or about August 20, 2019, Baugh sent a WhatsApp message to Gilbert, Cooke, and Popp stating that he had the POI Report "in case we got stopped..that [sic] way would at least have something to show to PD." The remaining allegations in the third sentence of this paragraph purport to characterize Gilbert's plea hearing, the transcript of which is the best evidence of the content of his plea hearing. eBay denies any characterization of Gilbert's plea hearing not supported by the plea hearing transcript itself. The remaining allegations in the third sentence of this paragraph constitute legal conclusions, to which no response is required. To the extent a response is necessary, eBay is without knowledge or information sufficient to admit or deny the remaining allegations in the third sentence of this paragraph.

213. eBay is without knowledge or information sufficient to admit or deny the allegations in this paragraph.

214. The allegations in the first sentence of this paragraph constitute legal conclusions, to which no response is required. To the extent a response is necessary, eBay admits that the course of conduct engaged in by the Criminal Defendants and admitted to in the DPA included acts that can be characterized as threats, harassment, and stalking and that eBay is responsible for the acts of its employees to the extent those acts are within the scope of the DPA. As to allegations not within the scope of the DPA, eBay denies them as vague. The allegations in the second sentence of this paragraph constitute legal conclusions, to which no response is required. To the extent a response is

necessary, eBay denies the allegations in the second sentence of this paragraph.

215. Regarding the allegations in this paragraph, eBay admits that during the relevant time Jones was eBay's Senior Vice President of Global Operations, that Baugh was her direct report, and that Baugh supervised the other Criminal Defendants. The remaining allegations in this paragraph constitute legal conclusions, to which no response is required. To the extent a response is necessary, eBay denies the allegations in this paragraph.

216. The allegations in this paragraph constitute legal conclusions, to which no response is required. To the extent a response is necessary, eBay admits that the course of conduct engaged in by the Criminal Defendants and admitted to in the DPA included acts that can be characterized as threats, harassment, and stalking and that eBay is responsible for the acts of its employees to the extent those acts are within the scope of the DPA. As to allegations not within the scope of the DPA, eBay denies the allegations in this paragraph.

217. The allegations in this paragraph constitute legal conclusions, to which no response is required. To the extent a response is necessary, eBay admits that it is responsible for the acts of its employees that can be characterized as stalking to the extent those acts are within the scope of the DPA. As to allegations not within the scope of the DPA, eBay denies the allegations in this paragraph.

**<u>The Investigation and Cover Up</u>**

218. Regarding the allegations in this paragraph, eBay admits that Detective Haswell of the Natick Police Department sent an email to lawenforcement@ebay.com on August 20, 2019. eBay is without knowledge or information sufficient to admit or deny the remaining allegations in this paragraph.

219. eBay is without knowledge or information sufficient to admit or deny the allegations in this paragraph.

220. eBay is without knowledge or information sufficient to admit or deny the allegations in this paragraph.

221. eBay is without knowledge or information sufficient to admit or deny the allegations in this paragraph.

222. Regarding the allegations in this paragraph, eBay admits that Wymer deleted certain text messages on his phone, and that he did not fully cooperate in the internal investigation. eBay denies the remaining allegations in this paragraph.

223. eBay admits that after becoming aware of the NPD investigation, Popp sent more threatening tweets to and about Ina Steiner. eBay is otherwise without knowledge or information sufficient to admit or deny the remaining allegations in the first sentence of this paragraph. The allegations in the second sentence of this paragraph constitute legal conclusions, to which no response is required. To the extent a response is necessary, eBay admits that the course of conduct engaged in by the Criminal Defendants and admitted to in the DPA included acts that can be characterized as threats, harassment, and stalking, that eBay is responsible for the acts of its employees to the extent those acts are within the scope of the DPA, and that the conduct of the Criminal Defendants caused substantial emotional distress to the Steiners. As to allegations not within the scope of the DPA, eBay is without knowledge or information sufficient to admit or deny the allegations in the second sentence of this paragraph.

224. The allegations in this paragraph purport to describe text messages sent between some of the Criminal Defendants on August 21, 2019, which eBay admits exist and which are the best evidence of their content. eBay denies any description of the messages not supported by the messages themselves. eBay further denies that Gilbert was "carrying out Defendant eBay's directive, through Defendants Wenig and Wymer . . . and Defendant Jones' directive."

225. eBay admits that the Criminal Defendants planned to show a fabricated dossier to

the NPD as proof that Zea and Harville were in Massachusetts investigating the harassment of the Steiners (purportedly by third parties). eBay denies that the Criminal Defendants were "carry[ing] out the directives of Defendant eBay through its senior management staff Defendants Wenig, Wymer and Jones." The remaining allegations in this paragraph constitute legal conclusions, to which no response is required. To the extent a response is necessary, eBay is without knowledge or information sufficient to admit or deny the remaining allegations in this paragraph.

226. eBay admits that the conduct of the Criminal Defendants would reasonably have been expected to cause substantial emotional distress to the Steiners. The allegations in this paragraph purport to characterize text messages sent by Baugh on August 20, 2019, which eBay admits exist and which are the best evidence of their content. eBay denies any characterization of the messages not supported by the messages themselves. The remaining allegations in this paragraph constitute legal conclusions, to which no response is required. To the extent a response is necessary, eBay is without knowledge or information sufficient to admit or deny the remaining allegations in this paragraph.

227. The allegations in this paragraph constitute legal conclusions, to which no response is required. To the extent a response is necessary, eBay denies the allegation of a "conspiracy" and admits that the course of conduct engaged in by the Criminal Defendants and admitted to in the DPA included acts that can be characterized as threats, harassment, and stalking and that eBay is responsible for the acts of its employees to the extent those acts are within the scope of the DPA. As to allegations not within the scope of the DPA, eBay is without knowledge or information sufficient to admit or deny the allegations in this paragraph.

228. The allegations in the first sentence of this paragraph purport to characterize the Criminal Defendants' plea hearings, the transcripts of which are the best evidence of the content of the plea hearings. eBay denies any characterization of the plea hearings not supported by the plea

hearing transcripts themselves. The remaining allegations in the first sentence of this paragraph constitute legal conclusions, to which no response is required. To the extent a response is necessary, eBay denies the remaining allegations in the first sentence of this paragraph. The allegations in the second sentence of this paragraph constitute legal conclusions, to which no response is required. To the extent a response is necessary, eBay denies the allegations in the second sentence of this paragraph. The allegations in the third sentence of this paragraph constitute legal conclusions, to which no response is required. To the extent a response is necessary, eBay admits that the course of conduct engaged in by the Criminal Defendants and admitted to in the DPA included acts that can be characterized as threats, harassment, and stalking, that eBay is responsible for the acts of its employees to the extent those acts are within the scope of the DPA, and that the conduct of the Criminal Defendants caused substantial emotional distress to the Steiners. eBay is without sufficient knowledge or information to admit or deny the remaining allegations in the third sentence of this paragraph.

229. The allegations in this paragraph constitute legal conclusions, to which no response is required. To the extent a response is necessary, eBay admits that the course of conduct engaged in by the Criminal Defendants and admitted to in the DPA included acts that can be characterized as threats, harassment, and stalking, that eBay is responsible for the acts of its employees to the extent those acts are within the scope of the DPA, and that the conduct of the Criminal Defendants caused substantial emotional distress to the Steiners. As to allegations not within the scope of the DPA, eBay denies the allegations against eBay and is without knowledge or information sufficient to admit or deny the allegations against PFC in this paragraph.

230. The allegations in the first sentence of this paragraph purport to characterize a text message sent by Wymer to Baugh, which eBay admits exists and which is the best evidence of its content. eBay denies any characterization of the message not supported by the message itself,

except that eBay admits that text messages such as this were inappropriate. eBay is without knowledge or information sufficient to admit or deny the allegations in the second sentence of this paragraph. The allegations in the third sentence of this paragraph constitute legal conclusions, to which no response is required. To the extent a response is necessary, eBay admits that the course of conduct engaged in by the Criminal Defendants and admitted to in the DPA included acts that can be characterized as threats, harassment, and stalking and that eBay is responsible for the acts of its employees to the extent those acts are within the scope of the DPA. As to allegations not within the scope of the DPA, eBay denies the allegations in the third sentence of this paragraph.

231. The allegations in this paragraph constitute legal conclusions, to which no response is required. To the extent a response is necessary, eBay denies the allegation of a "conspiracy" and admits that it is responsible for the acts of its employees that can be characterized as stalking to the extent those acts are within the scope of the DPA. As to allegations not within the scope of the DPA, eBay denies the allegations in this paragraph. eBay admits that the Criminal Defendants' conduct caused and would reasonably have been expected to cause substantial emotional distress to the Steiners.

232. The allegations in this paragraph constitute legal conclusions, to which no response is required. To the extent a response is necessary, eBay denies the allegations of a "conspiracy" and admits that the course of conduct engaged in by the Criminal Defendants and admitted to in the DPA included acts that can be characterized as threats, harassment, and stalking and that eBay is responsible for the acts of its employees to the extent those acts are within the scope of the DPA. As to allegations not within the scope of the DPA in this paragraph, eBay denies the allegations.

233. eBay admits that the Criminal Defendants took steps to conceal their harassment campaign by, among other things, forging records and lying to investigators. The remaining allegations in this paragraph constitute legal conclusions, to which no response is required. To the

extent a response is necessary, eBay denies the allegation of a "conspiracy" and admits that the course of conduct engaged in by the Criminal Defendants and admitted to in the DPA included acts that can be characterized as threats, harassment, and stalking and that eBay is responsible for the acts of its employees to the extent those acts are within the scope of the DPA. As to allegations not within the scope of the DPA in this paragraph, eBay is without knowledge or information sufficient to admit or deny the remaining allegations in this paragraph.

234. eBay is without knowledge or information sufficient to admit or deny the allegations in this paragraph.

235. eBay admits that the Criminal Defendants took steps to conceal their harassment campaign by, among other things, forging records and lying to investigators and that it is responsible for the acts of its employees admitted to in the DPA. eBay further admits that the course of conduct engaged in by the Criminal Defendants and admitted to in the DPA included acts that can be characterized as threats, harassment, and stalking and that eBay is responsible for the acts of its employees to the extent those acts are within the scope of the DPA. eBay is without knowledge or information sufficient to admit or deny the remaining allegations in this paragraph.

236. eBay admits that the Criminal Defendants took steps to conceal their harassment campaign by, among other things, forging records and lying to investigators and that it is responsible for the acts of its employees admitted to in the DPA. eBay further admits that the course of conduct engaged in by the Criminal Defendants and admitted to in the DPA included acts that can be characterized as threats, harassment, and stalking and that eBay is responsible for the acts of its employees to the extent those acts are within the scope of the DPA. eBay is without knowledge or information sufficient to admit or deny the remaining allegations in this paragraph.

237. eBay admits that on or about August 21, 2019, Popp emailed Gilbert a Bay Area POIs report that would deflect attention from Zea and that was created after learning that the NPD

was investigating the use of a prepaid debit card to purchase pizzas for delivery to the Steiners. eBay further admits that the Criminal Defendants took steps to conceal their harassment campaign by, among other things, forging records. eBay is without knowledge or information sufficient to admit or deny the allegation in this paragraph that the pizza delivery was "paid for by Defendant PFC with the approval of Defendant Krystek." The remaining allegations in this paragraph constitute legal conclusions, to which no response is required. To the extent a response is required, eBay admits that it is responsible for the acts of its employees to the extent those acts are within the scope of the DPA. As to allegations not within the scope of the DPA, eBay is without knowledge or information sufficient to admit or deny the remaining allegations in this paragraph.

238. eBay admits that Gilbert was a former police officer, and that the Criminal Defendants took steps to conceal their harassment campaign by exchanging ideas about intervening with any San Jose area police that the NPD contacted to further its investigation. The remaining allegations in this paragraph constitute legal conclusions, to which no response is required. To the extent a response is required, eBay admits that it is responsible for the acts of its employees to the extent those acts are within the scope of the DPA.

239. eBay admits that the Criminal Defendants took steps to conceal their harassment campaign by, among other things, forging records and lying to investigators and that it is responsible for the acts of its employees admitted to in the DPA. eBay further admits that the course of conduct engaged in by the Criminal Defendants and admitted to in the DPA included acts that can be characterized as obstruction and that eBay is responsible for the acts of its employees to the extent those acts are within the scope of the DPA. eBay is without knowledge or information sufficient to admit or deny the remaining allegations in this paragraph.

240. eBay is without knowledge or information sufficient to admit or deny the remaining allegations in this paragraph.

241. Regarding the allegations in the first and second sentences of this paragraph, eBay admits that on or about August 21, 2019, Baugh made false statements to an NPD detective who came to the surveillance team's hotel to investigate Zea and Harville's connection to the cyberstalking campaign. eBay is otherwise without knowledge or information sufficient to admit or deny the remaining allegations in the first and second sentences of this paragraph. eBay is without knowledge or information sufficient to admit or deny the allegations in the third sentence of this paragraph. The remaining allegations in the third sentence of this paragraph constitute legal conclusions, to which no response is required. To the extent a response is necessary, eBay admits that it is responsible for the acts of its employees that can be characterized as obstruction to the extent those acts are within the scope of the DPA. As to allegations not within the scope of the DPA, eBay denies the remaining allegations in the third sentence of this paragraph.

242. eBay is without knowledge or information sufficient to admit or deny the allegations in this paragraph.

243. eBay is without knowledge or information sufficient to admit or deny the allegations in this paragraph.

244. Regarding the allegations in the first sentence of this paragraph, eBay admits that the Criminal Defendants created a false Person of Interest report on the Steiners. The remaining allegations in the first sentence of this paragraph constitute legal conclusions, to which no response is required. To the extent a response is necessary, eBay is without knowledge or information sufficient to admit or deny the remaining allegations in the first sentence of this paragraph. The allegations in the second sentence of this paragraph constitute legal conclusions, to which no response is required. To the extent a response is necessary, eBay is without knowledge or information sufficient to admit or deny the allegations in the second sentence of this paragraph.

245. The allegations in this paragraph constitute legal conclusions, to which no response

is required. To the extent a response is necessary, eBay denies the allegation of a "conspiracy" and admits that it is responsible for the acts of its employees that can be characterized as obstruction to the extent those acts are within the scope of the DPA. As to allegations not within the scope of the DPA, eBay is without knowledge or information sufficient to admit or deny the allegations in this paragraph.

246. eBay admits that the Criminal Defendants took steps to conceal their harassment campaign by, among other things, lying to investigators. eBay is without knowledge or information sufficient to admit or deny the allegation that Zea "lied to NPD about the rental car that David Steiner photographed." The remaining allegations in this paragraph constitute legal conclusions, to which no response is required. To the extent a response is necessary, eBay denies the allegation of "conspiracy" and admits that it is responsible for the acts of its employees that can be characterized as obstruction to the extent those acts are within the scope of the DPA. As to allegations not within the scope of the DPA in this paragraph, eBay is without knowledge or information sufficient to admit or deny the remaining allegations in this paragraph.

247. Regarding the allegations in the first and second sentences in his paragraph, eBay admits that Baugh made false statements to an NPD detective who came to Baugh and Zea's hotel to investigate the cyberstalking campaign. The remaining allegations in the first and second sentences of this paragraph purport to characterize a text message from Baugh to Popp, Gilbert, and Cooke sent on or about August 21, 2019, which eBay admits exists and which is the best evidence of its content. eBay denies any characterization of the message that is not supported by the message itself. The remaining allegations in the first sentence of this paragraph constitute legal conclusions, to which no response is required. To the extent a response is necessary, eBay admits that it is responsible for the acts of its employees that can be characterized as obstruction to the extent those acts are within the scope of the DPA. As to allegations not within the scope of the DPA, eBay is

without knowledge or information sufficient to admit or deny the remaining allegations in the first sentence of this paragraph. The remaining allegations in the second sentence of this paragraph purport to characterize Zea's plea hearings, the transcript of which is the best evidence of the content of the plea hearing. eBay denies any characterization of the plea hearing not supported by the plea hearing transcript itself. eBay is without knowledge or information sufficient to admit or deny the allegations in the third sentence of this paragraph.

248. The allegations in this paragraph constitute legal conclusions, to which no response is required. To the extent a response is necessary, eBay admits that it is responsible for the acts of its employees that can be characterized as obstruction to the extent those acts are within the scope of the DPA. As to allegations not within the scope of the DPA, eBay is without knowledge or information sufficient to admit or deny the allegations in this paragraph.

249. Regarding the allegations in the first and second sentences of this paragraph, eBay admits that Detective Haswell of the Natick Police Department sent an email to lawenforcement@ebay.com on August 20, 2019. eBay admits that Defendant Gilbert traveled to Natick to speak with members of the Natick Police Department. eBay denies the allegation in the third sentence of this paragraph.

250. Regarding the allegations in the first sentence of this paragraph, eBay admits that on occasion eBay hosts police officers at its office locations to support safety and security procedures. eBay otherwise denies the remaining allegations in the first sentence of this paragraph. eBay admits the allegations in the second sentence of this paragraph.

251. eBay admits that Gilbert falsely claimed to the NPD that he did not know Zea or Harville and falsely stated that he had to travel to Toronto and New York but would instead attempt to come to Boston to meet with the NPD. eBay is without knowledge or information sufficient to admit or deny the allegation that Gilbert falsely claimed to NPD detectives that "there was a

legitimate investigation underway by Defendant eBay." The remaining allegations in this paragraph constitute legal conclusions, to which no response is required. To the extent a response is necessary, eBay admits that it is responsible for the acts of its employees that can be characterized as obstruction to the extent those acts are within the scope of the DPA. As to allegations not within the scope of the DPA, eBay is without knowledge or information sufficient to admit or deny the remaining allegations in the first sentence of this paragraph.

252. Regarding the allegations in the first sentence of this paragraph, eBay admits that Gilbert booked a round-trip airplane ticket from San Francisco to Boston from August 21, 2019 to August 23, 2019, and that on or about August 22, 2019, Gilbert met with NPD officers and made false statements. The remaining allegations in the first sentence of this paragraph constitute legal conclusions, to which no response is required. To the extent a response is necessary, eBay denies the allegation of a "conspiracy" and admits that it is responsible for the acts of its employees that can be characterized as obstruction to the extent those acts are within the scope of the DPA. As to allegations not within the scope of the DPA in this paragraph, eBay is without knowledge or information sufficient to admit or deny the remaining allegations in this paragraph. eBay is without knowledge or information sufficient to admit or deny the allegations in the second sentence of this paragraph.

253. eBay admits that during the August 22, 2019 meeting with the NPD officers, Gilbert falsely stated that Zea and Harville had come to Boston to attend a conference and that Zea had driven to Natick on her own. The remaining allegations in this paragraph purport to characterize Gilbert's plea hearing, the transcript of which is the best evidence of the content of his plea hearing. eBay denies any characterization of Gilbert's plea hearing not supported by the plea hearing transcript itself.

254. eBay is without knowledge or information sufficient to admit or deny the allegations

in this paragraph.

255. eBay admits that the Criminal Defendants took steps to conceal their harassment campaign. eBay is without knowledge or information sufficient to admit or deny the allegation that Gilbert "brazenly offered eBay's assistance to the NPD to investigate the torture and harassment of the Steiners." The remaining allegations in this paragraph constitute legal conclusions, to which no response is required. To the extent a response is necessary, eBay denies the allegation of a "conspiracy" and admits that it is responsible for the acts of its employees that can be characterized as obstruction to the extent those acts are within the scope of the DPA. As to allegations not within the scope of the DPA in this paragraph, eBay is without knowledge or information sufficient to admit or deny the remaining allegations in this paragraph.

256. eBay admits that on or about August 8, 2019, Zea and a GIC analyst purchased prepaid debit cards with cash at a Santa Clara, California supermarket for use in ordering harassing deliveries to be sent to the Steiners. eBay is without knowledge or information sufficient to admit or deny the remaining allegations in this paragraph.

257. Regarding the allegations in the first sentence of this paragraph, eBay admits that on or about August 21, 2019, after learning that the NPD was investigating the use of a prepaid debit card to purchase pizzas for delivery to the Steiners, Baugh and Popp directed Stockwell to prepare a list of eBay "Persons of Interest" that could be used to deflect attention from Zea. eBay is otherwise without knowledge or information sufficient to admit or deny the allegations in the first sentence of this paragraph. Regarding the allegations in the second sentence of this paragraph, eBay admits that on or about August 21, 2019, Stockwell created the document that Baugh requested—"Bay Area POIs_August 2019.docx"—and emailed it to Popp and Baugh, who forwarded it to Gilbert for use in the NPD meeting.

258. eBay is without knowledge or information sufficient to admit or deny the allegations

in this paragraph.

259. eBay is without knowledge or information sufficient to admit or deny the allegations in this paragraph.

260. eBay is without knowledge or information sufficient to admit or deny the allegations in this paragraph.

261. Regarding the allegations in the first sentence of this paragraph, eBay admits that on or about August 22, 2019, after Gilbert’s meeting with the NPD, Popp posted intimidating and threatening messages on Ina Steiner’s Twitter account. The remaining allegations in the first sentence of this paragraph constitute legal conclusions, to which no response is required. To the extent a response is necessary, eBay denies the allegation of a “conspiracy” and admits that it is responsible for the acts of its employees that can be characterized as obstruction to the extent those acts are within the scope of the DPA. As to allegations not within the scope of the DPA in this paragraph, eBay is without knowledge or information sufficient to admit or deny the remaining allegations in this paragraph. The remaining allegations in the first sentence of this paragraph also purport to characterize Popp’s plea hearing, the transcript of which is the best evidence of the content of his plea hearing. eBay denies any characterization of Popp’s plea hearing not supported by the plea hearing transcript itself. The allegations in the second sentence of this paragraph purport to describe posts on Ina Steiner’s Twitter page by the account @TopSeller13 on August 22, 2019, which eBay admits exist and which are the best evidence of their content. eBay denies any description of the Twitter posts that are not supported by the Twitter posts themselves.

262. The allegations in this paragraph constitute legal conclusions, to which no response is required. To the extent a response is necessary, eBay is without knowledge or information sufficient to admit or deny the allegations in this paragraph.

263. eBay is without knowledge or information sufficient to admit or deny the allegations

in this paragraph.

264. eBay admits that the Criminal Defendants took steps to conceal their harassment campaign, and that on or about August 21, 2019, Gilbert called the Steiners, identified himself as an eBay employee, and offered eBay's assistance. eBay denies the allegations of a "conspiracy directed by Defendants Wenig and Wymer, to which Defendant Jones was willfully blind." The remaining allegations in this paragraph constitute legal conclusions, to which no response is required. To the extent a response is required, eBay admits that it is responsible for the acts of its employees that can be characterized as obstruction to the extent those acts are within the scope of the DPA. As to allegations not within the scope of the DPA in this paragraph, eBay is without knowledge or information sufficient to admit or deny the remaining allegations in this paragraph. The remaining allegations in this paragraph also purport to characterize Gilbert's plea hearing, the transcript of which is the best evidence of the content of his plea hearing. eBay denies any characterization of Gilbert's plea hearing not supported by the plea hearing transcript itself.

265. The allegations in this paragraph purport to describe a message from Gilbert to Baugh, Popp, and Cooke on August 21, 2019, which eBay admits exists and which is the best evidence of its content. eBay denies any description of the message not supported by the message itself.

266. The allegations in this paragraph purport to characterize a message sent by Baugh to Wymer on August 23, 2023, which eBay admits exists and which is the best evidence of its content. eBay denies any characterization of the message not supported by the message itself. The remaining allegations in this paragraph constitute legal conclusions, to which no response is required. To the extent a response is necessary, eBay denies the allegation of a "conspiracy" and admits that the course of conduct engaged in by the Criminal Defendants and admitted to in the DPA included acts that can be characterized as threats, harassment, and stalking and that eBay is

responsible for the acts of its employees to the extent those acts are within the scope of the DPA. As to allegations not within the scope of the DPA, eBay is without knowledge or information sufficient to admit or deny the remaining allegations in this paragraph.

267. eBay admits that on August 23, 2023 at 5:16 PM, the Twitter account @devinwenig posted, "Oh boy."

268. eBay admits that the Criminal Defendants deleted social media accounts that evidenced the harassment and intimidation campaign, and that they took steps to conceal their harassment campaign. The remaining allegations in this paragraph constitute legal conclusions, to which no response is required. To the extent a response is necessary, eBay denies the allegation of a "conspiracy" and admits that it is responsible for the acts of its employees that can be characterized as obstruction to the extent those acts are within the scope of the DPA. As to allegations not within the scope of the DPA in this paragraph, eBay is without knowledge or information sufficient to admit or deny the remaining allegations in this paragraph. The remaining allegations in this paragraph also purport to characterize Popp's plea hearing, the transcript of which is the best evidence of the content of her plea hearing. eBay denies any characterization of Popp's plea hearing not supported by the plea hearing transcript itself.

269. Regarding the allegations in the first sentence of this paragraph, eBay admits that Wymer deleted a detailed August 24, 2019 "Op" text with Baugh. eBay denies the remaining allegations in the first sentence of this paragraph. Regarding the allegations in the second sentence of this paragraph, eBay admits that Baugh and Wymer had a 10+ minute call that took place on August 24, 2019, and denies the remaining allegations in the second sentence of this paragraph.

270. The allegations in this paragraph purport to describe a text message sent by Wenig on August 25, 2019, which eBay admits exists and which is the best evidence of its content. eBay denies any description of the message not supported by the message itself

271. The allegations in the first sentence of this paragraph constitute legal conclusions, to which no response is required. To the extent a response is necessary, eBay admits that it is responsible for the acts of its employees to the extent those acts are within the scope of the DPA. As to allegations not within the scope of the DPA, eBay is without knowledge or information sufficient to admit or deny the allegations in the first sentence of this paragraph. eBay is without knowledge or information sufficient to admit or deny the allegations in the second sentence of this paragraph.

272. eBay is without knowledge or information sufficient to admit or deny the allegations in this paragraph.

273. eBay admits that on or after August 26, 2019, Baugh, Harville, Popp, Zea, Gilbert, and others deleted and attempted to delete data from their mobile phones that evidenced the harassment campaign, including WhatsApp messages. eBay also admits that the Criminal Defendants took steps to conceal their harassment campaign by, among other things, destroying evidence. eBay is without knowledge or information sufficient to admit or deny the allegation that Baugh "directed" the other Criminal Defendants to delete messages during a meeting. The remaining allegations in this paragraph constitute legal conclusions, to which no response is required. To the extent a response is necessary, eBay denies the allegation of a "conspiracy" and admits that it is responsible for the acts of its employees that can be characterized as obstruction to the extent those acts are within the scope of the DPA. As to allegations not within the scope of the DPA in this paragraph, eBay without knowledge or information sufficient to admit or deny the remaining allegations in this paragraph.

274. Regarding the allegations in the first sentence of this paragraph, eBay admits that eBay's legal department interviewed Harville on August 26, 2019 as part of its internal investigation. Regarding the allegations in the second sentence of this paragraph, eBay admits that

the interview was conducted over the phone. eBay denies the remaining allegations in the second sentence of this paragraph.

275. eBay is without knowledge or information sufficient to admit or deny the allegations in this paragraph.

276. eBay admits that Harville told eBay investigators that he attended the conference in Boston with Zea, that he had rented a vehicle, and that he visited his sister who lived in the area. eBay otherwise denies the remaining allegations in this paragraph.

277. Regarding the allegations in the first sentence of this paragraph, eBay admits that eBay's legal department interviewed Popp over the phone on August 26, 2019 as part of its internal investigation. eBay denies the allegation in the second sentence of this paragraph regarding "eBay's lack of attention and adherence to protocols during the investigation." The remaining allegations in the second sentence of this paragraph constitute legal conclusions, to which no response is required. To the extent a response is necessary, eBay admits that it is responsible for the acts of its employees that can be characterized as obstruction to the extent those acts are within the scope of the DPA. As to allegations not within the scope of the DPA, eBay is without knowledge or information sufficient to admit or deny the remaining allegations in the second sentence of this paragraph.

278. The contents and subject matter of the interview are subject to attorney-client privilege, and eBay will not respond to the allegations in this paragraph on that basis.

279. The allegations in this paragraph constitute legal conclusions, to which no response is required. To the extent a response is necessary, eBay admits that it is responsible for the acts of its employees to the extent those acts are within the scope of the DPA. As to allegations not within the scope of the DPA in this paragraph, eBay is without knowledge or information sufficient to admit or deny the allegations in this paragraph.

280. Regarding the allegations in the first sentence of this paragraph, eBay admits that eBay's legal department interviewed Stockwell and Zea over the phone as part of its internal investigation. eBay is without knowledge or information sufficient to admit or deny the allegations in this paragraph.

281. Regarding the allegations in the first sentence of this paragraph, eBay admits that eBay placed Baugh, Harville, and Popp on unpaid leave on August 30, 2019. Regarding the allegations in the second sentence of this paragraph, eBay admits that on or about August 30, 2019, Baugh directed an eBay employee to retrieve computers from the GIC and to bring them to his house. eBay is otherwise without knowledge or information sufficient to admit or deny the remaining allegations in the second sentence of this paragraph.

282. eBay is without knowledge or information sufficient to admit or deny the allegations in this paragraph.

283. eBay admits that on or about September 6, 2019, Popp posted five new Tweets to one of the Twitter accounts that the Criminal Defendants had used to harass the Steiners, to suggest that those responsible for harassing the Steiners were still at large. The remaining allegations in this paragraph constitute legal conclusions, to which no response is required. To the extent a response is necessary, eBay admits that it is responsible for the acts of its employees that can be characterized as obstruction to the extent those acts are within the scope of the DPA. As to allegations not within the scope of the DPA, eBay is without knowledge or information sufficient to admit or deny the remaining allegations in this paragraph.

284. eBay admits the allegations in this paragraph.

285. eBay denies the allegation of a "conspiracy" and is otherwise without knowledge or information sufficient to admit or deny the allegations in the first sentence of this paragraph. eBay is without knowledge or information sufficient to admit or deny the allegations in the second

sentence of this paragraph.

286. Regarding the allegations in the first sentence of this paragraph, eBay admits that Cooke was promoted from Manager of Safety and Security to Director of Safety and Security in September 2019. The allegations in the first sentence of this paragraph also purport to describe a June 15, 2020 eBay press release, which eBay admits exists is the best evidence of its content. eBay denies the remaining allegations in the first sentence of this paragraph. Regarding the allegations in the second sentence of this paragraph, eBay admits that Cooke was interviewed by the USAO. eBay denies the remaining allegations in the second sentence of this paragraph. Regarding the allegations in the third sentence of this paragraph, eBay admits that Cooke was terminated in June 2020. The allegations in the third sentence of this paragraph also purport to characterize an Information filed against Cooke, which is the best evidence of its content. eBay denies any characterization of the Information not supported by the Information itself.

287. Regarding the allegations in the first sentence of this paragraph, eBay admits that Wenig departed eBay in mid-September 2019 and was paid severance. eBay denies the remaining allegations in the first sentence of this paragraph. Regarding the allegations in the second sentence of this paragraph, eBay admits that Wenig's severance was subject to a clawback provision. eBay denies the remaining allegations in the second sentence of this paragraph. Regarding the allegations in the third sentence of this paragraph, eBay admits that there were meetings within eBay regarding whether to claw back Wenig's severance and that it has not clawed back Wenig's severance. eBay denies the allegations in the fourth sentence of this paragraph.

288. Regarding the allegations in the first sentence of this paragraph, eBay admits that Wenig was not terminated "for cause." The allegations in the first sentence of this paragraph also purport to describe a June 15, 2020 eBay press release, which eBay admits exists and which is the best evidence of its content. eBay denies any description of the press release not supported by the

press release itself. eBay denies the remaining allegations in the first sentence of this paragraph. The allegations in the second and third sentences of this paragraph purport to describe Wenig's separation agreement, which eBay admits exists and which is the best evidence of its content. eBay denies any description of the separation agreement not supported by the separation agreement itself.

289. Regarding the allegations in this paragraph, eBay admits that it terminated Wymer's employment. eBay denies the remaining allegations in this paragraph.

290. The allegations in this paragraph purport to characterize an email sent by Jaime Iannone to the Plaintiffs on June 15, 2020, which is the best evidence of its content. eBay denies any characterization of the email that is not supported by the email itself.

291. eBay denies the allegations in the first sentence of this paragraph. Regarding the allegations in the second sentence of this paragraph, eBay admits that it provided oral reports of some of the internal investigation interviews to the USAO. eBay denies the allegations in the third sentence of this paragraph. Regarding the allegations in the fourth sentence of this paragraph, eBay admits that on or about August 28, 2019, it retained Morgan Lewis to conduct an internal investigation and to represent eBay in connection with the USAO criminal investigation. eBay denies the remaining allegations in the fourth sentence of this paragraph.

292. Regarding the allegations in the first sentence of this paragraph, eBay admits that eBay and Andrew Phelan made a presentation to the USAO on March 16, 2021, and denies that Phelan was an attorney at Morgan Lewis at that time and that Amir Vonsover was present at that meeting. The remaining allegations in the first sentence of this paragraph and the second sentence of this paragraph purport to characterize the PowerPoint presentation eBay used in its presentation to the USAO on March 16, 2021, which eBay admits exists and which is the best evidence of its content. eBay denies any characterization of the presentation that is not supported by the

presentation itself.

293. The allegations in this paragraph purport to describe the PowerPoint presentation eBay used in its presentation to the USAO on March 16, 2021, which eBay admits exists and which is the best evidence of its content. eBay denies any description of the presentation that is not supported by the presentation itself.

294. The allegations in the first sentence of this paragraph purport to characterize the PowerPoint presentation eBay used in its presentation to the USAO on March 16, 2021, which eBay admits exists and which is the best evidence of its content. eBay denies any characterization of the presentation that is not supported by the presentation itself. The allegations in the second sentence of this paragraph purport to describe eBay's February 23, 2023 10-K filing, which is the best evidence of its content. eBay denies any description of the filing that is not supported by the filing itself.

295. eBay admits that it provided oral reports of some of the internal investigation interviews to the USAO. eBay denies the remaining allegations in this paragraph.

296. Regarding the allegations in the first sentence of this paragraph, eBay admits that Morgan Lewis did not prepare a report of the investigation or its findings and otherwise denies the allegations in this sentence. eBay denies the allegations in the second sentence of this paragraph.

**eBay's Hiring Practices, Lack of Supervision & Culture**

297. eBay denies the allegations in this paragraph.

298. eBay is without knowledge or information sufficient to admit or deny the allegations in this paragraph.

299. eBay is without knowledge or information sufficient to admit or deny the allegations in this paragraph.

300. eBay is without knowledge or information sufficient to admit or deny the allegations

in this paragraph.

301. eBay admits that Baugh worked as the Senior Director of Special Operations for Security Industry Specialists, Inc. and that in that role he worked with eBay. eBay is otherwise without knowledge or information sufficient to admit or deny the remaining allegations in this paragraph.

302. eBay admits the allegations in this paragraph.

303. eBay is without knowledge or information sufficient to admit or deny the allegations pertaining to Wenig and Jones and denies the remaining allegations in this paragraph.

304. The allegations in this paragraph constitute legal conclusions, to which no response is required. To the extent a response is necessary, eBay denies the allegations in this paragraph.

305. eBay denies the allegations in the first sentence of this paragraph. Regarding the allegations in the second sentence of this paragraph, eBay admits that James Fussell was the Senior Director of Safety and Security prior to Baugh's promotion and that Baugh replaced Fussell and that Baugh held himself out as having worked on behalf of the U.S. government. eBay is otherwise without knowledge or information sufficient to admit or deny the remaining allegations in the second sentence of this paragraph.

306. eBay denies the allegations in the first sentence of this paragraph. The allegations in the second sentence of this paragraph constitute legal conclusions, to which no response is required. To the extent a response is necessary, eBay denies the allegations in the second sentence of this paragraph. Regarding the allegations in the third sentence of this paragraph, eBay admits that the Criminal Defendants, including Baugh, engaged in criminal conduct, including sending repeated and hostile Twitter messages and deliveries of unwanted—and in some instances disturbing—items to the Steiners' home.

307. eBay denies the allegations in this paragraph.

308. eBay denies the allegations in the first sentence of this paragraph. The allegations in the second sentence of this paragraph purport to characterize an August 7, 2019 email from Wymer to other eBay employees, which eBay admits exists and which is the best evidence of its content. eBay denies any characterization of the email that is not supported by the email itself.

309. eBay denies the allegations in this paragraph.

310. eBay admits that Defendants Wenig, Wymer, and Jones occupied three adjacent offices and that all of their offices were in close proximity to Defendant Baugh. eBay is without knowledge or information sufficient to admit or deny the remaining allegations in this paragraph.

311. eBay admits that Defendant Baugh had a cell phone number for Wenig.

312. The allegations in the first and second sentences of this paragraph constitute legal conclusions, to which no response is required. To the extent a response is necessary, eBay denies the allegations in the first and second sentences of this paragraph. The allegations in the third sentence of this paragraph purport to describe the PowerPoint presentation eBay used in its presentation to the USAO on March 16, 2021, which eBay admits exists and which is the best evidence of its content. eBay denies any description of the presentation that is not supported by the presentation itself.

313. The allegations in this paragraph constitute legal conclusions, to which no response is required. To the extent a response is necessary, eBay denies the allegations in the first, second, third, and fourth, and sixth sentences of this paragraph and is without knowledge or information sufficient to admit or deny the allegations in the fifth sentence of this paragraph.

314. eBay denies the allegations in this paragraph.

315. eBay is without knowledge or information sufficient to admit or deny the allegations in the first, second, third, fourth, and fifth sentences of this paragraph. eBay denies the allegations in the sixth sentence of this paragraph. The allegations in the seventh sentence of this paragraph

constitute legal conclusions, to which no response is required. To the extent a response is necessary, eBay denies the allegations in the seventh sentence of this paragraph.

316. eBay is without knowledge or information sufficient to admit or deny the allegations in this paragraph.

317. eBay is without knowledge or information sufficient to admit or deny the allegations in this paragraph.

318. eBay is without knowledge or information sufficient to admit or deny the allegations in this paragraph.

319. eBay admits that it is responsible for the acts of its employees to the extent those acts are within the scope of the DPA. As to allegations not within the scope of the DPA, eBay is without knowledge or information sufficient to admit or deny the allegations in the first sentence of this paragraph. eBay denies the allegations in the second sentence of this paragraph. eBay is without knowledge or information sufficient to admit or deny the allegations in the third, fourth, and fifth sentences of this paragraph.

320. eBay admits that on one occasion, Baugh directed an employee to strip employees' personal belongings from their lockers and dump them into trash bags. eBay is without knowledge or information sufficient to admit or deny the remaining allegations in this paragraph.

321. eBay is without knowledge or information sufficient to admit or deny the allegations in the first, second, and third sentences of this paragraph. The allegations in the fourth sentence of this paragraph constitute legal conclusions, to which no response is required. To the extent a response is necessary, eBay denies that "Defendant Wenig was directly exposed to the way in which Defendant Baugh treated his subordinates and employees, but failed to properly supervise," and eBay is otherwise without knowledge or information sufficient to admit or deny the remaining allegations in the fourth sentence of this paragraph.

322. The allegations in this paragraph constitute legal conclusions, to which no response is required. To the extent a response is necessary, eBay denies that "the sick and dysfunctional culture was well known and rose to the top echelons, and that they failed to properly supervise," and eBay is otherwise without knowledge or information sufficient to admit or deny the remaining allegations in this paragraph.

323. eBay is without knowledge or information sufficient to admit or deny the allegations in the first, second, third, and fourth sentences of this paragraph. eBay denies the allegations in the fifth sentence of this paragraph.

324. The allegations in this paragraph constitute legal conclusions, to which no response is required. To the extent a response is necessary, eBay is without knowledge or information sufficient to admit or deny the allegations in the first sentence of this paragraph and denies the allegations in the second sentence of this paragraph.

325. The allegations in this paragraph constitute legal conclusions, to which no response is required. To the extent a response is necessary, eBay denies the allegations in this paragraph.

326. The allegations in the first sentence of this paragraph are vague, and eBay denies them on that basis. eBay admits that on at least one instance Harville received coaching involving HR, and denies the remaining allegations in the second sentence of this paragraph. eBay is without knowledge or information sufficient to admit or deny the allegations in the third sentence of this paragraph. The allegations in the fourth sentence of this paragraph constitute legal conclusions, to which no response is required. To the extent a response is necessary, eBay denies the allegations in the fourth sentence of this paragraph.

327. eBay denies the allegations in the first sentence of this paragraph. Regarding the allegations in the second sentence of this paragraph, eBay admits that a bar was built on eBay's campus during Wenig's tenure as CEO. eBay is without knowledge or information sufficient to

admit or deny the remaining allegations in the second sentence of this paragraph. The allegations in the third sentence of this paragraph purport to characterize Baugh and Cooke's sentencing hearings, the transcripts of which are the best evidence of the content of the sentencing hearings. eBay denies any characterization of the sentencing hearings not supported by the sentencing hearing transcripts themselves. The allegations in the fourth sentence of this paragraph purport to describe Zea's sentencing hearings, the transcripts of which are the best evidence of their content. eBay denies any characterization of the hearings not supported by the hearing transcripts themselves. The allegations in the fifth sentence of this paragraph constitute legal conclusions, to which no response is required. To the extent a response is necessary, eBay denies the allegations in the fifth sentence of this paragraph.

328. eBay is without knowledge or information sufficient to admit or deny the allegations in this paragraph.

329. eBay is without knowledge or information sufficient to admit or deny the allegations in the first, second, fourth, and fifth sentences of this paragraph. Regarding the allegations in the fifth sentence of this paragraph, eBay admits that there are thousands of dollars of charges for restaurants in Las Vegas on July 25 and 26, 2019 on Zea's corporate PFC card. eBay is otherwise without knowledge or information sufficient to admit or deny the allegations in the third sentence of this paragraph. Regarding the allegations in the sixth sentence of this paragraph, eBay admits PFC sent eBay invoices and purchases orders, and that on occasion, Stephanie Hughes emailed eBay regarding payment of invoices. eBay is otherwise without knowledge or information sufficient to admit or deny the allegations in the sixth sentence of this paragraph.

330. eBay is without knowledge or information sufficient to admit or deny the allegations in the first and second sentences of this paragraph. The allegations in the third sentence of this paragraph constitute legal conclusions, to which no response is required. To the extent a response is

necessary, eBay is without knowledge or information sufficient to admit or deny the allegations in the third sentence of this paragraph.

331. The allegations in this paragraph purport to characterize an October 28, 2019 Reddit post, which is the best evidence of its content. eBay denies any characterization of the post that is not supported by the post itself.

332. The allegations in this paragraph constitute legal conclusions, to which no response is required. To the extent a response is necessary, eBay admits that it is responsible for the acts of its employees that can be characterized as stalking to the extent those acts are within the scope of the DPA. As to allegations not within the scope of the DPA, eBay denies the allegations in this paragraph.

333. eBay admits that eBay granted bonuses to Baugh during his employment with eBay but denies that it was aware of the allegations regarding Baugh's conduct in this paragraph. The remaining allegations in this paragraph constitute legal conclusions, to which no response is required. To the extent a response is necessary, eBay denies the remaining allegations in this paragraph.

334. The allegations in the first and third sentences of this paragraph constitute legal conclusions, to which no response is required. To the extent a response is necessary, eBay denies the allegations in the first and third sentences of this paragraph. Regarding the allegations in the second sentence of the paragraph, eBay admits that the Criminal Defendants, including Baugh, engaged in criminal conduct, including harassing and intimidating the Steiners and placing them under surveillance and sending repeated and hostile Twitter messages and deliveries of unwanted—and in some instances disturbing—items to the Steiners' home. The remaining allegations in the second sentence of this paragraph constitute legal conclusions, to which no response is required. The allegations in the fourth and fifth sentence of this paragraph purport to

characterize the PowerPoint presentation eBay used in its presentation to the USAO on March 16, 2021, which is the best evidence of its content. eBay denies any characterization of the presentation that is not supported by the presentation itself. Regarding the allegations in the sixth sentence of this paragraph, eBay admits that the Criminal Defendants harassed and intimidated the Steiners and placed them under surveillance. eBay is without knowledge or information sufficient to admit or deny the allegation that EcommerceBytes "suffered a 64% drop in revenue," and otherwise denies the remaining allegations in the sixth sentence of this paragraph. The remaining allegations in the sixth sentence of this paragraph constitute legal conclusions, to which no response is required. To the extent a response is necessary, eBay denies the allegation of a "conspiracy."

335. The allegations in this paragraph purport to characterize privilege logs in Baugh's and Harville's criminal cases, which are the best evidence of their content. eBay denies any characterization of the logs that is not supported by the logs themselves.

336. eBay is without knowledge or information sufficient to admit or deny the allegations in this paragraph.

337. The allegations in the first sentence of this paragraph purport to characterize the PowerPoint presentation eBay used in its presentation to the USAO on March 16, 2021, which eBay admits exists and which is the best evidence of its content. eBay denies any characterization of the presentation that is not supported by the presentation itself. The allegations in the second sentence of this paragraph constitute legal conclusions, to which no response is required. To the extent a response is necessary, eBay denies the allegations in the second sentence of this paragraph.

338. The allegations in this paragraph constitute legal conclusions, to which no response is required. To the extent a response is necessary, eBay denies the allegations in this paragraph.

**The Relationship Between eBay and PFC**

339. eBay admits that it entered into a master services agreement with PFC Safeguards

LLC effective January 2019 to supply analysts to the GSR.

340. eBay admits that Baugh was employed by Security Industry Specialists, Inc. and that while employed there he worked with eBay. eBay is otherwise without knowledge or information sufficient to admit or deny the remaining allegations in this paragraph.

341. eBay is without knowledge or information sufficient to admit or deny the allegations in this paragraph.

342. eBay is without knowledge or information sufficient to admit or deny the allegations in this paragraph.

343. eBay is without knowledge or information sufficient to admit or deny the allegations in this paragraph.

344. eBay is without knowledge or information sufficient to admit or deny the allegations in this paragraph.

345. eBay is without knowledge or information sufficient to admit or deny the allegations in this paragraph.

346. eBay admits the allegations in this paragraph.

347. eBay is without knowledge or information sufficient to admit or deny the allegations in this paragraph.

348. eBay admits that the Criminal Defendants booked flights, hotels, and car rentals using Zea's PFC credit card and is without knowledge or information sufficient to admit or deny the remaining allegations in the first and third sentences of this paragraph. Regarding the second and fourth sentences of this paragraph, eBay denies the allegations of a "conspiracy" and is otherwise without knowledge or information sufficient to admit or deny the allegations in the second and fourth sentences of this paragraph.

349. eBay is without knowledge or information sufficient to admit or deny the allegations

Case 1:23-cv-21662-NLH Document 32 Filed 11/26/24 Page 88 of 127 PageID

in this paragraph.

350. eBay is without knowledge or information sufficient to admit or deny the allegations in this paragraph.

351. eBay is without knowledge or information sufficient to admit or deny the allegations in the first and third sentences of this paragraph. The allegations in the second sentence of this paragraph constitute legal conclusions, to which no response is required. To the extent a response is necessary, eBay is without knowledge or information sufficient to admit or deny the allegations as to PFC.

352. eBay denies the allegation of a "conspiracy" and is otherwise without knowledge or information sufficient to admit or deny the allegations in this paragraph.

353. Regarding the allegations in the first sentence of the paragraph, eBay admits that it entered into an agreement with PFC Safeguards LLC through which eBay agreed to reimburse certain expenses incurred on behalf of the eBay in performance of the agreement and that the agreement called for a 5% service charge to be applied to all actual expense amounts financed in advance by PFC Safeguards LLC. eBay denies any characterization of the agreement that is not supported by the agreement itself. The allegations in the second sentence of this paragraph purport to characterize the PowerPoint presentation eBay used in its presentation to the USAO on March 16, 2021, which eBay admits exists and which is the best evidence of its content. eBay denies any characterization of the presentation that is not supported by the presentation itself. Further answering, the reference to an "expensing loophole" mischaracterizes the presentation.

354. The allegations in the first, second, fourth, and fifth sentences of this paragraph constitute legal conclusions, to which no response is required. To the extent a response is necessary, eBay is without knowledge or information sufficient to admit or deny the allegations in the first, second, fourth, and fifth sentences of this paragraph. Regarding the allegations in the third

sentence of this paragraph, eBay admits that the Criminal Defendants harassed and intimidated the Steiners and placed them under surveillance, and that the purposes of the harassment campaign were, among other things, to distract the Steiners from publishing EcommerceBytes and to alter the website's coverage of eBay. eBay admits that the course of conduct engaged in by the Criminal Defendants and admitted to in the DPA included acts that can be characterized as threats, harassment, and stalking and that eBay is responsible for the acts of its employees to the extent those acts are within the scope of the DPA. The remaining allegations in the third sentence of this paragraph constitute legal conclusions, to which no response is required. To the extent a response is necessary, eBay denies the allegation of a "conspiracy."

355. The allegations in the first and second sentences of this paragraph constitute legal conclusions, to which no response is required. To the extent a response is necessary, eBay is without knowledge or information sufficient to admit or deny the allegations in the first and second sentences of this paragraph. eBay is without knowledge or information sufficient to admit or deny the allegations in the third sentence this paragraph.

356. eBay admits that the Criminal Defendants harassed and intimidated the Steiners and placed them under surveillance. eBay admits that the course of conduct engaged in by the Criminal Defendants and admitted to in the DPA included acts that can be characterized as threats, harassment, and stalking and that eBay is responsible for the acts of its employees to the extent those acts are within the scope of the DPA. The remaining allegations in this paragraph constitute legal conclusions, to which no response is required. To the extent a response is necessary, eBay denies the allegation of a "conspiracy."

357. The allegations in this paragraph constitute legal conclusions, to which no response is required. To the extent a response is necessary, eBay is without knowledge or information sufficient to admit or deny the allegations in this paragraph.

358. eBay is without knowledge or information sufficient to admit or deny the allegations in this paragraph.

359. eBay is without knowledge or information sufficient to admit or deny the allegations in this paragraph.

360. Regarding the allegations in the first sentence of this paragraph, eBay admits that Zea worked together with the other Criminal Defendants to harass and intimidate the Steiners and place them under surveillance. The remaining allegations in the first sentence of this paragraph constitute legal conclusions, to which no response is required. To the extent a response is necessary, eBay is without knowledge or information sufficient to admit or deny the remaining allegations in the first sentence of this paragraph. The allegations in the second sentence of this paragraph constitute legal conclusions, to which no response is required. To the extent a response is necessary, eBay is without knowledge or information sufficient to admit or deny the allegations in the second sentence of this paragraph.

361. The allegations in this paragraph constitute legal conclusions, to which no response is required. To the extent a response is necessary, eBay denies the allegation of a "conspiracy" and is otherwise without knowledge or information sufficient to admit or deny the allegations in this paragraph.

**The Criminal Cases and the Defendants' Admissions**

362. Regarding the allegations in this paragraph, eBay admits that Baugh, Harville, Gilbert, Cooke, Popp, Stockwell, and Zea were charged in the Federal District Court for the District of Massachusetts with various offenses related to facts alleged in this Amended Complaint. The remaining allegations in this paragraph constitute legal conclusions, to which no response is required. To the extent a response is necessary, eBay denies the allegation of a "conspiracy," and eBay admits that the course of conduct engaged in by the Criminal Defendants and admitted to in

the DPA included acts that can be characterized as threats, harassment, and stalking and that eBay is responsible for the acts of its employees to the extent those acts are within the scope of the DPA.

363. eBay admits the allegations in this paragraph.

364. Regarding the allegations in this paragraph, eBay admits that on June 11, 2020, a Complaint was issued charging Baugh and Harville with conspiracy to commit cyberstalking, 18 U.S.C. § 371, and conspiracy to commit witness tampering, 18 U.S.C. § 371.

365. eBay admits the allegations in this paragraph.

366. Bay admits the allegations in the first two sentences of this paragraph. The allegations in the third sentence of this paragraph purport to quote Cooke's, Gilbert's, Popp's, Stockwell's, and Zea's plea hearings, the transcripts of which are the best evidence of their content. eBay denies any description of the agreements that is not supported by the hearing transcripts themselves. The allegations in the remaining sentences of this paragraph purport to quote Cooke's, Gilbert's, Popp's, Stockwell's, and Zea's plea hearings, the transcripts of which are the best evidence of their content. eBay denies any description of the plea hearings that is not supported by the plea hearing transcripts themselves.

367. Regarding the allegations in this paragraph, eBay admits that on November 3, 2020, a federal grand jury in Boston indicted Defendants Baugh and Harville for conspiracy to commit stalking through interstate travel and through facilities of interstate commerce, stalking through interstate travel, stalking through facilities of interstate commerce, tampering with a witness, and destruction, alteration, and fabrication of records in a federal investigation.

368. eBay admits the allegations in this paragraph.

369. The allegations in this paragraph purport to quote Baugh's plea hearing, the transcript of which is the best evidence of its content. eBay denies any description of the plea hearing that is not supported by the plea hearing transcript itself.

370. eBay admits the allegations in this paragraph.

371. Regarding the allegations in this paragraph, eBay denies that eBay has not been criminally charged and admits that Wenig, Wymer, and Jones have not been criminally charged. The remaining allegations in this paragraph purport to characterize the PowerPoint presentation eBay used in its presentation to the USAO on March 16, 2021, which eBay admits exists and which is the best evidence of its content. eBay denies any characterization of the presentation that is not supported by the presentation itself. eBay admits that Wenig and Wymer set an improper tone and that the presentation stated that their improper tone "contributed significantly to the crimes in Natick."

372. Regarding the allegations in the first sentence of this paragraph, eBay admits that Wymer deleted texts with Baugh relating to the Steiners, EcommerceBytes and/or the Natick events. eBay otherwise denies the remaining allegations in the first sentence of this paragraph. Regarding the allegations in the second sentence of this paragraph, eBay admits that the Criminal Defendants were charged with offenses related to obstruction of justice and that Wymer has not been criminally charged. eBay otherwise denies the remaining allegations in the second sentence of this paragraph.

373. The allegations in this paragraph purport to characterize the PowerPoint presentation eBay used in its presentation to the USAO on March 16, 2021, which eBay admits exists and which is the best evidence of its content. eBay denies any characterization of the presentation that is not supported by the presentation itself.

**The Steiners have been gravely and irreparably injured – mentally, emotionally, physically and financially**

374. eBay is without knowledge or information sufficient to admit or deny the allegations in this paragraph.

375. eBay is without knowledge or information sufficient to admit or deny the allegations in this paragraph.

376. eBay is without knowledge or information sufficient to admit or deny the allegations in this paragraph.

377. eBay is without knowledge or information sufficient to admit or deny the allegations in this paragraph.

378. The allegations in this paragraph purport to quote a June 15, 2020 eBay press release, which is the best evidence of its content. eBay denies any characterization of the press release not supported by the press release itself.

379. The allegations in the first sentence of this paragraph constitute legal conclusions, to which no response is required. To the extent a response is necessary, eBay denies the allegations in the first sentence of this paragraph. eBay is without knowledge or information sufficient to admit or deny the allegations in the second sentence of this paragraph.

380. eBay admits that the conduct of the Criminal Defendants caused and would reasonably have been expected to cause substantial emotional distress to the Steiners and included acts intended to embarrass the Steiners.

381. eBay is without knowledge or information sufficient to admit or deny the allegations in the first sentence of this paragraph. The allegations in the second and third sentences of this paragraph constitute legal conclusions, to which no response is required. To the extent a response is necessary, eBay is without knowledge or information sufficient to admit or deny the allegations in the second and third sentences of this paragraph. Regarding the allegations in the fourth sentence of this paragraph, eBay admits that the Criminal Defendants worked together to harass and intimidate the Steiners and place them under surveillance, and that the purposes of the harassment campaign were, among other things, to distract the Steiners from publishing EcommerceBytes. The remaining

allegations in the fourth sentence of this paragraph constitute legal conclusions, to which no response is required. To the extent a response is necessary, eBay denies the allegation of a "conspiracy."

382. The allegations in this paragraph constitute legal conclusions, to which no response is required. To the extent a response is necessary, eBay denies the allegations in this paragraph.

383. The allegations in this paragraph constitute legal conclusions, to which no response is required. To the extent a response is necessary, the allegations in this paragraph are vague, and eBay denies them on that basis.

384. eBay is without knowledge or information sufficient to admit or deny the allegations in this paragraph.

385. eBay is without knowledge or information sufficient to admit or deny the allegations in this paragraph.

386. The allegations in this paragraph constitute legal conclusions, to which no response is required. To the extent a response is necessary, eBay is without knowledge or information sufficient to admit or deny the allegations in this paragraph.

387. eBay is without knowledge or information sufficient to admit or deny the allegations in this paragraph.

388. eBay is without knowledge or information sufficient to admit or deny the allegations in this paragraph.

389. eBay admits that the Criminal Defendants' conduct caused and would reasonably have been expected to cause substantial emotional distress to the Steiners. eBay further admits it is responsible for the acts of the Criminal Defendants admitted to in the DPA. The remaining allegations in this paragraph constitute legal conclusions, to which no response is required. To the extent a response is necessary, eBay is without knowledge or information sufficient to admit or

deny the remaining allegations in this paragraph.

390. eBay admits that the Criminal Defendants' conduct caused substantial emotional distress to the Steiners. eBay further admits it is responsible for the acts of the Criminal Defendants admitted to in the DPA. The remaining allegations in this paragraph constitute legal conclusions, to which no response is required. To the extent a response is necessary, eBay is without knowledge or information sufficient to admit or deny the allegations in this paragraph.

391. The allegations in the first and second sentences of this paragraph constitute legal conclusions, to which no response is required. To the extent a response is necessary, eBay denies the allegations in the first sentence of this paragraph and is without knowledge or information sufficient to admit or deny the allegations in the second sentence of this paragraph. eBay is without knowledge or information sufficient to admit or deny the allegations in the third sentence of this paragraph.

392. eBay is without knowledge or information sufficient to admit or deny the allegations in this paragraph.

393. eBay is without knowledge or information sufficient to admit or deny the allegations in this paragraph.

394. eBay is without knowledge or information sufficient to admit or deny the allegations in this paragraph.

395. eBay is without knowledge or information sufficient to admit or deny the allegations in this paragraph.

396. eBay is without knowledge or information sufficient to admit or deny the allegations in this paragraph.

397. eBay is without knowledge or information sufficient to admit or deny the allegations in this paragraph.

398. eBay is without knowledge or information sufficient to admit or deny the allegations in this paragraph.

399. eBay is without knowledge or information sufficient to admit or deny the allegations in this paragraph.

400. Regarding the allegations in the first and third sentences of this paragraph, eBay admits that the Criminal Defendants' conduct caused substantial emotional distress to the Steiners for which they should be compensated in accordance with the law. The remaining allegations in this paragraph constitute legal conclusions, to which no response is required. To the extent a response is necessary, eBay is without knowledge or information sufficient to admit or deny the remaining allegations in this paragraph.

401. eBay admits that the Criminal Defendants' conduct caused substantial emotional distress to the Steiners for which they should be compensated in accordance with the law. eBay admits that the Steiners suffered property damage for which they should be compensated in accordance with the law. The remaining allegations in this paragraph constitute legal conclusions, to which no response is required. To the extent a response is necessary, eBay is without knowledge or information sufficient to admit or deny the remaining allegations in this paragraph.

402. eBay admits that the purposes of the Criminal Defendants' harassment campaign were, among other things, to distract the Steiners from publishing EcommerceBytes and to alter the website's coverage of eBay. The remaining allegations in this paragraph constitute legal conclusions, to which no response is required. To the extent a response is necessary, the remaining allegations in this paragraph are vague and eBay denies them on that basis.

403. The allegations in this paragraph constitute legal conclusions, to which no response is required.

404. The allegations in this paragraph constitute legal conclusions, to which no response

is required. To the extent a response is necessary, eBay is without knowledge or information sufficient to admit or deny the allegations in this paragraph.

405. The allegations in this paragraph constitute legal conclusions, to which no response is required. To the extent a response is necessary, eBay denies the allegations in this paragraph.

## CAUSES OF ACTION

### COUNT I: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS (All Defendants)

406. No response is required to this paragraph, but to the extent a response is required, eBay repeats and incorporates by reference its answers to paragraphs 1 through 405 of the Amended Complaint as if set forth fully herein.

407. eBay admits that the Criminal Defendants engaged in extreme and outrageous conduct and that eBay is responsible for the acts of the Criminal Defendants admitted to in the DPA. eBay otherwise denies the allegations in this paragraph as to eBay and is without knowledge or information sufficient to admit or deny the allegations as to the remaining Defendants.

408. Regarding the allegations in the first sentence of this paragraph, eBay admits that the Criminal Defendants worked together to harass and intimidate the Steiners, and to place them under surveillance through threatening Twitter messages; deliveries of unwanted—and in some instances disturbing—items to the Steiners' home, including a book titled "Grief Diaries: Surviving Loss of a Spouse," a Halloween Pig Mask, a funeral wreath, and live spiders; publicly posting the Steiners' home address on Twitter and Craigslist; posting online advertisements for fictitious events at the Steiners' home to encourage strangers to visit them there; surveilling the Steiners in their home and in their community; and following David Steiner as he drove in Natick. eBay is without knowledge or information sufficient to admit or deny the allegations in the first sentence of this paragraph that the Criminal Defendants "sign[ed the Steiners] up for over 50 unwanted email

subscriptions." The remaining allegations in the first sentence of this paragraph constitute legal conclusions, to which no response is required. The allegations in the second sentence of this paragraph constitute legal conclusions, to which no response is required. To the extent a response is necessary, eBay is without knowledge or information sufficient to admit or deny the allegations in this paragraph. Regarding the allegations in the third sentence of this paragraph, eBay admits that the Criminal Defendants' conduct caused substantial emotional distress to the Steiners and that eBay is responsible for the conduct of the Criminal Defendants admitted to in the DPA. The remaining allegations in this paragraph purport to characterize the Criminal Defendants' plea hearings, the transcripts of which are the best evidence of the content of the plea hearings. eBay denies any characterization of the plea hearings not supported by the plea hearing transcripts themselves.

409. eBay admits that the Criminal Defendants engaged in extreme and outrageous conduct and that eBay is responsible for the acts of the Criminal Defendants admitted to in the DPA. eBay otherwise denies the allegations in this paragraph as to eBay and is without knowledge or information sufficient to admit or deny the allegations as to the remaining Defendants.

410. eBay admits that the conduct of the Criminal Defendants caused, and would reasonably have been expected to cause, substantial emotional distress to the Steiners.

411. eBay admits that the Criminal Defendants' conduct attempted to cause and would reasonably have been expected to cause substantial emotional distress to the Steiners. eBay further admits that it is responsible for the conduct of the Criminal Defendants admitted to in the DPA. The remaining allegations in this paragraph constitute legal conclusions, to which no response is required. To the extent a response is necessary, eBay denies the allegations in this paragraph.

412. eBay admits that the Criminal Defendants' conduct would reasonably have been expected to cause substantial emotional distress to the Steiners. eBay further admits that it is

responsible for the conduct of the Criminal Defendants admitted to in the DPA. The remaining allegations in this paragraph constitute legal conclusions, to which no response is required. To the extent a response is necessary, eBay denies the remaining allegations in this paragraph as to eBay and is without sufficient knowledge or information to admit or deny the allegations as to the other Defendants.

413. eBay admits that the Criminal Defendants' conduct caused substantial emotional distress to the Steiners. eBay further admits that it is responsible for the conduct of the Criminal Defendants admitted to in the DPA. The remaining allegations in this paragraph constitute legal conclusions, to which no response is required. To the extent a response is necessary, eBay is without knowledge or information sufficient to admit or deny those allegations.

414. The allegations in this paragraph constitute legal conclusions, to which no response is required. To the extent a response is necessary, eBay admits that it is responsible for the acts of its employees to the extent those acts are within the scope of the DPA. As to allegations not within the scope of the DPA, eBay denies the allegations against eBay and is without knowledge or information sufficient to admit or deny the allegations against PFC.

415. eBay admits that the Criminal Defendants' conduct caused substantial emotional distress to the Steiners. eBay further admits that it is responsible for the conduct of the Criminal Defendants admitted to in the DPA. eBay is without knowledge or information sufficient to admit or deny the remaining factual allegations in this paragraph. The allegations in this paragraph as to causation constitute legal conclusions, to which no response is required.

416. eBay admits that the Criminal Defendants' conduct caused substantial emotional distress to the Steiners. eBay further admits that it is responsible for the conduct of the Criminal Defendants admitted to in the DPA. The remaining allegations in this paragraph constitute legal conclusions, to which no response is required. To the extent a response is necessary, eBay denies

the remaining allegations in this paragraph as to eBay and is without sufficient knowledge or information to admit or deny the allegations as to the other Defendants.

417. The allegations in this paragraph constitute Plaintiffs' characterization of their Amended Complaint to which no response is required. eBay lacks sufficient information to admit or deny the extent of the damages to which the Plaintiffs are entitled.

418. The allegations in this paragraph constitute legal conclusions, to which no response is required. To the extent a response is necessary, eBay denies the allegations in this paragraph.

**COUNT II: STALKING**
**(All Defendants)**

419. No response is required to this paragraph because Count II has been dismissed. eBay denies any and all liability as to Count II.

420. No response is required to this paragraph because Count II has been dismissed. eBay denies any and all liability as to Count II.

421. No response is required to this paragraph because Count II has been dismissed. eBay denies any and all liability as to Count II.

422. No response is required to this paragraph because Count II has been dismissed. eBay denies any and all liability as to Count II.

423. No response is required to this paragraph because Count II has been dismissed. eBay denies any and all liability as to Count II.

424. No response is required to this paragraph because Count II has been dismissed. eBay denies any and all liability as to Count II.

425. No response is required to this paragraph because Count II has been dismissed. eBay denies any and all liability as to Count II.

426. No response is required to this paragraph because Count II has been dismissed.

eBay denies any and all liability as to Count II.

427. No response is required to this paragraph because Count II has been dismissed. eBay denies any and all liability as to Count II.

428. No response is required to this paragraph because Count II has been dismissed. eBay denies any and all liability as to Count II.

429. No response is required to this paragraph because Count II has been dismissed. eBay denies any and all liability as to Count II.

430. No response is required to this paragraph because Count II has been dismissed. eBay denies any and all liability as to Count II.

**COUNT III: NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS**
**(All Defendants)**

431. No response is required to this paragraph, but to the extent a response is required, eBay repeats and incorporates by reference its answers to paragraphs 1 through 430 of the Amended Complaint as if set forth fully herein.

432. eBay admits that the Criminal Defendants caused substantial emotional distress to the Steiners and that eBay is responsible for the acts of the Criminal Defendants admitted to in the DPA. eBay otherwise denies the allegations in this paragraph as to eBay and is without knowledge or information sufficient to admit or deny the allegations as to the remaining Defendants.

433. eBay admits that the Criminal Defendants caused substantial emotional distress to the Steiners and that eBay is responsible for the acts of the Criminal Defendants admitted to in the DPA. eBay is without sufficient knowledge or information to admit or deny the allegations in this paragraph regarding Plaintiffs' objective symptomology. The remaining allegations in this paragraph constitute legal conclusions, to which no response is required. To the extent a response is required, eBay denies the allegations in this paragraph as to eBay and is without knowledge or

information sufficient to admit or deny the allegations as to the remaining Defendants.

434. eBay admits that the Criminal Defendants' conduct would reasonably have been expected to cause substantial emotional distress to the Steiners.

435. eBay admits that the Criminal Defendants caused substantial emotional distress to the Steiners and that eBay is responsible for the acts of the Criminal Defendants admitted to in the DPA. eBay otherwise denies the allegations in this paragraph as to eBay and is without knowledge or information sufficient to admit or deny the allegations as to the remaining Defendants.

436. The allegations in this paragraph constitute legal conclusions, to which no response is required. To the extent a response is necessary, eBay admits that it is responsible for the acts of its employees to the extent those acts are within the scope of the DPA. As to allegations not within the scope of the DPA, eBay denies the allegations against eBay and is without knowledge or information sufficient to admit or deny the allegations against PFC.

437. The allegations in this paragraph constitute Plaintiffs' characterization of their Amended Complaint to which no response is required. eBay lacks sufficient information to admit or deny the extent of the damages to which the Plaintiffs are entitled.

438. The allegations in this paragraph constitute legal conclusions, to which no response is required. To the extent a response is necessary, eBay denies the allegations in this paragraph.

**COUNT IV: NEGLIGENCE**
**(All Defendants)**

439. No response is required to this paragraph, but to the extent a response is required, eBay repeats and incorporates by reference its answers to paragraphs 1 through 438 of the Amended Complaint as if set forth fully herein.

440. The allegations in this paragraph constitute legal conclusions, to which no response is required. To the extent a response is necessary, eBay admits that Defendants had a duty of care

not to proximately cause harm to the Steiners.

441. eBay admits that the Criminal Defendants breached that duty of care to the extent they engaged in conduct encompassed by Count III and otherwise denies the allegations in this paragraph as to eBay and is without knowledge or information sufficient to admit or deny the allegations in this paragraph as to the other Defendants.

442. eBay admits that the Criminal Defendants' conduct caused substantial emotional distress to the Steiners for which the Steiners should be compensated in accordance with the law. eBay further admits that it is responsible for the conduct of the Criminal Defendants admitted to in the DPA. The remaining allegations in this paragraph constitute legal conclusions, to which no response is required. To the extent a response is necessary, eBay denies the remaining allegations in this paragraph as to eBay and is without sufficient knowledge or information to admit or deny the allegations as to the other Defendants.

443. eBay admits that the Criminal Defendants' conduct caused substantial emotional distress to the Steiners for which the Steiners should be compensated in accordance with the law. eBay further admits that it is responsible for the conduct of the Criminal Defendants admitted to in the DPA. The remaining allegations in this paragraph constitute legal conclusions, to which no response is required. To the extent a response is necessary, eBay denies the remaining allegations in this paragraph as to eBay and is without sufficient knowledge or information to admit or deny the allegations as to the other Defendants.

444. The allegations in this paragraph constitute legal conclusions, to which no response is required. To the extent a response is necessary, eBay admits that it is responsible for the acts of its employees to the extent those acts are within the scope of the DPA. As to allegations not within the scope of the DPA, eBay denies the allegations against eBay and is without knowledge or information sufficient to admit or deny the allegations against PFC.

**COUNT V: NEGLIGENT HIRING**
**(Defendant eBay)**

445. No response is required to this paragraph, but to the extent a response is required, eBay repeats and incorporates by reference its answers to paragraphs 1 through 444 of the Amended Complaint as if set forth fully herein.

446. No response is required to this paragraph because Count V has been dismissed. eBay denies any and all liability as to Count V.

447. No response is required to this paragraph because Count V has been dismissed. eBay denies any and all liability as to Count V.

448. No response is required to this paragraph because Count V has been dismissed. eBay denies any and all liability as to Count V.

449. No response is required to this paragraph because Count V has been dismissed. eBay denies any and all liability as to Count V.

450. No response is required to this paragraph because Count V has been dismissed. eBay denies any and all liability as to Count V.

451. No response is required to this paragraph because Count V has been dismissed. eBay denies any and all liability as to Count V.

452. No response is required to this paragraph because Count V has been dismissed. eBay denies any and all liability as to Count V.

453. No response is required to this paragraph because Count V has been dismissed. eBay denies any and all liability as to Count V.

**COUNT VI: NEGLIGENT SUPERVISION**
**(Defendants eBay, PFC, Wenig, Jones, and Krystek)**

454. No response is required to this paragraph, but to the extent a response is required, eBay repeats and incorporates by reference its answers to paragraphs 1 through 453 of the

Amended Complaint as if set forth fully herein.

455. The allegations in this paragraph constitute legal conclusions, to which no response is required.

456. The allegations in this paragraph constitute legal conclusions, to which no response is required.

457. The allegations in this paragraph constitute legal conclusions, to which no response is required.

458. The allegations in this paragraph constitute legal conclusions, to which no response is required. To the extent a response is necessary, eBay denies the allegations in the first sentence of this paragraph and is without knowledge or information sufficient to admit or deny the allegations in the second sentence of this paragraph.

459. eBay admits that by the spring of 2019, EcommerceBytes' reporting was a source of frustration at eBay. The remaining allegations in the first sentence of this paragraph are vague, and eBay denies them on that basis. The allegations in the second and third sentences of this paragraph constitute legal conclusions, to which no response is required. To the extent a response is necessary, eBay admits that it is responsible for the acts of its employees that can be characterized as stalking to the extent those acts are within the scope of the DPA. As to allegations not within the scope of the DPA, eBay denies the allegations in the second and third sentences this paragraph.

460. The allegations in the first sentence of this paragraph are vague, and eBay denies them on that basis. eBay admits that on at least one instance Harville received coaching involving HR, and denies the remaining allegations in the second sentence of this paragraph. eBay is without knowledge or information sufficient to admit or deny the allegations in the third sentence of this paragraph. The allegations in the fourth sentence of this paragraph constitute legal conclusions, to which no response is required. To the extent a response is necessary, eBay denies the allegations in

the fourth sentence of this paragraph.

461. eBay denies the allegations in this paragraph.

462. The allegations in this paragraph constitute legal conclusions, to which no response is required. To the extent a response is necessary, eBay denies the allegations in this paragraph.

463. The allegations in the first sentence of this paragraph constitute legal conclusions, to which no response is required. To the extent a response is required, eBay denies the allegations in the first sentence of this paragraph. The allegations in the second sentence are vague and, to the extent eBay is required to respond, eBay states that it is without information sufficient to admit or deny the second sentence of this paragraph, except that eBay admits that it identified instances of inappropriate conduct by Baugh that it reported to the USAO in March 16, 2021. Regarding the allegations in the third sentence of this paragraph, eBay admits that eBay terminated its contract with Concentric Advisors and entered into a master services agreement with PFC Safeguards LLC as a replacement. eBay otherwise denies the remaining allegations in the third sentence of this paragraph.

464. eBay is without knowledge or information sufficient to admit or deny the allegations in the first sentence of this paragraph. The allegations in the second sentence of this paragraph constitute legal conclusions, to which no response is required. To the extent a response is necessary, eBay denies the allegations in the second sentence of this paragraph.

465. The allegations in this paragraph constitute legal conclusions, to which no response is required. To the extent a response is necessary, eBay denies the allegations in this paragraph.

466. The allegations in this paragraph constitute legal conclusions, to which no response is required. To the extent a response is necessary, eBay denies the allegations in this paragraph.

467. The allegations in this paragraph constitute legal conclusions, to which no response is required. To the extent a response is necessary, eBay denies the allegations in this paragraph.

468. The allegations in this paragraph appear to apply to PFC only and no response from eBay is required. In addition, the paragraph constitutes legal conclusions, to which no response is required. To the extent a response is required, eBay is without knowledge or information sufficient to admit or deny the allegations in this paragraph.

469. The allegations in this paragraph appear to apply to PFC only and no response from eBay is required. To the extent a response is required, eBay is without knowledge or information sufficient to admit or deny the allegations.

470. The allegations in this paragraph constitute legal conclusions, to which no response is required. To the extent a response is necessary, eBay is without knowledge or information sufficient to admit or deny the allegations in this paragraph.

471. The allegations in this paragraph constitute legal conclusions, to which no response is required. To the extent a response is necessary, eBay denies the allegations in this paragraph.

**COUNT VII: NEGLIGENT RETENTION**
**(Defendants eBay and PFC)**

472. No response is required to this paragraph, but to the extent a response is required, eBay repeats and incorporates by reference its answers to paragraphs 1 through 471 of the Amended Complaint as if set forth fully herein.

473. The allegations in this paragraph constitute legal conclusions, to which no response is required.

474. eBay admits that eBay promoted Baugh during his employment with eBay but denies that it was aware of the allegations regarding Baugh's conduct in this paragraph. The remaining allegations in this paragraph constitute legal conclusions, to which no response is required. To the extent a response is necessary, eBay denies the remaining allegations in this paragraph.

475. eBay admits that the Criminal Defendants, including Baugh, engaged in criminal activity including harassing and intimidating the Steiners and placing them under surveillance. The remaining allegations in this paragraph constitute legal conclusions, to which no response is required. To the extent a response is necessary, eBay denies the remaining allegations in this paragraph.

476. The allegations in this paragraph purport to characterize the PowerPoint presentation eBay used in its presentation to the USAO on March 16, 2021, which eBay admits exists and which is the best evidence of its content. eBay denies any characterization of the presentation that is not supported by the presentation itself.

477. eBay denies the allegations in the first sentence of this paragraph. Regarding the allegations in the second sentence of this paragraph, eBay admits that it promoted Baugh during his employment at eBay and that he supervised lower-level employees.

478. The allegations in this paragraph appear to apply to PFC only and no response from eBay is required. To the extent a response is required, eBay is without knowledge or information sufficient to admit or deny the allegations.

479. The allegations in this paragraph appear to apply to PFC only and no response from eBay is required. To the extent a response is required, eBay is without knowledge or information sufficient to admit or deny the allegations.

480. The allegations in this paragraph constitute legal conclusions, to which no response is required. To the extent a response is necessary, eBay denies the allegations in this paragraph.

481. The allegations in this paragraph appear to apply to PFC only and no response from eBay is required. To the extent a response is required, eBay is without knowledge or information sufficient to admit or deny the allegations.

482. The allegations in this paragraph constitute legal conclusions, to which no response

is required. To the extent a response is necessary, eBay denies the allegations in this paragraph.

**COUNT VIII: ASSAULT**
**(All Defendants)**

483. No response is required to this paragraph, but to the extent a response is required, eBay repeats and incorporates by reference its answers to paragraphs 1 through 482 of the Amended Complaint as if set forth fully herein.

484. No response is required to this paragraph because Count VIII has been dismissed. eBay denies any and all liability as to Count VIII.

485. No response is required to this paragraph because Count VIII has been dismissed. eBay denies any and all liability as to Count VIII.

486. No response is required to this paragraph because Count VIII has been dismissed. eBay denies any and all liability as to Count VIII.

487. No response is required to this paragraph because Count VIII has been dismissed. eBay denies any and all liability as to Count VIII.

488. No response is required to this paragraph because Count VIII has been dismissed. eBay denies any and all liability as to Count VIII.

489. No response is required to this paragraph because Count VIII has been dismissed. eBay denies any and all liability as to Count VIII.

490. No response is required to this paragraph because Count VIII has been dismissed. eBay denies any and all liability as to Count VIII.

491. No response is required to this paragraph because Count VIII has been dismissed. eBay denies any and all liability as to Count VIII.

**COUNT IX: VIOLATION OF TITLE II, Ch. 12, § 11I (MASSACHUSETTS CIVIL RIGHTS ACT VIOLATION)**
**(All Defendants)**

492. No response is required to this paragraph, but to the extent a response is required, eBay repeats and incorporates by reference its answers to paragraphs 1 through 491 of the Amended Complaint as if set forth fully herein.

493. The allegations in this paragraph constitute legal conclusions, to which no response is required. To the extent a response is necessary, eBay denies the allegations in this paragraph.

494. eBay admits that the Criminal Defendants worked together to harass and intimidate the Steiners and to place them under surveillance, and that the purposes of the harassment campaign were, among other things, to distract the Steiners from publishing EcommerceBytes and to alter the website's coverage of eBay. The remaining allegations in this paragraph constitute legal conclusions, to which no response is required. To the extent a response is necessary, eBay lacks sufficient knowledge or information to admit or deny the remaining allegations in this paragraph.

495. The allegations in this paragraph constitute legal conclusions, to which no response is required.

496. The allegations in this paragraph constitute legal conclusions, to which no response is required. To the extent a response is necessary, eBay denies the allegations in this paragraph.

497. The allegations in this paragraph constitute legal conclusions, to which no response is required. To the extent a response is necessary, eBay admits that it is responsible for the acts of its employees to the extent those acts are within the scope of the DPA. As to allegations not within the scope of the DPA, eBay denies the allegations against eBay and is without knowledge or information sufficient to admit or deny the allegations against PFC.

498. The allegations in this paragraph constitute legal conclusions, to which no response is required. To the extent a response is required, eBay denies the allegations in this paragraph.

**COUNT X: DEFAMATION**
**(All Defendants)**

499. No response is required to this paragraph, but to the extent a response is required, eBay repeats and incorporates by reference its answers to paragraphs 1 through 498 of the Amended Complaint as if set forth fully herein.

500. Regarding the allegations in the first sentence of this paragraph, eBay admits that Ina Steiner is the editor and reporter for EcommerceBytes. eBay is otherwise without knowledge or information sufficient to admit or deny the allegations in the first sentence of this paragraph. Regarding the allegations in the second sentence of this paragraph, eBay admits that David Steiner is the publisher of EcommerceBytes. eBay is otherwise without knowledge or information sufficient to admit or deny the allegations in the second sentence of this paragraph.

501. eBay is without knowledge or information sufficient to admit or deny the allegations in this paragraph.

502. eBay is without knowledge or information sufficient to admit or deny the allegations in this paragraph.

503. eBay is without knowledge or information sufficient to admit or deny the allegations in this paragraph.

504. Regarding the allegations in the first sentence of this paragraph, eBay admits that one or more of the Criminal Defendants ordered a subscription for pornographic magazines in the name of David Steiner to be sent to the Steiners' neighbors, which was intended to embarrass the Steiners. The remaining allegations in the first sentence of this paragraph constitute legal conclusions, to which no response is required. To the extent a response is necessary, eBay is without knowledge or information sufficient to admit or deny the remaining allegations in the first sentence of this paragraph. The allegations in the second sentence of this paragraph constitute legal

conclusions, to which no response is required. To the extent a response is necessary, eBay is without knowledge or information sufficient to admit or deny the allegations in the second sentence of this paragraph.

505. The allegations in this paragraph constitute legal conclusions, to which no response is required. To the extent a response is necessary, the allegations in this paragraph are vague, and eBay denies them on that basis.

506. The allegations in this paragraph constitute legal conclusions, to which no response is required. To the extent a response is necessary, the allegations in this paragraph are vague, and eBay denies them on that basis.

507. eBay admits that one or more of the Criminal Defendants ordered a subscription for pornographic magazines in the name of David Steiner to be sent to the Steiners' neighbors, which was intended to embarrass the Steiners. The remaining allegations in this paragraph constitute legal conclusions, to which no response is required. To the extent a response is necessary, eBay is without knowledge or information sufficient to admit or deny the allegations in this paragraph.

508. eBay admits that one or more of the Criminal Defendants posted an advertisement on Craigslist claiming to be a married couple seeking a sexual partner or partners and providing the Steiners' home address. The remaining allegations constitute legal conclusions, to which no response is required. To the extent a response is necessary, eBay is without knowledge or information sufficient to admit or deny the allegations in this paragraph.

509. The allegations in this paragraph purport to characterize a post on Ina Steiner's Twitter page by the account @TopSeller13 on August 22, 2019, which are the best evidence of their content. eBay denies any characterization of the Twitter post that is not supported by the Twitter post itself. The remaining allegations in this paragraph constitute legal conclusions, to which no response is required. To the extent a response is necessary, eBay is without knowledge or

information sufficient to admit or deny the remaining allegations in this paragraph.

510. eBay admits that the Criminal Defendants created "Persons of Interest" files on the Steiners falsely indicating that the Steiners were security threats to eBay. The remaining allegations in this paragraph constitute legal conclusions, to which no response is required. To the extent a response is necessary, eBay denies the allegations in this paragraph.

511. The allegations in this paragraph constitute legal conclusions, to which no response is required. To the extent a response is necessary, eBay denies the allegations in this paragraph as to eBay and is without knowledge or information sufficient to admit or deny the allegations in this paragraph as to other Defendants.

512. The allegations in this paragraph constitute legal conclusions, to which no response is required. To the extent a response is necessary, eBay denies the allegations in this paragraph as to eBay and is without knowledge or information sufficient to admit or deny the allegations in this paragraph as to other Defendants.

513. The allegations in this paragraph constitute legal conclusions, to which no response is required. To the extent a response is necessary, eBay is without knowledge or information sufficient to admit or deny the allegations in this paragraph.

514. eBay admits that the conduct of the Criminal Defendants caused substantial emotional distress to the Steiners. The remaining allegations in this paragraph constitute legal conclusions, to which no response is required. To the extent a response is necessary, eBay denies the allegations in this paragraph.

515. The allegations in this paragraph constitute legal conclusions, to which no response is required. To the extent a response is necessary, eBay denies the allegations in this paragraph.

516. eBay admits that the conduct of the Criminal Defendants caused substantial emotional distress to the Steiners. The remaining allegations in this paragraph constitute legal

conclusions, to which no response is required. To the extent a response is necessary, eBay denies the allegations in this paragraph.

517. eBay admits that the conduct of the Criminal Defendants caused substantial emotional distress to the Steiners. The remaining allegations in this paragraph constitute legal conclusions, to which no response is required. To the extent a response is necessary, eBay denies the allegations in this paragraph.

518. eBay admits that one or more of the Criminal Defendants ordered a subscription for pornographic magazines in the name of David Steiner to be sent to the Steiners' neighbors, which was intended to embarrass the Steiners. eBay is without knowledge or information sufficient to admit or deny the remaining allegations in this paragraph.

519. The allegations in this paragraph constitute legal conclusions, to which no response is required. To the extent a response is necessary, eBay admits that it is responsible for the acts of its employees to the extent those acts are within the scope of the DPA. As to allegations not within the scope of the DPA, eBay denies the allegations against eBay and is without knowledge or information sufficient to admit or deny the allegations against PFC.

520. The allegations in this paragraph constitute legal conclusions, to which no response is required. To the extent a response is necessary, eBay is without knowledge or information sufficient to admit or deny the allegations in this paragraph.

521. The allegations in this paragraph constitute legal conclusions, to which no response is required. To the extent a response is necessary, eBay denies the allegations in this paragraph.

522. The allegations in this paragraph constitute legal conclusions, to which no response is required. To the extent a response is necessary, eBay denies the allegations in this paragraph.

**COUNT XI: TRESPASS (PHYSICAL TRESPASS TO CHATTELS)**
**(All Defendants)**

523. No response is required to this paragraph, but to the extent a response is required, eBay repeats and incorporates by reference its answers to paragraphs 1 through 522 of the Amended Complaint as if set forth fully herein.

524. Regarding the allegations in the first sentence of this paragraph, eBay admits that Baugh, Harville, and Zea drove to the Steiners' home in Natick and attempted unsuccessfully to install a GPS tracking device on the Steiners' car, which was locked in the Steiners' garage. The remaining allegations in the first sentence of this paragraph constitute legal conclusions, to which no response is required. To the extent a response is necessary, eBay is without knowledge or information sufficient to admit or deny the allegations in the first sentence of this paragraph. The allegations in the second sentence of this paragraph constitute legal conclusions, to which no response is required. To the extent a response is necessary, eBay is without knowledge or information sufficient to admit or deny the allegations in the second sentence of this paragraph.

525. eBay admits that Gilbert went to the Steiners' home in Natick and defaced their fence by scrawling the name "Fidomaster" on it.

526. eBay admits that the Criminal Defendants' conduct caused substantial emotional distress to the Steiners. eBay further admits that the Steiners suffered property damage for which they should be compensated in accordance with the law. The remaining allegations in this paragraph constitute legal conclusions, to which no response is required. To the extent a response is necessary, eBay is without knowledge or information sufficient to admit or deny the allegations in this paragraph.

527. The allegations in this paragraph constitute legal conclusions, to which no response is required. To the extent a response is necessary, eBay denies the allegations in this paragraph.

528. The allegations in this paragraph constitute legal conclusions, to which no response is required. To the extent a response is necessary, eBay is without knowledge or information sufficient to admit or deny the allegations in this paragraph.

529. The allegations in this paragraph constitute legal conclusions, to which no response is required. To the extent a response is necessary, eBay admits that it is responsible for the acts of its employees to the extent those acts are within the scope of the DPA. As to allegations not within the scope of the DPA, eBay denies the allegations against eBay and is without knowledge or information sufficient to admit or deny the allegations against PFC.

530. The allegations in this paragraph constitute legal conclusions, to which no response is required. To the extent a response is necessary, eBay denies the allegations in this paragraph.

531. eBay admits that the Criminal Defendants' conduct caused substantial emotional distress to the Steiners for which they should be compensated consistent with applicable law. The remaining allegations in this paragraph constitute legal conclusions, to which no response is required. To the extent a response is required, eBay is without information sufficient to admit or deny the allegations in this paragraph.

**COUNT XII: FALSE IMPRISONMENT**

532. No response is required to this paragraph, but to the extent a response is required, eBay repeats and incorporates by reference its answers to paragraphs 1 through 531 of the Amended Complaint as if set forth fully herein.

533. eBay admits that the Criminal Defendants engaged in extreme and outrageous conduct and that eBay is responsible for the acts of the Criminal Defendants admitted to in the DPA. eBay otherwise denies the allegations in this paragraph as to eBay and is without knowledge or information sufficient to admit or deny the allegations as to the remaining Defendants.

534. eBay admits that the Criminal Defendants' conduct caused substantial emotional

distress to the Steiners and denies the remaining allegations in the first sentence of this paragraph. Regarding the allegations in the second sentence of this paragraph, eBay admits that the Criminal Defendants sent repeated, hostile, and threatening Twitter messages and deliveries of unwanted—and in some instances disturbing—items to the Steiners' home. The remaining allegations in the second sentence of this paragraph constitute legal conclusions, to which no response is required. To the extent a response is necessary, eBay is without sufficient knowledge or information to admit or deny the remaining allegations in the second sentence of this paragraph. Regarding the allegations in the third and fourth sentences of this paragraph, eBay admits that the Criminal Defendants' conduct caused substantial emotional distress to the Steiners. eBay is otherwise without knowledge or information sufficient to admit or deny the remaining allegations in the third and fourth sentences of this paragraph.

535. The allegations in this paragraph constitute legal conclusions, to which no response is required. To the extent a response is necessary, eBay is without knowledge or information sufficient to admit or deny the allegations in this paragraph.

536. Regarding the allegations in the first sentence of this paragraph, eBay admits that on at least two occasions, some of the Criminal Defendants followed David Steiner as he drove around Natick. eBay is otherwise without knowledge or information sufficient to admit or deny the remaining allegations in the first sentence of this paragraph. eBay is without knowledge or information sufficient to admit or deny the allegations in the second sentence of this paragraph.

537. The allegations in this paragraph constitute legal conclusions, to which no response is required. To the extent a response is necessary, eBay denies the allegations in this paragraph.

538. The allegations in this paragraph constitute legal conclusions, to which no response is required. To the extent a response is necessary, eBay denies the allegations in this paragraph.

539. The allegations in this paragraph constitute legal conclusions, to which no response

is required. To the extent a response is necessary, eBay denies the allegations in this paragraph.

540. The allegations in this paragraph constitute legal conclusions, to which no response is required. To the extent a response is necessary, eBay denies the allegations in this paragraph.

541. eBay admits that the Criminal Defendants sent threatening Twitter messages to the Steiners and physically surveilled the Steiners by driving past their home repeatedly. The remaining allegations in this paragraph constitute legal conclusions, to which no response is required. To the extent a response is necessary, eBay is without knowledge or information sufficient to admit or deny the remaining allegations in this paragraph.

542. The allegations in this paragraph constitute legal conclusions, to which no response is required. To the extent a response is necessary, eBay admits that it is responsible for the acts of its employees to the extent those acts are within the scope of the DPA. As to allegations not within the scope of the DPA, eBay denies the allegations against eBay and is without knowledge or information sufficient to admit or deny the allegations against PFC.

543. The allegations in this paragraph constitute legal conclusions, to which no response is required. To the extent a response is necessary, eBay denies the allegations in this paragraph.

544. The allegations in this paragraph constitute legal conclusions, to which no response is required. To the extent a response is necessary, eBay denies the allegations in this paragraph.

**COUNT XIII: CIVIL CONSPIRACY**
**(All Defendants)**

545. No response is required to this paragraph, but to the extent a response is required, eBay repeats and incorporates by reference its answers to paragraphs 1 through 544 of the Amended Complaint as if set forth fully herein.

546. eBay admits that the course of conduct engaged in by the Criminal Defendants and admitted to in the DPA included acts that can be characterized as threats, harassment, and stalking

and that eBay is responsible for the acts of its employees to the extent those acts are within the scope of the DPA. The remaining allegations in this paragraph constitute legal conclusions, to which no response is required.

547. eBay admits that the course of conduct engaged in by the Criminal Defendants and admitted to in the DPA included acts that can be characterized as threats, harassment, and stalking, that the conduct of the Criminal Defendants caused substantial emotional distress to the Steiners, and that eBay is responsible for the acts of its employees to the extent those acts are within the scope of the DPA. eBay further admits that the purposes of the harassment campaign were, among other things, to distract the Steiners from publishing EcommerceBytes and to alter the website's coverage of eBay. The remaining allegations in this paragraph constitute legal conclusions, to which no response is required. To the extent a response is necessary, eBay denies the remaining allegations in this paragraph.

548. The allegations in this paragraph constitute legal conclusions, to which no response is required. To the extent a response is necessary, eBay denies the allegations of "conspiracy" in this paragraph and admits that the course of conduct engaged in by the Criminal Defendants and admitted to in the DPA included tortious acts.

549. The allegations in this paragraph constitute legal conclusions, to which no response is required. To the extent a response is necessary, eBay denies the allegations in this paragraph.

550. The allegations in this paragraph constitute legal conclusions, to which no response is required. To the extent a response is necessary, eBay denies the allegations in this paragraph as to eBay and is without knowledge sufficient to admit or deny the allegations as to Wenig, Wymer, and Jones, except that eBay admits that communications by Wenig, Wymer, and Jones were inappropriate. eBay is without knowledge or information sufficient to admit or deny the allegations against PFC and Krystek. Further answering, civil conspiracy does not apply here due to the intra-

corporate conspiracy doctrine.

551. The allegations in this paragraph constitute legal conclusions, to which no response is required. To the extent a response is required, eBay denies the allegations in this paragraph.

552. The allegations in this paragraph constitute legal conclusions, to which no response is required. To the extent a response is necessary, eBay denies the allegations in this paragraph.

553. The allegations in this paragraph constitute legal conclusions, to which no response is required. To the extent a response is required, eBay admits that it is responsible for the acts of its employees to the extent those acts are within the scope of the DPA. As to allegations not within the scope of the DPA, eBay denies the allegations against eBay and is without knowledge or information sufficient to admit or deny the allegations against PFC.

554. The allegations in this paragraph constitute legal conclusions, to which no response is required. To the extent a response is necessary, eBay denies the allegations in this paragraph.

555. The allegations in this paragraph constitute legal conclusions, to which no response is required.

**COUNT XIV: RATIFICATION**
**(Defendant eBay)**

556. No response is required to this paragraph, but to the extent a response is required, eBay repeats and incorporates by reference its answers to paragraphs 1 through 555 of the Amended Complaint as if set forth fully herein.

557. eBay admits the allegations in this paragraph.

558. Regarding the allegations in this paragraph, eBay admits that Baugh, Cooke, Gilbert, Harville, Jones, Popp, Stockwell, Wenig, and Wymer were employees of eBay, that eBay and PFC Safeguards LLC were parties to a master services agreement, and that Zea was a contractor for eBay. eBay denies that Krystek had "an actual or assumed relationship" with eBay

other than in his role as CEO of PFC Safeguards LLC.

559. The allegations in this paragraph constitute legal conclusions, to which no response is required. To the extent a response is necessary, eBay denies the allegations in this paragraph.

560. eBay denies the allegations in the first sentence of this paragraph. The allegations in the second sentence of this paragraph purport to characterize the PowerPoint presentation eBay used in its presentation to the USAO on March 16, 2021, which eBay admits exists and which is the best evidence of its content. eBay denies any characterization of the presentation that is not supported by the presentation itself. Further answering, eBay admits that Wymer was not cooperative in the investigation and deleted messages.

561. Regarding the allegations in the first sentence of this paragraph, eBay admits that Wenig was not terminated "for cause" and received a severance payment. eBay denies the remaining allegations in the first sentence of this paragraph. Regarding the allegations in the second sentence of this paragraph, eBay admits that it terminated Wymer's employment. eBay denies the remaining allegations in the second sentence of this paragraph.

562. Regarding the allegations in the first sentence of this paragraph, eBay admits that Jones was not disciplined during the time period covered by the Amended Complaint. Regarding the allegations in the second sentence of this paragraph, eBay admits that Jones remained in her position as Senior Vice President of Global Operations until she retired in December 2020. eBay denies the remaining allegations in the second sentence of this paragraph.

563. The allegations in this paragraph constitute legal conclusions, to which no response is required. To the extent a response is necessary, eBay denies the allegations in this paragraph.

564. The allegations in the first sentence of this paragraph purport to characterize an email sent by Jaime Iannone to the Plaintiffs on June 15, 2020, which is the best evidence of its content. eBay denies any characterization of the email that is not supported by the email itself. The

allegations in the second sentence of this paragraph purport to characterize a June 15, 2020 eBay press release, which is the best evidence of its content. eBay denies any characterization of the press release not supported by the press release itself.

565. The allegations in the first sentence of this paragraph constitute legal conclusions, to which no response is required. To the extent a response is necessary, eBay denies the allegations in the first sentence of this paragraph. Regarding the allegations in the second sentence of this paragraph, eBay admits that it conducted a thorough internal investigation and that it retained Morgan Lewis to conduct an internal investigation and to represent eBay in connection with the USAO criminal investigation. eBay denies the remaining allegations in the second sentence of this paragraph.

566. Regarding the allegations in the first sentence of this paragraph, eBay admits that it provided oral reports of some of the internal investigation interviews to the USAO. eBay denies the allegations in the second sentence of this paragraph. Regarding the allegations in the third sentence of this paragraph, eBay admits that on or about August 28, 2019, it retained Morgan Lewis to conduct an internal investigation and to represent eBay in connection with the USAO criminal investigation. Regarding the allegations in the fourth sentence of this paragraph, eBay admits that Morgan Lewis did not prepare a report of the investigation or its findings.

567. eBay admits that eBay and Andrew Phelan made a presentation to the USAO on March 16, 2021, and denies that Phelan was an attorney at Morgan Lewis at that time and that Amir Vonsover was present at that meeting. The remaining allegations in the first sentence of this paragraph purport to characterize the PowerPoint presentation eBay used in its presentation to the USAO on March 16, 2021, which is the best evidence of its content. eBay denies any characterization of the presentation that is not supported by the presentation itself.

568. The allegations in this paragraph purport to characterize the PowerPoint

presentation eBay used in its presentation to the USAO on March 16, 2021, which eBay admits exists and which is the best evidence of its content. eBay denies any characterization of the presentation that is not supported by the presentation itself. eBay admits that Wenig's and Wymer's communications were inappropriate.

569. eBay admits that it provided oral reports of some of the internal investigation interviews to the USAO. eBay denies the remaining allegations in this paragraph.

570. The allegations in this paragraph purport to characterize indemnity agreements eBay has with its officers and directors, which are the best evidence of their content. eBay denies any characterization of the agreements that is not supported by the agreements themselves.

571. The allegations in this paragraph constitute legal conclusions, to which no response is required. To the extent a response is necessary, eBay denies the allegations in this paragraph.

572. The allegations in this paragraph constitute legal conclusions, to which no response is required. To the extent a response is necessary, eBay admits that it is responsible for the acts of its employees admitted to in the DPA and is without knowledge or information sufficient to admit or deny the remaining allegations in this paragraph.

## GENERAL DENIAL

eBay admits to all the facts and allegations set forth in the DPA, and nothing in this answer shall be construed as a denial of the facts or allegations eBay admitted to in the DPA. eBay denies any allegations of the Amended Complaint that are not specifically admitted above if and only if those allegations are not set forth in the DPA.

## AFFIRMATIVE AND OTHER DEFENSES

By alleging the following separate defenses, eBay is not, in any way, agreeing or conceding that it has the burden of proof or the burden of persuasion as to any listed defense. eBay asserts the following defenses to the claims made in the Amended Complaint:

**First Defense**

The Amended Complaint fails to state claims upon which relief may be granted in certain respects.

**Second Defense**

Any damages to the Plaintiffs should be reduced to the extent Plaintiffs failed to mitigate their damages or did not suffer the extent of the damages they claim.

**Third Defense**

Plaintiffs' claims, in whole or in part, are barred to the extent the doctrines of laches, estoppel, ratification, or waiver apply to their claims.

**Fourth Defense**

Plaintiffs' claims, in whole or in part, are barred to the extent any applicable statute of limitations or repose applies.

**Fifth Defense**

Plaintiffs' claims are barred, in whole or in part, to the extent the same have been settled, released, and/or are subject to an accord and satisfaction.

**Sixth Defense**

Plaintiffs' claims are barred, in whole or in part, to the extent their claimed injuries and damages were not caused legally, proximately, or in-fact by any acts or omissions of eBay.

**Seventh Defense**

Some or all of the damages alleged by the Amended Complaint may have been damages caused by the acts of a third party whose conduct eBay did not control, and for which that third party and not eBay is responsible.

**Eighth Defense**

Some or all of the damages alleged by the Amended Complaint may have been damages

caused by the acts of others whose conduct eBay did not control, and from whom eBay may seek contribution for any alleged damages assessed against eBay.

**Ninth Defense**

Some or all of the damages alleged by the Amended Complaint may have been damages caused by the acts of others whose conduct eBay did not control, and from whom eBay may seek indemnification for any alleged damages assessed against eBay.

**Tenth Defense**

eBay avails itself of, and adopts such other defenses raised by any other defendants as may be applicable.

**Eleventh Defense**

eBay hereby gives notice that it intends to rely upon such other and further defenses as may become available or apparent during discovery proceedings in this action, and hereby reserves the right to amend their answer and to assert any such defense by appropriate motion.

**PRAYER FOR RELIEF**

WHEREFORE, eBay requests that the Court dismiss with prejudice claims in the Amended Complaint that lack a factual or legal basis; deny any and all relief requested by the Plaintiffs that is not authorized by law; and grant such further relief as justice may require.

**DEMAND FOR A JURY TRIAL**

eBay hereby demands a trial by jury on all issues and claims so triable.

Case 1:23-cv-11081-DBS Document 320 Filed 01/12/24 Page 126 of 127

Dated: January 12, 2024

Respectfully submitted,

*/s/ Jack W. Pirozzolo*

Jack W. Pirozzolo (BBO #564879)
Kathryn L. Alessi (BBO #651110)
SIDLEY AUSTIN LLP
60 State Street, 36th Floor
Boston, MA 02109
Telephone: (617) 223-0300
Facsimile: (617) 223-0301
jpirozzolo@sidley.com
kalessi@sidley.com

Scott T. Nonaka (*pro hac vice*)
SIDLEY AUSTIN LLP
555 California Street, Suite 2000
San Francisco, CA 94104
Telephone: (415) 772-1285
snonaka@sidley.com

Daniel J. Feith (*pro hac vice*)
SIDLEY AUSTIN LLP
1501 K Street NW
Washington, D.C. 20005
Telephone: (202) 736-8511
dfeith@sidley.com

*Counsel for eBay Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on January 12, 2024, this document, filed through the CM/ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants.

Dated: January 12, 2024

*/s/ Jack W. Pirozzolo*
Jack W. Pirozzolo